UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654

MISAEL CARDENAS,

    Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO IVAN PRADO, AND
MATEO PRADO,

    Defendants.
_____/

## COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Misael Cardenas, sues Defendants, Performance Auto Wholesalers LLC, Fernando Ivan Prado, and Mateo Prado, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Misael Cardenas**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Plaintiff was a non-exempt employee of Defendants.

4. Plaintiff consents to participate in this lawsuit.

5. **Defendant, Performance Auto Wholesalers LLC,** is a *sui juris* Florida for-profit limited liability company that was authorized to conduct and conducted its for-profit business in Miami-Dade County, Florida, where it maintains its principal place of business.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

6. **Defendant, Fernando Ivan Prado,** was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Fernando Prado, ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. **Defendant, Mateo Prado,** also was and is an owner/officer/director/manager of the corporate Defendant for the time period relevant to this lawsuit. Defendant, Mateo Prado, also ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

8. Venue is proper under 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, Plaintiff worked and was due to be paid in Miami-Dade County, and most if not all of the operational decisions were made in this District.

9. This Court has original jurisdiction over Plaintiff's federal question claims under 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*

10. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

### *Background Facts*

12. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

13. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sale, and brokerage of motor vehicles.

15. Defendants purchased, brokered, sold, and resold vehicles manufactured and/or assembled outside of the State of Florida that moved through interstate commerce.

16. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the Internet, via email, and otherwise outside of the State of Florida.

17. Defendants also engage in e-commerce through the internet on their website, https://www.performanceautows.com/, which they registered through Tucows Domains Inc. (a foreign corporation).

18. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Plaintiff worked.

19. To the extent that records exist regarding the exact dates of Plaintiff's employment, they are believed to be in the exclusive custody of Defendants.

20. Plaintiff worked for Defendants from approximately November 2013 to June 21, 2024.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

21. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

22. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his work in using chemicals, cleaning agents, materials, and supplies to clean and detail vehicles that arrived from outside of the state of Florida and/or that are to be sent to locations outside of the State of Florida for Defendants.

23. Defendants paid Plaintiff biweekly through two checks, one for $1,050 and one for $450, and through a third check for $500 on the 15th of each month.

24. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

## *Liability*

25. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of Plaintiff's regular hourly rate of pay for all hours worked over 40 hours in a given workweek.

26. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times Plaintiff's regular rate of pay for each of the overtime hours worked during the relevant time period.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the

4

deprived Plaintiff the overtime pay earned.

28. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

30. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Misael Cardenas, demands the entry of a judgment in her favor and against Defendants, Performance Auto Wholesalers LLC, Fernando Ivan Prado, and Mateo Prado, jointly and severally after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## DEMAND FOR JURY TRIAL

Plaintiff, Misael Cardenas, demands a trial by jury of all issues so triable.

Respectfully submitted this 23rd day of September 2024,

                                                  s/Brian H. Pollock, Esq.
                                                  Brian H. Pollock, Esq.
                                                  Fla. Bar No. 174742
                                                brian@fairlawattorney.com
                                                FAIRLAW FIRM
                                                135 San Lorenzo Avenue
                                                Suite 770
                                                Coral Gables, FL 33146
                                                Tel:    305.230.4884
                                                *Counsel for Plaintiff*

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*