UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-23654-RAR

MISAEL CARDENAS,

    Plaintiff,

v.

PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint [*ECF #1*] as follows:

### Parties, Jurisdiction, and Venue

1.    Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph, therefore, denied.

2.    Admitted.

3.    Admitted.

4.    Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph, therefore, denied.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted for venue purposes only.

9. Admitted for jurisdictional purposes.

10. Defendants are unaware as to what "condition(s) precedent to the filing of this action" this Paragraph is referencing; therefore, denied.

11. Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph, therefore, denied.

## **Background Facts**

12. Admitted.

13. Denied.

14. This Paragraph contains a legal conclusion and not a fact allegation requiring a response. To the extent a response is necessary, denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied.

23. Admitted that Plaintiff was paid $3,500.00 per month

24. Denied.

## **Liability**

25. Denied.

26. Denied.

27. Denied.

28. Defendants are unaware as to what "conditions precedent to the filing this lawsuit" this Paragraph is referencing; therefore, denied.

29. This Paragraph does not contain a fact allegation requiring a response.

30. Denied.

## GENERAL DENIAL

The Defendants deny each and every allegation contained in the Complaint not specifically admitted-to.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims for unpaid overtime are barred to the extent that he did not actually work the hours he is alleging he is owed payment for or for weeks in which he did not work during the relevant time period.

### Second Affirmative Defense

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiff's damages are limited and/or barred by the limitations period allowed by the FLSA – in this case no more than two years or three years (for willful violations) from the date the Complaint was filed, on September 23, 2024.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fifth Affirmative Defense

Plaintiff's damages under the FLSA are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Sixth Affirmative Defense

Assuming, arguendo, that Plaintiff is entitled to damages (which the Defendants deny), he would be entitled only to half time premium as a salaried employee.

### Seventh Affirmative Defense

Plaintiff's claims are at least partially barred to the extent they involve alleged time worked that is not compensable, such as meal or rest time and time not spent predominantly for the benefit of Plaintiff's employer.

### Eighth Affirmative Defense

Plaintiff was not a covered employee under the FLSA. Plaintiff's work did not regularly and recurrently involve interstate commerce (individual coverage). Further, the entity Defendant was not an enterprise engaged in business because Plaintiff was its only employee (enterprise coverage).

**Ninth Affirmative Defense**

To the extent the entity Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

WHEREFORE, Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, having fully answered Plaintiff's Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that they be awarded costs, including reasonable attorneys' fees.

**JURY DEMAND**

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 24th day of October, 2024.

> ADI AMIT, P.A.
> 101 NE Third Ave., Suite 300
> Fort Lauderdale, Florida 33301
> Phone: (954) 533-5922
> Fax: (954) 302-4963
> E-mail: Adi@defenderofbusiness.com
>
> By: *s/Adi Amit*
>     Adi Amit, Esquire
>     Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2024, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

## SERVICE LIST

*Misael Cardenas v. Performance Auto Wholesalers, LLC, et al*
Case No. 1:24-cv-23654-RAR

| | |
|---|---|
| Brian H. Pollock, Esquire | Adi Amit, Esquire |
| FAIRLAW FIRM | ADI AMIT, P.A. |
| 135 San Lorenzo Avenue | 101 Centre |
| Suite 770 | 101 N.E. Third Avenue, |
| Coral Gables, Florida 33146 | Suite 300 |
| brian@fairlawattorney.com | Ft. Lauderdale, Florida 33301 |
| *Counsel for Plaintiff* | Adi@DefenderOfBusiness.com |
| | *Counsel for Defendants* |