**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 1:24-cv-23654-RAR

MISAEL CARDENAS,

      Plaintiff,

v.

PERFORMANCE AUTO WHOLESALERS,
LLC, FERNANDO IVAN PRADO, MATEO
PRADO, and GERARDO GARCIA,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO ("Responding Defendants"), by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Amended Complaint [*ECF #28*] as follows:

### Parties, Jurisdiction, and Venue

1.      Responding Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph, therefore, denied.

2.      Admitted as to the Responding Defendants only.

3.      Admitted as to the Responding Defendants only.

4.      Responding Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph, therefore, denied.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Denied.

9.      Admitted for venue purposes only and as to the Responding Defendants only.

10.     Admitted for jurisdictional purposes.

11.     Responding Defendants are unaware as to what "condition(s) precedent to the filing of this action" this Paragraph is referencing; therefore, denied.

12.     Responding Defendants are without knowledge as to the truthfulness or accuracy of the allegations contained in this Paragraph, therefore, denied.

## Background Facts

13.     Admitted as to the Responding Defendants only.

14.     Denied.

15.     This Paragraph contains a legal conclusion and not a fact allegation requiring a response. To the extent a response is necessary, denied.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted as to PERFORMANCE AUTO WHOLESALERS, LLC.

20.     Admitted as to the Responding Defendants only.

21.     Admitted as to the Responding Defendants only.

22.     Admitted as to the Responding Defendants only.

23.     Denied.

24.     Admitted that Plaintiff was paid $3,500.00 per month

25.     Denied.

**Liability**

26.     Denied.

27.     Denied.

28.     Denied.

29.     Responding Defendants are unaware as to what "conditions precedent to the filing this lawsuit" this Paragraph is referencing; therefore, denied.

30.     This Paragraph does not contain a fact allegation requiring a response.

31.     Denied.

**GENERAL DENIAL**

The Responding Defendants deny each and every allegation contained in the Amended Complaint not specifically admitted-to.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff's claims for unpaid overtime are barred to the extent that he did not actually work the hours he is alleging he is owed payment for or for weeks in which he did not work during the relevant time period.

**Second Affirmative Defense**

Plaintiff's damages are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

### Third Affirmative Defense

Plaintiff's damages are limited and/or barred by the limitations period allowed by the FLSA – in this case no more than two years or three years (for willful violations) from the date the Complaint was filed, on September 23, 2024.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to his principal activities.

### Fifth Affirmative Defense

Plaintiff's damages under the FLSA are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

### Sixth Affirmative Defense

Assuming, arguendo, that Plaintiff is entitled to damages (which the Responding Defendants deny,) he would be entitled only to half time premium as a salaried employee.

### Seventh Affirmative Defense

Plaintiff's claims are at least partially barred to the extent they involve alleged time worked that is not compensable, such as meal or rest time and time not spent predominantly for the benefit of Plaintiff's employer.

### Eighth Affirmative Defense

Plaintiff was not a covered employee under the FLSA. Plaintiff's work did not regularly and recurrently involve interstate commerce (individual coverage). Further, the entity Defendant

was not an enterprise engaged in business because Plaintiff was its only employee (enterprise coverage).

## Ninth Affirmative Defense

To the extent the entity Defendant is found not to be liable, the individual Defendants are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

WHEREFORE, Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, having fully answered Plaintiff's Amended Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that they be awarded costs, including reasonable attorneys' fees.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 30th day of January, 2025.

ADI AMIT, P.A.
101 NE Third Ave., Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
Fax: (954) 302-4963
E-mail:Adi@defenderofbusiness.com

By: *s/Adi Amit*
    Adi Amit, Esquire
    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 30, 2025, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

## SERVICE LIST

***Misael Cardenas v. Performance Auto Wholesalers, LLC, et al***
Case No. 1:24-cv-23654-RAR

Brian H. Pollock, Esquire
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
brian@fairlawattorney.com
*Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 N.E. Third Avenue,
Suite 300
Ft. Lauderdale, Florida 33301
Adi@DefenderOfBusiness.com
*Counsel for Defendants*