UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

      Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

      Defendants.
_____/

## PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE

Plaintiff, Misael Cardenas Rico ("Mr. Cardenas"), requests that the Court enter an Order *in limine* and/or to exclude any evidence, argument, inference, or reference at trial as to (a) Mr. Cardenas' custody and/or responsibility to care for his daughter (and missed work as a result); (b) whether Mr. Cadenas performed work for Mayor Cars on or after June 21, 2024; (c) whether Mr. Cardenas performed work for Mayor Cars or any other person/entity outside of the hours he worked for the Defendants; and (d) all documents and materials not timely disclosed and/or produced during discovery. As grounds, Mr. Cardenas states as follows:

### I.  INTRODUCTION

The purpose of a motion *in limine* is to obtain pre-trial rulings to streamline the trial proceedings:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

> "The purpose of an in *limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F.Supp.2d 173, 176 (S.D.N.Y.2008)

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 U.S. Dist. LEXIS 62969, 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011). Consequently, Mr. Cardenas is raising these pre-trial evidentiary issues to streamline the trial of this case, eliminate the potential for the Court's precious trial time to be wasted on immaterial issues unrelated to those to be decided by the jury at trial and attempt to avoid the potential for Defendants to introduce or refer to matters at trial before the jury that would result in a requested mistrial and/or lead to an appeal.

In a concerted effort to streamline potential evidentiary issues at trial, the parties conferred and **agreed to exclude** any evidence, argument, inference, or reference regarding the following:

(i)     The immigration status of any party or when any party obtained U.S. citizenship.

(ii)    Any child support or other court-ordered financial obligations imposed on any party.

(iii)   The potential for a party to receive an award of attorneys' fees and costs upon prevailing (or the amount thereof).

(iv)    The potential for the Court to award "liquidated damages" (or the amount thereof) post-trial as provided the FLSA.

(v)     Any claimed inability by any Party to pay/satisfy a judgment, financial hardship, or that Defendants are a "small business".

Mr. Cardenas requests the Court to enter an Order *in limine* to prevent any any evidence, argument, inference, or reference at trial as to the following issues, to which the parties did not agree: (a) Mr. Cardenas' custody and/or responsibility to care for his daughter (and missed work

2

as a result); (b) whether Mr. Cadenas performed work for Mayor Cars on or after June 21, 2024; (c) whether Mr. Cardenas performed work for Mayor Cars or any other person/entity outside of the hours he worked for the Defendants; and (d) all documents and materials not timely disclosed and/or produced during discovery.

## II. MEMORANDUM OF LAW

Mr. Cardenas requests that the Court address the four disputed issues before trial and preclude the Defendants from raising these issues—whether through the introduction of evidence, inferences, or argument—to avoid prejudice or disruption of the trial. "The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence without lengthy argument at, or interruption of, the trial." *Bancor Group, Inc. vs. Rodriguez*, 2023 WL 6310233, at *11 (S.D. Fla. June 13, 2023), *reconsideration denied sub nom.*, 2023 WL 6318012 (S.D. Fla. June 29, 2023) (*citing Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) and *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

**(A)** **No Evidence, Argument, Inference, or Reference at Trial Regarding Mr. Cardenas' having custody and/or responsibilities in caring for his daughter.**

1.    Mr. Cardenas is concerned that Defendants will attempt to introduce evidence or that Defendants will make arguments, references, or inferences at trial that he was not at work and/or not able to work the hours claimed because he had custody and/or was otherwise responsible for caring for his daughter.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

2.      For evidence to be admissible at trial, it must be relevant. *See* Fed. R. Evid. 401, 402.

3.      Relevant evidence is that which has any tendency to make a fact more or less probable than it would be without the evidence, and that is of consequence in determining the action. *See* Fed. R. Evid. 401. Evidence relating to the Plaintiff's child custody, parental status, or family obligations is not relevant to any elements of Plaintiff's FLSA claim.

4.      Even if such evidence had minimal relevance (which Plaintiff disputes), it should be excluded under Fed. R. Evid. 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury.

5.      Plaintiff also moves to exclude speculative testimony and arguments relating to the Plaintiff's child custody, parental status, or family obligations, including conclusions or assumptions not based on personal knowledge or admissible evidence. *See* Fed. R. Evid. 602; 701.

6.      Plaintiff further requests the exclusion of hearsay, defined as out-of-court statements offered for the truth of the matter asserted, unless such statements fall under a recognized exception. *See* Fed. R. Evid. 801-802.

**(B)      No Evidence, Argument, Inference, Or Reference At Trial That Mr. Cardenas Performed Work for Mayor Cars On or After June 21, 2024.**

7.      Mr. Cardenas is concerned that Defendant will attempt to introduce evidence or that Defendants will make arguments, references, or inferences at trial that Mr. Cardenas performed work for Mayor Cars on or after June 21, 2024.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

8.     For evidence to be admissible at trial, it must be relevant. See Fed. R. Evid. 401, 402.

9.     Evidence regarding Mr. Cardenas' working for Mayor Cars on or after June 21, 2024, is not relevant to the pending claim for overtime wages because Ms. Cardenas ceased actively working for the Defendants on June 21, 2024, when he suffered a work-related injury that morning.

10.     Furthermore, Evidence regarding Mr. Cardenas' working for Mayor Cars on or after June 21, 2024, is not relevant to the pending claim for overtime wages because Ms. Cardenas does not claim to have worked overtime on or after that week.

11.     Even if such evidence had minimal relevance (which Plaintiff disputes), it should be excluded under Fed. R. Evid. 403 because the Court properly excludes any reference or evidence that Mr. Cardenas performed work for Mayor Cars as irrelevant, more prejudicial than probative, and based on inadmissible hearsay.

12.     Mr. Cardenas anticipates that the Defendants will attempt to introduce evidence or make arguments, references, or inferences at trial regarding whether he was working for Mayor Cars on or after June 21, 2024, evidenced by M. Prado Dep. 44:9 – 48:18.

13.     Pursuant to Fed. R. Evid. 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following, unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

14.     Mr. Cardenas is concerned that Defendants will attempt to introduce evidence that Mr. Cardenas began working for Mayor cars, which is not probative as to whether Plaintiff worked

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

overtime for Defendant and whether those hours were lawfully compensated, to attack Plaintiff's character, credibility, and personal conduct which poses a significant risk of unfair prejudice by encouraging the jury do decide the case based on bias.

15.    Plaintiff further requests the exclusion of hearsay, defined as out-of-court statements offered for the truth of the matter asserted, unless such statements fall under a recognized exception. *See* Fed. R. Evid. 801-802. Mr. Cardenas anticipates that Defendants will attempt to introduce hearsay regarding information learned from the owner of Mayor cars. M. Prado Dep. 44:20 – 44:22.

> (C)    **No Evidence, Argument, Inference, Or Reference At Trial To Any Concurrent Employment/Independent Contractor Work Mr. Cardenas Performed While Employed By Defendants.**

16.    Mr. Cardenas is concerned that Defendant will attempt to introduce evidence or that Defendants will make arguments, references, or inferences at trial that Mr. Cardenas performed work for others during the time he also worked for the Defendants.

17.    For evidence to be admissible at trial, it must be relevant. See Fed. R. Evid. 401, 402.

18.    Evidence of concurrent employment or independent contractor work is not relevant because Mr. Cardenas only claims he performed work for Defendants at their dealership or at Fernando Prado's home, and there is no evidence in the record that Mr. Cardenas performed work for anyone or worked on anyone else's vehicles other than Defendants both at the dealership and Fernando Prado's home.

6

19.     Additionally, Evidence of concurrent employment or independent contractor work is not relevant because Mr. Cardenas is not claiming that he performed work for Defendants after hours and there was no prohibition in place about working for others besides Defendants in his free time.

20.     Pursuant to Fed. R. Evid. 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following, unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

21.     Evidence of concurrent employment or independent contractor work is more prejudicial than probative and likely to confuse jury as they are separate from the overtime claims at issue.

22.     The fact that Plaintiff potentially worked elsewhere does not impact Defendant's obligations under the FLSA if Plaintiff was reliant on Defendant for work. As the Middle District of Florida explained:

> "While it is certainly true that the nurses enjoy a degree of flexibility in their working lives ... including an enhanced ability to 'moonlight' by working for more than one agency at a time and by choosing when and where to make themselves available for work, the simple fact remains that when the nurses are available for work they are dependent upon Nursetemps to provide it, and when they are working on an assignment for Nursetemps they are, during those workweeks, employees of

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
www.fairlawattorney.com

Nursetemps. *Solis v. A + Nursetemps, Inc.,* No. 5:07-cv-182-Oc-10PRL, 2013 U.S.

Dist. LEXIS 49595, at 20-21 (M.D. Fla. Apr. 5, 3013).

23. Similarly, courts have held that earnings from a moonlighting job are not deductible

from a back pay award where the claimant could have held both positions. In such circumstances,

the outside job is not considered a substitute for the lost work:

> "If the claimant can hold both the moonlighting job and the position the claimant
>
> was denied, then the earnings from the moonlighting job are not interim earnings
>
> and they are not deducted from the back pay award." *Champion Int'l Corp. v.*
>
> *Wideman,* 733 So. 2d 559, 563 (Fla. 1st DCA 1999) (citing *Lilly v. City of Beckley,*
>
> 615 F. Supp. 137 (S.D.W. Va. 1985)).

24. Mr. Cardenas is concerned that the jury would be prejudiced upon receipt of

information regarding concurrent employment and independent contractor work and that it could

influence the jury's decision about how much to award to Mr. Cardenas.


(D)   **No Evidence, Argument, Inference, Or Reference At Trial To Any Documents**
**Defendants Did Not Timely Disclose/Produce In Discovery.**

25. Mr. Cardenas is concerned that Defendants will attempt to introduce evidence or

that Defendants will make arguments, references, or inferences at trial regarding

documents/materials that were not timely disclosed according to Rule 26 or produced July 8, 2025,

discovery cut-off. (*See* ECF No. 20)

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

26.     Mr. Cardenas has asked Defendants to agree not to sandbag him with undisclosed documents, but Defendant has refused to agree to this issue.

27.     Rule 26 requires parties to provide to the other party, regardless of whether the information is requested in discovery, and regardless of whether it is being used for a party's case in chief or for impeachment purposes:

(a) Required Disclosures

    (1) *Initial Disclosure*

        (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

            (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment....

28.     Rule 26 also requires parties to supplement their discovery responses and requires the Court to preclude the introduction of documents that were not previously and timely disclosed:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(1) Failure to Disclose or Supplement. **If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence** on a motion, at a hearing, or **at a trial**, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

        (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

        (B) may inform the jury of the party's failure; and

9

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

[*Emphasis added.*]

29.    Rule 26 precludes Defendants from referring to or introducing at trial any documents or evidence which it failed to timely disclose (prior to July 8, 2025). (*See* ECF No. 20)

30.    Mr. Cardenas anticipates that Defendant swill attempt to introduce evidence at trial which is responsive to his written discovery requests, or which should have been disclosed/produced in connection with Defendant's Rule 26(a) disclosures, but which Defendants neglected or failed to produce and/or disclose.

31.    For example, in support of its Motion for Partial Summary Judgment [ECF No. 49], Defendant attached a "Termination Form" (without Bates numbering) as Exhibit G to its Statement of Material Facts, which was directly responsive to Mr. Cardenas's requests for production of documents, but which Defendant failed to produce prior to the close of discovery. (*See* ECF No. 49-1 at 318.)

32.    During the course of discovery, Defendant produced a similar "Termination Form" Bates marked as Hypower_0334, but which contains handwritten notes and is almost entirely illegible. (*See* Hypower_0334, attached hereto as "Exhibit A".) In comparison, the "Termination Form" appended to Defendant's Statement of Material Facts contains no Bates numbering or handwritten notes, and is legible.

33.    Defendant cites to this new legible "Termination Form" (which it failed to produce prior to the close of discovery) as a basis for its Motion for Summary Judgment, in support of its

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

contention that Mr. Cardenas was "was terminated for cause" (ECF No. 49 at 11; *see also* Defendant's Fourteenth Affirmative Defense, ECF No. 28 at 7)—attempting to justify its failure to pay Mr. Cardenas his accrued but unused PTO relative to his claim for breach of contract at Count II of the Complaint.

34.     Based on Defendant's demonstrated practice of withholding key relevant and responsive documents, Mr. Cardenas seeks to avoid a trial by ambush and any resulting prejudice to Mr. Cardenas which would result therefrom. *See Doe v. Mia. Gardens Square One, Inc.*, 2025 U.S. Dist. LEXIS 9732, 2025 WL 246253, at *15-16 (S.D. Fla. Jan. 20, 2025) (precluding entry of evidence not disclosed during discovery); *see also Wammock v. Celotex Corp.*, 793 F.2d 1518, 1527 ("To be sure, ... the days of trial by ambush have passed.")

35.     Mr. Cardenas requests the entry of an Order *in limine* to prevent any evidence, argument, inference, or reference regarding documents that were not timely disclosed or produced in discovery, including the contents of any documents not timely disclosed or produced.

WHEREFORE Plaintiff, Misael Cardenas Rico, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.


## **LOCAL RULE 7.1 CERTIFICATION**

I HEREBY CERTIFY that the undersigned has conferred with counsel for the Defendants regarding the relief sought in this motion prior to its filing, and represents that counsel for the Defendants agreed to exclude references to issues (i) to (v) but opposed oppose the remainder of the relief sought herein regarding issues (A) through (D).

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

Respectfully submitted this 22nd day of July 2025,

s/Brian H. Pollock, Esq

Brian H. Pollock, Esq. (174742)

brian@fairlawattorney.com

FAIRLAW FIRM

135 San Lorenzo Avenue, Suite 770

Coral Gables, Florida 33146

Telephone: (305) 230-4884

*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4884
*www.fairlawattorney.com*