UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Misael Cardenas Rico ("Mr. Cardenas"), moves for summary judgment against the Defendants, Performance Auto Wholesalers ("Performance Auto"), Fernando Prado, and Mateo Prado, pursuant to Fed. R. Civ. P. 56, and Local Rules 7.1 and 56.1, and as grounds states as follows:

## I. INTRODUCTION

Plaintiff, Misael Cardenas, is entitled to summary judgment in his favor pursuant to Local Rule 7.1, Fed. R. Civ. P. 56, Local Rule 56.1, and the undisputed material facts. The undisputed material facts establish that Defendants violated the Fair Labor Standards Act, 26 U.S.C. §201, *et seq.* ("FLSA"), by not paying Mr. Cardenas overtime at a rate of time and one-half his regular (hourly) rate of pay for all the overtime he worked based on their disregard for the hours he worked. Once the Court determines that Defendants were subject to and violated the FLSA, it should proceed to determine that Mr. Cardenas is entitled to overtime wages, that Defendants lacked a "good faith" reason for not paying him the overtime wages he earned, and that they willfully violated the FLSA, and award Mr. Cardenas liquidated damages in an amount equal to

the overtime wages awarded by the jury. The cumulative effect of these rulings would be to streamline the trial of this case by eliminating the need for a jury to decide issues based on undisputed material facts, thereby narrowing the issues to be considered at trial to the damages to be awarded to Mr. Cardenas.

## II.     RELEVANT HISTORY

1. Mr. Cardenas filed a Petition for Benefits with the Florida Division of Administrative Hearings on October 15, 2024, bearing DOAH Case No.: 24-024988ERA.

2. Plaintiff for workplace injuries he suffered while working for the Defendants on June 21, 2024.  (Facts ¶ 29).

3. The Defendants terminated Mr. Cardenas' employment on August 6, 2024. (Facts ¶ 30).

4. Mr. Cardenas filed this lawsuit against the Defendants on September 23, 2024. [ECF No. 1].

5. Mr. Cardenas filed an Amended Complaint on January 16, 2025. [ECF No. 28].

6. Defendants, Performance Auto, Fernando Prado, and Mateo Prado filed their Answer and Affirmative Defenses to the Amended Complaint on January 30, 2025. [ECF No. 29].

7. In their Answer and Affirmative Defenses to the Amended Complaint, *id.*, the Defendants admitted to the following:

   a. employing Mr. Cardenas (¶¶1-3);

   b. that Fernando Ivan Prado and Mateo Prado were Mr. Cardenas' employers for purposes of the FLSA (¶13);

   c. to engaging in interstate commerce (¶¶16-18); and

   d. that Performance Auto Wholesalers, LLC's gross annual revenues exceeded $500,000 and/or $125,000 for each fiscal quarter in which Mr. Cardenas worked for the Defendants (¶19).

8. As relevant to the issues to be addressed herein, the Defendants denied (a) employing two or more employees, (b) that Mr. Cardenas was entitled to individual FLSA

coverage, (c) that Mr. Cardenas is owed overtime wages for working more than 40 hours a week for them, and (d) that they intentionally or recklessly failed to pay Mr. Cardenas overtime wages. (*Id.*, at ¶¶14, 23, 25-28.)

### III. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56(c) if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "material" if it is a legal element of the claim under applicable substantive law that might affect the outcome of the case. See *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. See *Allen*, 121 F.3d at 646.

The Court must view all evidence and all reasonable factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex*, 477 U.S. at 322–23; *Allen*, 121 F.3d at 646. The inferences to be drawn at summary judgment must be "reasonable" and not speculation or pure conjecture:

> While we draw "all reasonable inferences" in the light most favorable to Vera, as the nonmoving party, we will not "draw *unreasonable* inferences or credit bald assertions, empty conclusions, [or] rank conjecture." *Cabón Hernóndez v. Philip Morris USA, Inc.*, 486 F.3d 1, 8 (1st Cir.2007) (emphasis in original).

*Vera v. McHugh*, 622 F.3d 17, 26 (1st Cir. 2010).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment once that burden is met. *Anderson*, 477 U.S. at 252.

The nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough either. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot form basis for denying summary judgment); and *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact."). A party cannot "create" issues of fact by attempting to contradict clear deposition testimony with a conflicting affidavit. *Van T. Junkins & Associates, Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

"The Court is not permitted to deny a summary judgment motion based on unreasonable inferences that amount to nothing but speculation or conjecture." *Concepcion v. Dowd*, 2011 WL 2560451, at *9 (M.D. Fla. June 28, 2011) (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). As Magistrate Judge Goodman recognized, again citing to *Cordoba*:

> Although the Court is required to draw all reasonable inferences in favor of the party opposing summary judgment, those inferences must be based on facts in the record. *E.g.*, *Via v. Richmond*, 543 F.Supp. 382, 385 (E.D.Va. 1982). The Court is not required, or even permitted, to deny a summary judgment motion based on unreasonable inferences that amount to nothing more than speculation or conjecture. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). Nor may the Court draw "inference upon inference" to create a jury issue for the plaintiff. *Gregg v. Ohio Dep't of Youth Servs.*, 661 F.Supp.2d 842, 859 (S.D. Ohio 2009); *Otero v. Wood*, 316 F.Supp.2d 612, 619 (S.D. Ohio 2004).

When the entire record could not lead a rational trier of fact to find in the non-movant's favor, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *Concepcion v. Dowd*, 2011 WL 2560451, at *9 (M.D. Fla. June 28, 2011).

## IV.     ARGUMENT

The FLSA requires the Court to grant summary judgment in favor of Mr. Cardenas on the issues presented. Defendants' admission of relevant facts alleged in the Amended Complaint significantly limits the issues in dispute, which are now properly resolved by the Court. [ECF Nos. 28, 29.] As a result of the Defendants' admissions, the Court is left with determining whether Mr.

Cardenas is entitled to the overtime wage requirements imposed by the FLSA, under individual or enterprise coverage, his entitlement to liquidated damages, and the applicable statute of limitations. In ruling on these issues, the Court is to be guided by the principles underlying the FLSA:

> FLSA is a remedial statute that " 'has been construed liberally to apply to the furthest reaches consistent with congressional direction.' " *Johnston v. Spacefone Corp.*, 706 F.2d 1178, 1182 (11th Cir.1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 243 (1959)). It requires employers to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Employers who violate these provisions of the FLSA are "liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

*Prickett v. DeKalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003). Consistent with these underlying principles and the undisputed material facts, the Court properly grants the relief requested herein.

**A.** **Mr. Cardenas Was A Non-Exempt Employee Of The Defendants.**

Determining employment status under the FLSA "is a question of law." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). In this case, the decision is straightforward because the defendants admitted in their answer and affirmative defenses to the amended complaint that Mr. Cardenas was a "non-exempt employee" whom they "employed." [ECF Nos. 28 at ¶¶2, 3, and 13; 29 at ¶¶2, 3, and 13].

> "A fact admitted by answer is no longer a fact in issue." *Hill v. Federal Trade Comm'n*, 124 F.2d 104, 106, 34 F.T.C. 1800 (5th Cir. 1941). "[A] party is bound by the admissions in his pleadings." *Best Canvas Prod. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983). Judicial admissions are facts "beyond the need of evidence to prove them." Hill, 124 F.2d at 106; see also *Shuler v. Ingram & Assocs.*, 441 Fed. Appx. 712, 2011 WL 4495624, at *3 (11th Cir. 2011).

*U.S. v. Barnes*, 883 F. Supp. 2d 1156, 1170 n.16 (M.D. Fla. 2011). Based on the Defendants' admissions in the pleadings, the Court must find that Mr. Cardenas was a non-exempt employee of the Defendants.

**B.** **The FLSA Applies to Mr. Cardenas's Work For The Defendants.**

The FLSA provides for two forms of coverage for non-exempt employees: individual and enterprise coverage. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). Mr. Cardenas qualifies for individual coverage based on his work in repairing/reconditioning classic cars that have traveled or will travel in interstate commerce. Defendants are subject to enterprise coverage for their purchase, sale, and consignment of cars that traveled in interstate commerce (having already admitted to employing Mr. Cardenas and having sufficient gross revenues). (Facts ¶¶7;11;23.) Accordingly, the Court must find that Mr. Cardenas is entitled to the overtime wages required by the FLSA. *See Thorne*, 448 F.3d at 1265-66 ("Under FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage 1 or individual [*1266] coverage.")

1. <u>Mr. Cardenas is entitled to individual coverage under the FLSA.</u>

The determination of individual coverage under the FLSA is a question of law. See *Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir.1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case). For individual coverage, Mr. Cardena must establish "that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266(citing 29 U.S.C. § 207(a)(1)). Mr. Cardenas must be "directly participating in the actual movement of persons or things in interstate commerce" to be entitled to individual coverage under the FLSA. *Thorne*, 448 F.3d at 1266. Moreover, "a substantial part of [Plaintiff's] work" must be the engagement in interstate commerce for Plaintiff to successfully invoke individual coverage. *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572, 63 S. Ct. 332, 87 L. Ed. 460 (1943).

To demonstrate that an employee was "engaged in commerce" for purposes of individual coverage, the employee must: be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone,

telegraph, mails, or travel. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)(citing 29 C.F.R. §§ 776.23(d)(2), 776.24).

In satisfying these requirements for individual coverage under the FLSA, Mr. Cardenas establishes the following:

(1) Mr. Cardenas's work involved replacing interior and exterior parts that were purchased from out-of-state merchants and traveled in interstate commerce (Facts ¶23);

(2) Mr. Cardenas's work for the Defendants involved him working on vehicles that were transported directly to the dealership from other states or in interstate commerce from other states. (Facts ¶¶7; 23)

(3) The cars were shipped directly to the Defendants' dealership from outside of Florida, where Mr. Cardenas performed his repairs, after which they were sold to buyers located outside of Florida. (Facts ¶27)

This case is distinguished from *Navarro v. Broney Auto. Repairs, Inc.*, 533 F. Supp. 2d 1223 (S.D. Fla.)*aff'd*, 314 F. App'x 179 (11th Cir. 2008). Therein, then-District Court (and now Eleventh Circuit) Judge Jordan found that an employee at a local auto repair shop *was not* an individual covered by the FLSA. In that case, the auto repair shop purchased parts from local parts dealers who often received those parts from out-of-state suppliers to be installed in vehicles that remained in Florida. The Court found that the employee was not "engaged in commerce" as defined by the FLSA because "the interstate journey stops when the parts reach the local dealer." *Id.* at 1226.

The situation at bar involving Mr. Cardenas's work is markedly different than the plaintiff in *Navarro* case. In contract to the plaintiff in *Navarro*, Mr. Cardenas's work involved reconditioning classic cars for Defendants' out-of-state customers either upon Defendants' receipt of the cars from outside of Florida or before they were shipped to buyers outside of Florida. (Facts ¶¶7;23) Thus, Mr. Cardenas's case aligns with the facts in *Alonso v. Garcia*, 147 Fed. App'x 815, 816 (11th Cir. 2005). There, the Eleventh Circuit found that a driver employee who stayed within the state was still "engaged in interstate commerce" because the fumigation materials and chemicals "continued to flow in interstate commerce until they reached" the defendant's customers. The work Mr. Cardenas performed for the Defendants was akin to the performance of assembling (or

completing the assembly) of cars being transported in interstate commerce. *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282, 1288 (S.D. Fla. 2015). The cars Mr. Cardenas worked on "continue to flow in interstate commerce until delivered" to their buyers. *Alonso v. Garcia*, 147 F. App'x 815, 816 (11th Cir. 2005). Moreover, since the vehicles that the Defendants bought, sold, consigned, and shipped were not complete until after Mr. Cardenas finished his reconditioning work, there can be no doubt that Mr. Cardenas's work was the "production of goods for commerce" as envisioned by 29 U.S.C.§207(a)(1). As Mr. Cardenas was "engaged in interstate commerce", he is entitled to a determination of individual coverage under the FLSA.

        2.       <u>The Defendants are subject to enterprise coverage under the FLSA.</u>

The Defendants were an "enterprise engaged in commerce" within the meaning of FLSA during the time relevant to this lawsuit. To be subject to enterprise coverage, the corporate Defendant must be an "enterprise engaged in commerce or in the production of goods for commerce," which means that it:

(i)    has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii)    is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)

29 U.S.C.S. §203(s)(1). Defendants admitted that the gross annual revenues of Performance Auto exceeded $500,000. (Facts ¶11). They also admitted to engaging in interstate commerce in their Answer and Affirmative Defenses to the Amended Complaint. [ECF Nos. 28 at ¶¶16-18; 29 at ¶¶16-18]. Turning to the Defendants' business, it is a motor vehicle dealer licensed in the State of Florida that buys cars from outside of Florida, sells cars to buyers outside Florida, consigns cars for owners located outside Florida, receives cars from outside of Florida, and ships cars to buyers outside Florida. (Facts ¶ 4). Performance Auto conducted its motor vehicle dealer business through

its owner, Fernando Ivan Prado, and employees, Mateo Prado and Misael Cardenas. (Facts ¶¶12, 23.)

Although the Defendants dispute that Mateo Prado was an employee engaged in interstate commerce, there is no legitimate dispute that he was an employee of Performance Auto who received a W-2 from it and his job duties such as replacing interior and exterior parts that were purchased from out-of-state merchants and traveled in interstate commerce and detailing cars that were shipped out of the state and country, were integrated into interstate commerce. (Facts ¶23).

Mr. Cardenas was an integral part of the Defendants' business, as they relied on Mr. Cardenas to bring it back to as new a condition as possible. (Facts ¶ 24.) Mr. Cardenas received and incorporated parts that traveled in interstate commerce into the cars he was working on.

Plaintiff has met the remaining prong of the enterprise test. For enterprise coverage to apply, the employer "must have employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person. To meet this standard, the goods must have moved in commerce at some time, they do not have to be currently moving in commerce. *Brennan v. Greene's Propane Gas Serv., Inc*. 479 F. 2d 1027, 1030-21 (5th Cir. 1973). Defendants have admitted that Performance Auto purchased cars from out of state or sometimes from countries such as Spain or Latin America which were brought to Plaintiff for detailing. (Facts ¶4). Thus, Plaintiff has met the two prongs of the enterprise test.

C. **The Individual Defendants Admitted They Were Mr. Cardenas's "Employers" Under The FLSA.**

Defendants, Fernando Ivan Prado and Mateo Prado, concede to employing Mr. Cardenas and being his statutory "employers" under the FLSA. [ECF Nos. 28 at ¶¶1-3, 13; and 29 at ¶¶1-3, 13]. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo,* 803 F.2d 632, 637–38 (11th Cir. 1986) (quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983)). An "employer" under the FLSA does not have to be an owner but can be a supervisory employee. *Spears v. Bay Inn & Suites*

*Foley, LLC*, 105 F.4th 1315, 1319 (11th Cir. 2024). Thus, by admitting to Mateo Prado admitted to the pertinent facts alleged in the Amended Complaint, Mateo Prado and Fernando Prado were Mr. Cardenas's employers for purposes of the FLSA. *See* 29 U.S.C. §203(d); and *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986).

### D. Mr. Cardenas Worked Overtime But Was Not Paid The Overtime Wages Required by the FLSA.

Although Mr. Cardenas must prove he worked overtime without compensation under the FSLA, "[i]t is the employer's duty to keep records of the employees wages, hours and other conditions and practices of employment." *Allen*, 495 F. 3d at 1315 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946)). The Supreme Court has held that "an employee properly carries out his burden if he proves he was improperly compensated and if he produces sufficient evidence to show the amount and the extent of that work as a matter of just and reasonable inference. *Allen*, 495 F. 3d at 1316.

Here, the Defendants did not maintain records of the hours Mr. Cardenas worked, entitling Mr. Cardenas to recover the overtime wages he earned as a matter of just and reasonable inference. *Id*. Once Mr. Cardenas comes forward with evidence establishing the hours he worked as a matter of just and reasonable inference, per *Allen*, the Defendants are tasked with producing evidence of the precise work Mr. Cardenas performed or evidence to negate the reasonableness of the inference to be drawn from his evidence. *Allen,* 495 F. 3d at 1316 (quoting *Anderson*, 328 U.S. at 687-88). If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id*.

#### 1. Mr. Cardenas is entitled to three years of overtime wage damages.

The limitations period applicable to FLSA claims is normally two (2) years, which is extended to three (3) years for willful violations. 29 U.S.C. §255(a).

> To establish that the violation of the Act was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677,

1681, 100 L.Ed.2d 115 (1988). The Code of Federal Regulations defines reckless disregard as the "failure to make adequate inquiry into whether conduct is in compliance with the Act." 5 C.F.R. § 551.104.

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162–63 (11th Cir. 2008). In addition, the three-year limitations would apply when an employer "simply disregarded the possibility that it might be violating the FLSA." *Allen v. Bd. of Public Ed.*, 495 F.3d 1306, 1324 (11th Cir. 2007) (quoting *Williams v. R.W. Cannon, Inc.*, 2008 WL 4097613, at *17 (S.D. Fla. Sept. 4, 2008).)

The evidence in this case is that Defendants recklessly disregarded the FLSA's overtime wage pay requirement by not tracking when he worked to determine whether and to what extent he worked overtime. To make matters worse, they never consulted with anyone about their pay practices, including whether paying Mr. Cardenas through both as a W-2 employee and as a 1099 was compliant with the FLSA. *Lowe v. Strobo*, 2022 U.S. Dist. LEXIS 254866, 2022 WL 22897777 (N.D. Fla February 2, 2022) (Facts ¶ 50.) That the Defendants did not think or know that Mr. Cardenas worked overtime is immaterial, since they were required to track his work hours and the amount of overtime he worked, and their failure to do so is reckless. (Facts ¶ 49). Misclassification of employee wages is the type of reckless conduct that requires the application of the three-year limitations period. *See Scalia v. Lovett*, 2020 U.S. Dist. LEXIS 161806, at *13 (M.D. Fla. July 29, 2020). Defendants' recklessness triggers the application of the FLSA's three-year limitations period for overtime wages. 29 U.S.C. §255(a).

2.  Mr. Cardenas is entitled to an award of overtime wage damages.

The Defendants paid Mr. Cardenas $3,500.00 per month for his work. (Facts ¶49.) Mr. Cardenas reasonably estimates working 44 hours a week. (Facts ¶ 49). Annualized, the Defendants paid Mr. Cardenas a salary of $42,000 ($3,500 per month x 12 months). Defendants thus paid Mr. Cardenas $807.69 per week ($42,000 ÷ 52 weeks).

The overtime wage required by the FLSA is based on an employee's regular rate of pay. Thompson v. Regions Sec. Servs., Inc., 67 F.4th 1301 (11th Cir. 2023). The regular rate of pay is

an hourly wage. *Id*. Thus, calculating the overtime owed to Mr. Cardenas involves determining his hourly wage.

By working 44 hours a week (Facts ¶48), the Defendants paid Mr. Cardenas $18.36 per hour ($807.69 ÷ 44).

Mr. Cardenas is entitled to recover the four hours of overtime he worked each week from September 23, 2021, to June 20, 2024 (minus 5 weeks that he went on vacation and did not work overtime). (Facts ¶54.) Mr. Cardenas seeks recovery of overtime wages for the four hours of overtime he worked during the 129 weeks at issue herein. *Id*. Since Mr. Cardenas received an hourly rate of $18.36 per hour, he is entitled to the remainder of the overtime wage earned ($9.18 per hour) for each overtime hour worked. In sum, Mr. Cardenas is entitled to recover $9.18 per hour for 4 hours each week for 129 weeks, for a total of $4,736.88. (Facts ¶55.)

Mr. Cardenas has provided sufficient evidence of the approximate overtime hours he worked, under *Anderson*, and the estimated overtime wages due to him pursuant to *Allen*. Defendants admitted to having failed to comply with their duty to maintain records of when Mr. Cardenas started and stopped working each day. (Facts ¶42). The Defendants gave Mr. Cardenas the keys to the back door of their dealership as well as the alarm code. (Facts ¶46). They gave him the key and alarm code so he could let himself in as the first person to arrive in the morning and to close the shop and arm the alarm when he left as the last person to leave. (Facts ¶¶46, 47.) Although the Defendants can offer evidence about when they "scheduled" Mr. Cardenas to work, they have no competent evidence to controvert the evidence offered by Mr. Cardenas. Therefore, Mr. Cardenas is entitled to an award of overtime wages as set forth herein.

E. **Defendants Cannot Avoid The Court Awarding Liquidated Damages To Mr. Cardenas.**

Upon determining that the Defendants violated the FLSA by failing to pay Mr. Cardenas the overtime wages he earned, the Court properly addresses the issue of liquidated damages. *Meeks*, 2016 WL 4507841, at *7 (finding that "the issue of liquidated damages is ripe for consideration" after determining that Defendant violated the FLSA but requesting additional briefing on admissibility of evidence relating to that issue. *See also Silas* 2006 WL 3133026, at *7

(an award of liquidated damages was appropriate, as a matter of law at the summary judgment stage, "to the extent Plaintiffs prove damages at trial on their claims for commute time and non-commute time"); and *McGuire v. Hillsborough County, FL*, 511 F. Supp. 2d 1211, 1218 (M.D. Fla. 2007) ("The Court finds that Plaintiffs are entitled to liquidated damages and grants Plaintiffs' motion for partial summary judgment on this issue to the extent that Plaintiffs prove damages at trial.") Accordingly, the Court properly determines that Plaintiffs are entitled to liquidated damages at this stage of the proceedings.

As the Eleventh Circuit Court of Appeals held, "liquidated damages are mandatory absent a showing of good faith." *Spires v. Ben Hill County*, 980 F.2d 683, 689 (11th Cir. 1993). "Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) (citing *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). "[L]iquidated damages are mandatory, absent a showing a good faith." *Joiner*, 814 F.2d at 1539. The FLSA does contain a safe harbor provision to avoid the mandatory imposition of liquidated damages at 29 U.S.C. §260. "To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith." *Id*. "An employer who violates the FLSA's overtime provision carries the burden of proving its entitlement to the safe harbor.") *Rodriguez*, 518 F.3d at 1272. "To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith." *Id*. (citing *Dyback v. Fla. Dep't of Correction*, 942 F.2d 1562, 1566-67 (11th Cir. 1991).

> The applicable regulations with respect to the good faith defense are set forth in 29 C.F.R. §790.13 *et seq*. " 'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law.' 29 C.F.R. §790.22(c) (1987).... [That test has] both subjective and objective components." *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1071–72 (9th Cir. 1990), and cases cited thereat. "We review such questions de novo to the extent they involve application of legal principles to established facts, and for clear error to the extent they involve an inquiry that is essentially factual.... Once the employer has demonstrated its good faith and reasonable belief, the district court's refusal to award liquidated damages is reviewed for abuse of discretion." *Id*. at 1071 (citations omitted). "To satisfy the subjective 'good faith' component, the [employer has the burden

of proving] that [it] had 'an honest intention to ascertain what [the Act] requires and to act in accordance with it.' " *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir. 1987) (per curiam), *vacated on other grounds, Shirk v. McLaughlin*, 488 U.S. 806, 109 S.Ct. 38, 102 L.Ed.2d 18 (1988), quoting from *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir. 1985), *cert. denied*, 474 U.S. 902, 106 S.Ct. 228, 88 L.Ed.2d 228 (1985). "Absent ... 55a showing [of both the subjective and objective elements of the good faith defense], *1567 liquidated damages are mandatory." *First Citizens Bank*, 758 F.2d at 403.

*Dybach*, 942 F.2d at 1566–67.

Defendants cannot carry their burden and establish that their failure to pay overtime wages was in "good faith" as a matter of law. The Defendants confessed they did not rely on any advice rendered by a legal professional, tax professional, or the Department of Labor, Wage and Hour Division in regard to their pay practices. (Facts ¶50.) They paid Mr. Cardenas, their employee, with a combination of wages and 1099 income without regard to the work performed and without any advice about whether their pay practices were proper. (Facts ¶¶ 49; 50). Mr. Cardenas could not have been an employee and independent contractor for the Defendants while performing the same work.

As a matter of law, the Defendants cannot carry their burden to establish that they acted in good faith when they made no effort to determine whether their (obviously violative) pay practices complied with the FLSA. *Compare Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013) ("Davila elicited from the Menendezes that they knew of the hourly wage laws but failed to investigate whether they had complied with those laws.") Consequently, the Defendants cannot establish that they engaged in any good faith attempt to obtain advice because they did not do so.

Defendants *could have* consulted with a tax or legal professional about their pay practices, but the evidence in this case is that they did not. (Facts ¶50). In fact, they were required to do so. They chose ignorance. Ignorance of the law does not shield one from the application of the law.*Vartelas v. Holder*, 566 U.S. 257, 280, 132 S. Ct. 1479, 1495, 182 L. Ed. 2d 473 (2012).

The only logical conclusion that the Court can reach is that Defendants cannot meet their burden to establish "good faith". Consequently, the Court must determine that Mr. Cardenas is

entitled to liquidated damages once a determination is made about the overtime wages owed to him.

## V.     CONCLUSION

Mr. Cardenas is entitled to summary judgment in his favor by determining that the FLSA applies to require the payment of overtime wages by virtue of individual and enterprise coverages, that Defendants are jointly and severally liable for the overtime owed to him, that he is entitled to liquidated damages in an amount equal to the overtime wages owed, and to the application of the three-year limitations period.

Respectfully submitted this 22nd day of July 2025.

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Gaelle W. Colas, Esq. (100681)
gaelle@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:  305.230.4884
*Counsel for Plaintiff*