UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-23654-RAR

MISAEL CARDENAS,

    Plaintiff,

v.

PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, hereby file their Response to Plaintiff's Motion in Limine [***ECF #42***], as follows:

**INTRODUCTION**

In his Motion in Limine, Plaintiff is asking the Court to make a pretrial ruling to preclude the presentation of evidence or testimony on several matters. For the reasons set forth below, on the issues to which Defendants oppose, the Court should not exclude the evidence prematurely before testimonial context for or against admission of such evidence is established because none of these issues are not clearly inadmissible, as they are not clearly inadmissible for any purpose at this stage.

The issues raised by Plaintiff are as follows:

    a. Mr. Cardenas' custody and/or responsibility to care for his daughter (and missed work as a result)

    b. Whether Mr. Cardenas performed work for Mayor Cars on or after June 21, 2024

1

  c. Whether Mr. Cardenas performed work for Mayor Cars or any other person/entity outside the hours he worked for the Defendants

  d. All documents and materials not timely disclosed and/or produced during discovery

Defendants will address the issues in their order of presentation in Plaintiff's Motion.

## LEGAL ARGUMENT

### Standard for Motions in Limine

A motion *in limine* is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." See, *Schultze v. 2K Clevelander LLC*, No. 17-CV-22684, 2018 U.S. Dist. LEXIS 172627, at *3 (S.D. Fla. Oct. 4, 2018) (citing *Luce v. United States*, 469 U.S. 38, 40 n. 2, (1984)) ""The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Id*. at *3-4 (citing *Santiago v. Sanders*, No. 14-61505-CIV, 2015 U.S. Dist. LEXIS 188987, 2015 WL 12860500, at *1 (S.D. Fla. Apr. 16, 2015)) Courts in this Circuit have rejected attempts to bring summary judgment motions wrapped "in the clothing of a motion *in limine*." *Id*. (citing *Gold Cross Ems, Inc. v. Children's Hosp. of Alabama*, 309 F.R.D. 699, 702 (S.D. Ga. 2015)).

"The term 'in limine' has been defined as 'on the threshold; at the very beginning; preliminarily.'" See, *Mirabilis Ventures, Inc. v. Rachlin Cohen & Holtz, LLP (In re Mirabilis Ventures, Inc.),* 2011 U.S. Dist. LEXIS 67566, 2 (M.D. Fla. June 23, 2011) (citing *Luce v. U.S.*, 469 U.S. 38, 40 (1984)) "A motion in limine seeks a protective order prohibiting the opposing party, counsel, and witnesses from offering offending evidence at trial, or even mentioning it at

trial, without first having its admissibility determined outside the presence of the jury." *Id*. (citing 75 Am. Jur. 2d Trial §39 (2008)) "A motion in limine may be proper where the evidence at issue is highly prejudicial or inflammatory; where the evidentiary issue is significant and unresolved under existing law; where the issue involves a significant number of witnesses or volume of material, making it more economical to have it resolved prior to trial; or where the movant does not wish to object in the presence of the jury. Motions in limine are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial." *Id*. (citing *Stewart v. Hooters of America, Inc.,* 2007 U.S. Dist. LEXIS 44056 at *1 (M.D. Fla. 2007)) "Accordingly, **if evidence is not clearly inadmissible, evidentiary rulings must be deferred** until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." *Id*. (emphasis added) "A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." See, *Variable Annuity Life Ins. Co. (Valic) v. Fawn Laeng,* 2013 U.S. Dist. LEXIS 108869, 6 (M.D. Fla. Aug. 2, 2013) (citing *Royal Indem. Co. v. Liberty Mut. Fire Ins. Co.,* 2008 U.S. Dist. LEXIS 44417, 3 (S.D. Fla. June 5, 2008))

Some of the issues brought up in Plaintiff's motion are simply not appropriate on a motion in limine because they do not seek to prevent the introduction of potentially damaging and/or inadmissible evidence, but go beyond the scope of a motion in limine.

### Standard for Admissibility of Evidence

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." See, *Andazola v. Logan's Roadhouse, Inc*., 2013 U.S. Dist. LEXIS 66860, 6 (N.D. Ala. May 10, 2013) (citing *Fed. R. Evid. 401*). "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; [the Federal Rules of

3

Evidence]; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." *Id*. (citing *Fed. R. Evid. 402*) (alteration supplied). "Notwithstanding the general admissibility of relevant evidence under Rule 402, '[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Id*. (citing *Fed. R. Evid. 403*) (alteration supplied).

Under the Rules of Evidence, "[A]ll relevant evidence is admissible, unless 'its probative value is substantially outweighed by the danger of unfair prejudice,'" See, *United States v. Delgado*, 903 F.2d 1495, 1503-1504 (11th Cir. Fla. 1990) (emphasis in original). In essence, "almost all relevant evidence is prejudicial to one party or the other. '[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" See, *SEC v. Gruder,* No. 1:08-CV-0294-WBH, 2009 U.S. Dist. LEXIS 137596, at *4 (N.D. Ga. July 31, 2009) (citing *Dollar v. Long Mfg., N.C., Inc*., 561 F.2d 613, 618 (5th Cir. 1977)).

### Substantive Argument
Issues are Presented by their order in Plaintiff's Motion

a. **Mr. Cardenas' custody and/or responsibility to care for his daughter (and missed work as a result)**

Plaintiff's claim for unpaid overtime under the FLSA relies on his testimony that he worked during Saturdays (because his testimony also stated that his regular hours were Monday - Friday 10:00 am – 6:00 pm and his rest/meat time were not deducted from his $3,500.00/Mo. salary.

As to the weekends, Defendants testified that Plaintiff did not work the amount of Saturdays he has claimed because he had an arrangement with them to not work Saturday after

4

his daughter was born eight (8) years ago and he had to take care of her on the weekends; he testified that this arrangement only began six months before the end of his employment.

Clearly, whether or not Plaintiff had to take care of his daughter during the relevant time period is directly relevant to whether or not he has an overtime claim against the Defendants. The jury, as the fact finders, should weigh the testimony of the parties and decide who to believe in this context. Consequently, such evidence would be admissible under Fed. R. Evid. 401, 402, and 403.

b. **Whether Mr. Cardenas performed work for Mayor Cars on or after June 21, 2024**

Plaintiff testified, and the records show, that he received his salary from the Defendants from June 22, 2024 through August 2024. Defendants testified that they observed Plaintiff at their competitor, Mayor Cars', facility while Plaintiff was still on their payroll and before he was terminated. [*ECF #40*, 44:6-11] The jury should be able to hear that, while receiving his regular salary from the Defendants and still being employed by the Defendants, Plaintiff started working for a competitor of the Defendants and did not provide work for the Defendants despite receiving his regular pay from the Defendants because such facts could lead to a finding of setoff under the FLSA for overpayment of wages. Where an employee receives overpayment of wages, set off under the FLSA is permitted. e.g., *Nicopior v. Moshi Moshi Palm Grove, Ltd. Liab. Co.*, 375 F. Supp. 3d 1278, 1283 (S.D. Fla. 2019) (citing *Leite v. Tremron, Inc.*, 2012 U.S. Dist. LEXIS 130504, 2012 WL 4049962, at *3 (S.D. Fla. Sept. 13, 2012))

Thus, if the jury believes that Plaintiff received an overpayment of wages from the Defendants while working for Defendants' competitor, it may apply setoff to any damages (if any) awarded to the Plaintiff. Consequently, such evidence would be admissible under Fed. R. Evid. 401, 402, and 403.

5

### c. **Whether Mr. Cardenas performed work for Mayor Cars or any other person/entity outside the hours he worked for the Defendants**

Plaintiff's case relies on his testimony – that he worked long hours and on weekends. Whether or not the jury believes his testimony relies on the circumstances of his employment. The more he worked – regardless of where – the less likely it is that he could carry his schedule non-stop as he testifies. To that end – whether or not he worked for other employers after hours is also relevant as to whether or not he worked for the Defendants for as long as he is stating – particularly if he also couples this testimony with a "I did not take any break during the day" testimony. For that reason, such evidence would be admissible under Fed. R. Evid. 401, 402, and 403.

### d. **All documents and materials not timely disclosed and/or produced during discovery**

Defendants are not sure what documents this section is referencing so they cannot substantively respond to any particular issue and, if it arises at trial, that issue should be ruled on by the Court. "That said, however, the Federal Rules of Civil Procedure do not require disclosure of documents that Defendant intends to use solely for impeachment." *Powers v. Target Corp.*, No. 19-CV-60922-BLOOM/VALLE, at *4 (S.D. Fla. Aug. 6, 2020) Defendants do not intend to introduce during their case any documents not produced or identified in discovery; however, if the need arises, may introduce documents or material for impeachment purposes, as permitted by the Rules. For that reason, Plaintiff overwhelming request should be denied.

### **CONCLUSION**

For the above stated reasons, Plaintiff's Motion in Limine [*ECF #42*] should be denied.

Respectfully submitted, this 26th day of August, 2025.

          ADI AMIT, P.A.
          *Attorneys for Defendants*
          101 Centre
          101 NE Third Avenue, Suite 300
          Fort Lauderdale, Florida 33301
          Phone: (954) 533-5922
          E-mail: adi@defenderofbusiness.com

          By: *s/Adi Amit*
             Adi Amit, Esquire
             Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2025, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: /s *Adi Amit*
             Adi Amit, Esquire
             Florida Bar No: 35257

## SERVICE LIST

*Misael Cardenas v. Performance Auto Wholesalers, LLC, et al*
Case No. 1:24-cv-23654-RAR

| | |
|---|---|
| Brian H. Pollock, Esquire | Adi Amit, Esquire |
| FAIRLAW FIRM | ADI AMIT, P.A. |
| 135 San Lorenzo Avenue | 101 Centre |
| Suite 770 | 101 N.E. Third Avenue, |
| Coral Gables, Florida 33146 | Suite 300 |
| brian@fairlawattorney.com | Ft. Lauderdale, Florida 33301 |
| *Counsel for Plaintiff* | Adi@DefenderOfBusiness.com |
| | *Counsel for Defendants* |