UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-23654-RAR

MISAEL CARDENAS,

    Plaintiff,
v.

PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, by and through undersigned counsel, hereby file their Response to Plaintiff's Motion for Summary Judgment [*ECF #43*] and, in support, state as follows:

### SUMMARY OF THE ARGUMENT

Plaintiff's Motion for Summary Judgment should be denied on all issues brought therein because of the existence of disputed material facts as to each of these issues, with the exception of the exemption issue and whether Plaintiff was employed by all Defendants – two phantom issues that had not even been denied in Defendants' Answer or raised in their affirmative Defenses.

### STATEMENT OF MATERIAL UNDISPUTED FACTS IN OPPOSITION

Pursuant to S.D. Fla. L.R. 56.1(a), Defendants are filing simultaneously (as an attachment) their Response to Plaintiff's Statement of Facts. All references to documents already filed by Defendants in the Court's docket are followed by a designation in the format of *ECF #__*.

## **LEGAL ARGUMENT**
### **Summary Judgment Standard**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.,* 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. See, *Hickson Corp.,* 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id. at 1260*. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.;* see also, *Anderson,* 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson,* 477 U.S. at 255. If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322.

"[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence

designating 'specific facts showing that there is a genuine issue for trial.'" See, *United States v. $183,791.00,* 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)). "If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. See, *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003)). Further, "[T]o the extent that evidence conflicts at summary judgment, the district court has an obligation to 'view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" See, *Allen*, Id. at 1315 (citing *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999)) "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." See, *Allen*, Id. at 1315 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

Here, Plaintiff has not met his burden to show that there are no issues of material fact remaining as to the issues raised in his Motion (with the exception of the joint employment issue and the exemption issue). Thus, Plaintiff's Motion should be denied.

The issues in this Response are addressed in their order as they appear in Plaintiff's Motion.

### Substantive Argument

A. **Defendants Agree that Mr. Cardenas was a Non-Exempt Employee of the Defendants**

Paragraph 3 of Plaintiff's Amended Complaint for FLSA Overtime Wage Violations [***ECF #28***] alleged that "Plaintiff was a non-exempt employee of Defendants." In their Answer and Affirmative Defenses [***ECF #29***], Defendants admitted this allegation. Further, Defendants did

not raise an exemption as one of the affirmative defenses. Thus, this issue in Plaintiff's Motion is a non-issue because of Defendants admission.

### B. Plaintiff is not Entitled to Summary Judgment on the issue of FLSA Coverage

As an initial matter, "it is Plaintiffs' burden to establish that subject matter jurisdiction exists." See, *Arilus v. DiEmmanuele*, 895 F. Supp. 2d 1257, 1259 (S.D. Fla. 2012). Here, Plaintiff has failed to establish and cannot establish that subject matter jurisdiction under the FLSA exists.

#### 1. Plaintiff's Motion Has Not Established that Plaintiff was Covered, Individually, Under the FLSA

"For individual coverage to apply under FLSA, an employee must present evidence that he or she was (i) engaged in commerce or (ii) engaged in the production of goods for commerce." See, *Lopez v. Ans*, 2010 U.S. Dist. LEXIS 7543; 2010 WL 335638 (S.D. Fla., January 29, 2010) (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1265-1266 (11th Cir. 2006)); *Quality Removal, Inc.*, 2014 U.S. Dist. LEXIS 154293, at *16 (citing *Thorne v. All Restoration Services, Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). Plaintiffs – as laborers cannot be said, or produce any evidence to show them, to be engaged in the production of goods for commerce. Indeed, Plaintiffs have not produced any goods at all while mowing lawns, cleaning, or performing light fixes on the various properties.

> Thus, Plaintiffs rely on the "engaged in commerce" prong.
>
> An employee is "engaged in commerce" under the FLSA if he directly participates in the actual movement of persons or things in interstate commerce by (1) working for an instrumentality of interstate commerce (i.e., a transportation or communication industry) or (2) by regularly using the instrumentalities of interstate commerce in his work (i.e., regular and recurrent use of interstate telephone, telegraph, mail, or travel).

See, *Casanova v. Morales*, No. 06-21321-CIV, 2007 U.S. Dist. LEXIS 96333, at *7 (S.D. Fla. Aug. 2, 2007) (citing *Silk v. Albino,* 2007 U.S. Dist. LEXIS 19025, 2007 WL 853752, *1 (M.D. Fla. March 19, 2007); 29 C.F.R. §776.24; *Thorne,* 448 F.3d at 1266)).

Importantly, Plaintiff's sole connection to interstate commerce appears in Paragraph 23 of his Amended Complaint. [*ECF #28*] Paragraph 23 of Plaintiff's Amended Complaint did not allege that Plaintiff produced any goods while working for the Defendants, but only that his work using chemicals, cleaning agents, materials, and supplies to clean and detail vehicles that arrived from outside the state of Florida and are/or are to be sent to locations outside the State of Florida for Defendants" was sufficient ground. Therefore, the Court should consider only whether or not Plaintiff "engaged in commerce" within the meaning of the FLSA. *Chavez v. Arancedo*, No. 17-20003-Civ, at *15 (S.D. Fla. Sep. 24, 2018) ("Because Plaintiff never alleged that she produced goods, she must, to survive summary judgment, present admissible evidence that she was 'engaged in commerce' within the meaning of the FLSA.")

On the issue of whether or not Plaintiff's usage of supplies to conduct his work was sufficient for FLSA individual coverage, as in all other elements of FLSA coverage, the employee also bears the burden of proof in showing engagement in interstate commerce. See, *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 120 (1946))

"The Eleventh Circuit found that to 'engage in commerce,' a plaintiff must 'directly participat[e] in the actual movement of persons or things in interstate commerce.'" *Ans,* Id. (citing *Thorne*, 448 F.3d at 1266). "When determining individual coverage, the character of the employee's activities is determinative, not the nature of the employer's business." *Id*. (citing *Overstreet v. N. Shore Corp.*, 318 U.S. 125 (1943)). "The test to determine whether an employee is engaged in commerce is not whether the employee's activities affect or indirectly relate to

5

interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." See, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). "A key factor in determining if a plaintiff engaged in commerce for purposes of individual coverage under the FLSA is whether such activities were a 'regular and recurrent' part of the plaintiff's employment duties." *Id*. (citing 29 C.F.R. 776.10(b)). "The 'employee's interstate activity must be regular and recurrent and not simply isolated or sporadic for jurisdiction to exist.' *Id*. (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009)); *Seijo v. Casa Salsa, Inc.*, 2013 U.S. Dist LEXIS 167205; 2013 WL 6184969, at *3-4 (S.D. Fla. November 25, 2013) ("Casa Salsa is a dance studio, not an instrumentality of interstate commerce, a fact that Seijo does not contest. So she needs to produce evidence that she *regularly* used the instrumentalities of interstate commerce in her work . . . Traveling to New York once a year is not regular and is therefore insufficient") (emphasis in original); *Lopez v. Pereyra Ans*, 2010 U.S. Dist. LEXIS 7543, 2010 WL 335638, at *5 (S.D. Fla. Jan. 29, 2010).

Here, Plaintiff relies on three arguments in support of his position, that his work for the Defendants, was interstate in nature.

  First, Plaintiff's Motion claims that his "work involved replacing interior and exterior parts that were purchased from out of state merchants and traveled in interstate commerce." *Id*. at p. 7 Plaintiff's position is not supported by facts or by law. Factually, Plaintiff has not presented any indisputable evidence on the record as to the origin of any of the alleged parts that he claims to have replaced and his speculation as to their origin is inadmissible. See, e.g., *Chavarria v. CJA Innovation, LLC*, No. 1:16-cv-20397-UU, 2016 U.S. Dist. LEXIS 193495, at *19-20 (S.D. Fla. Dec. 5, 2016).  In fact, Plaintiff has not presented anything other than stating that he received

6

packages from out of state. Second, Plaintiff's Amended Complaint omits "repair of vehicles" as part of his regular job duties [*ECF #28* at ¶23] and Defendants deny that replacing interior or exterior parts were part of Plaintiff's regular and recurrent job tasks. *ECF #39*, 11:14-22; 17:22-24; 18:17-19; 19:9-11; Therefore, *ab initio*, there is a dispute over the material fact of Plaintiff's regular and recurrent job tasks and the matter should be submitted to the trier of fact.

Legally, using supplies that have previously been in interstate commerce is insufficient to establish "individual coverage" under the FLSA. *Westley v. Love Pet Grooming Salon, Inc*., 2019 U.S. Dist. LEXIS 8137 at *11 (M.D. Fla. 2019) (citing *Polycarpe v. E&S Landscaping Service, Inc*., 616 F.3d 1217, 1220-21 (11th Cir. 2010)). Likewise, merely receiving packages from out of State is insufficient to establish individual coverage. *Hayes v. Coco Dulce, Inc.*, 2019 U.S. Dist. LEXIS 177707, 2019 WL 7371839, at *4 (S.D. Fla. Oct. 11, 2019) (rejecting theory that simply receiving interstate goods can establish individual coverage)

Second, Plaintiff's Motion claims that his "work for the Defendants involved him working on vehicles that were transported directly to the dealership from other states or in interstate commerce from other states." *Id*. at p. 7 As to this point, again, Plaintiff has not presented any indisputable evidence as to the origin of the vehicles. Plaintiff's own deposition testimony contradicts his Motion's unsubstantiated conclusion and, at least, creates an issue of fact. At his deposition, Plaintiff stated that he did not know where the vehicles he worked on came from and that he thought they came from auction (locally). *Plaintiff's Deposition*, *ECF #56-1*, 28:2-20. Further, Defendants testified that often, cars were just dropped off by their owners. *ECF #40*, 17:6-11

Finally, Plaintiff's Motion claims that "the cars were shipped directly to the Defendants' dealership from outside of Florida, where Mr. Cardenas performed his repairs, after which they

7

were sold to buyers located outside of Florida." Plaintiff, again, provides no indisputable evidence supporting his statement regarding the origin or destination of the vehicles. Moreover, as stated above, Plaintiff has not presented any evidence to support his claim that the vehicles he worked on were earmarked for interstate shipping when he worked on them or that they were, in fact, shipped out of State. Such speculation by the Plaintiff is not evidence for summary judgment purposes. *Jaramillo v. Maoz, Inc.*, No. 20-20106-Civ-WILLIAMS/TORRES, at *9 (S.D. Fla. Feb. 16, 2021) ("This argument fails because whether the goods were used or resold out of state is not supported by evidence. Jaramillo only speculates the goods were eventually used interstate because the customers were non-Florida residents. Without this evidence, it is immaterial that most her customers were not from Florida and the goods she received were from out of state.")

To distill Defendants' position on this issue, Plaintiff has not presented any indisputable evidence (or any evidence other than his speculation) that the vehicles he worked on came from outside Florida, were earmarked to be shipped outside Florida when he worked on them, were, in fact, shipped outside Florida after he worked on them, or where any of the supplies he used came from. At the very minimum there are issues of material facts remaining as to these questions.

However, even had he done that, it would still not suffice, because detailing vehicles that arrived from outside Florida prior to the work or traveled outside of Florida after the work had been done is not sufficient for individual coverage under the FLSA because such work does not directly implicate the movement of goods or people across state lines. *Perez v. New Auto Image Mktg.*, No. 1:15-cv-21893, at *18 (S.D. Fla. May 20, 2016)

In *Perez*, Judge Lenard explained in detail:

> Plaintiff argues that because he repaired new vehicles which were damaged during transport or on the dealer's lots, he was an essential part of the channel of commerce. This argument confuses tangential involvement with interstate commerce with

8

direct involvement, and has been rejected by other district courts under similar circumstances.

In *Mendoza v. Detail Sols., LLC*, the plaintiff asserted that he was "involved in the preparation and detailing of new cars that had moved through interstate commerce for dealerships so that they could sell them to first time buyers in Texas." 911 F. Supp. 2d 433, 440 (N.D. Tex. 2012) Mendoza, like the Plaintiff in this case, argued that his work was "an integral part of the sale of new vehicles," and that he was "actually in or so closely related to the movement of the commerce as to be a part of it." *Id.* Judge Fish rejected this argument, stating that:

> Mendoza misconstrues the "engaged in commerce" prong of the FLSA's individual coverage provision. To be engaged in commerce, it is not enough for an employee's work to be 'integral' to interstate commerce. . . . Here, the mere washing of cars that have once moved in commerce is not closely related to the movement of those cars in commerce and cannot be considered, in practical effect, part of the 'functioning of an instrumentality or facility of interstate commerce.'

*Id.* Judge Fish held that individual coverage was unavailable for an employee who detailed vehicles that had been transported in interstate commerce. Other courts have reached similar conclusions. See, e.g., *Jacobs*, 2010 U.S. Dist. LEXIS 41302, 2010 WL 1730807, at *4 ("By washing cars from out-of-state, Plaintiff is not participating in the actual movement of persons or things in interstate commerce."); *Jimenez v. S. Parking, Inc.*, No. 07-23156-CIV, 2008 U.S. Dist. LEXIS 70147, 2008 WL 4279618, at *8 (S.D. Fla. Sept. 16, 2008) (by washing out-of-state cars at a condominium complex, "plaintiff was not engaged in interstate commerce.").

*Id.* at *16-17

Here, just as in *Perez* and in *Mendoza*, Plaintiff's involvement in commerce, as a detailer for Performance Auto, is, at best, tangential, and not closely related to interstate commerce to be considered integral.

Plaintiff's reliance on another – different – *Mendoza* case is misplaced. In *Mendoza v. Disc. C.V. Joint Rack & Pinion Rebuilding, Inc.*, 101 F. Supp. 3d 1282 (S.D. Fla. 2015), the Court indeed found (unopposed) that Plaintiff was covered individually, under the FLSA; however the facts of the case are distinguished in significant manner from the facts here.

The Court cited the following facts in support of its finding:

9

> "The following facts related to Plaintiff's claim for individual coverage are undisputed, for purposes of this Motion: (1) Plaintiff made calls out of state to order auto parts/components necessary for Discount's work (rebuilding automobile components); (2) Plaintiff spoke by telephone once a week with out-of-state customers, primarily in Illinois; (3) Plaintiff was involved in processing the interstate purchase of automobile parts; (4) Plaintiff's primary duty was to assemble and rebuild constant velocity ("CV") axles, using components that were often shipped to Defendants from out-of-state, and then either installed in cars locally, though the cars often had out-of-state license plates, or shipped elsewhere; (5) Plaintiff assisted in off-loading trucks arriving from out-of-state; and (6) Plaintiff "regularly and daily" handled components 'that were being shipped to and from business inside and outside the state of Florida, for example, from California, Chicago, [New] Jersey, and New York.'"

*Id*. at. *1288.

Here, as delineated above, Plaintiff did not make calls out of state, did not speak by telephone with customers, was not involved in the processing the interstate purchase of automobile parts, his primary duty was cleaning, did not assist off loading trucks with components, and has not presented any indisputable evidence that he handled components that came from out of state on a regular and recurrent or regular and daily basis. In other words, contrary to Plaintiff's position, none of the facts relevant to the Court's ruling in *Mendoza* are present here.

Therefore, Plaintiff is not entitled to summary judgment on this issue.

2. **Plaintiff Cannot Show that Performance Auto was an Enterprise Engaged in Commerce, as Defined by the FLSA**

"The FLSA guarantees overtime rates for employees who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Chappel v. Boss Rain Forest Pet Resort, Inc.*, No. 16-62779-CIV-SNOW, 2018 U.S. Dist. LEXIS 44517, 2018 WL 7365237, at *11 (S.D. Fla. Mar. 15, 2018) (citing 29 U.S.C. §207(a)(1)) "To satisfy the commerce test, the employer must have two or more employees, **not including the owner or a member of the owner's immediate family**, 'engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or

10

materials that have been moved in or produced in commerce.'" *Id*. (citing 29 U.S.C. § 203(s)(1)(A)(i)) (emphasis added). "The employer also must have annual gross volume of at least $500,000.00 in sales made or business done." *Id*. (citing 29 U.S.C. § 203(s)(1)(A)(ii)).

Here, Defendants have admitted that Performance Auto had annual gross volume of at least $500,000.00 in each of the relevant years; however, the evidence is also clear that Performance Auto **did not** have two or more employees, not including the owner or a member of the owner's immediate family working for it. Plaintiff was **the only** employee other than the owner (FERNANDO IVAN PRADO) or his son (MATEO PRADO) working for it. Under such circumstances, Plaintiff cannot establish – for summary judgment purposes – that Performance Auto was an enterprise engaged in commerce or in the production of goods for commerce under the FLSA.

### C. Defendants Agree that They Were Plaintiff's Employers under the FLSA

Paragraph 13 of Plaintiff's Amended Complaint for FLSA Overtime Wage Violations [*ECF #28*] alleged that "Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d)" In their Answer and Affirmative Defenses [*ECF #29*], Defendants admitted this allegation. Thus, this issue in Plaintiff's Motion is a non-issue because of Defendants admission.

### D. Plaintiff has Not Established Beyond Dispute that He Worked Overtime But was not Paid the Overtime Wages Required by the FLSA

At their depositions, Defendants denied that Plaintiff worked overtime hours. Specifically, Mateo Prado testified a number of times that Plaintiff worked between 35 to 38 hours per week, even if Saturdays are considered. *ECF #40*, 32:17 – 33:12; *ECF #41*, 17:21 – 18:7

While Plaintiff argues that the lack of sufficient records can allow him to estimate his time in front of the factfinder, the lack of records does not – by itself – establish that Plaintiff worked more than forty (40) hours in any week.

Plaintiff's evidence in support of his position consists of his own testimony and estimate that he worked forty-four (44) hours per week on average. The conflicting testimony by Plaintiff and by the Defendants on this issue precludes summary judgment in favor of the Plaintiff on this issue and the fact finder should decide the issue.

1. Plaintiff is not Entitled to Summary Judgment on the Issue of Willfulness

First and foremost, "willfulness under the FLSA is a jury question." *Fuentes v. CAI Int'l, Inc.*, 728 F. Supp. 2d 1347, 1360 (S.D. Fla. 2010); Morrison v. Quality Transports Services, Inc., 474 F. Supp. 2d 1303, 1313 (S.D. Fla. 2007) ("The issue of willfulness under §255(a) is a question of fact for the jury not appropriate for summary disposition."). Moreover, a finding of a willful violation must be predicated on a finding of a violation of the overtime provision. *Johnson v. Wellpoint, Inc.*, 2009 U.S. Dist. LEXIS 132465, *71 (N.D. Ga. Mar. 30, 2009) (citing *Cooke v. Gen. Dynamics Corp.*, 993 F. Supp. 56, 65 (D. Conn. 1997))

Here, as discussed above, Plaintiff is not entitled to summary judgment on the FLSA overtime issue. Therefore, Plaintiff is also not entitled to summary judgment on the willful violation issue – because the factfinder may find that there has not been a violation at all.

2. Plaintiff is not Entitled to Summary Judgment on the Issue of Liability

As discussed above, Plaintiff and the Defendants have presented conflicting testimony as to the amount of hours Plaintiff worked (Plaintiff claiming that he worked 44 hours on average per week and Defendants claiming that he worked alternating weeks of 35 and 38 hours per week)

Given this conflict, and with the absence of records that can support either side, the matter should be decided by the factfinder.

### E. Plaintiff is not Entitled to Summary Judgment on the Issue of Liquidated Damages

Plaintiff's argument on liquidated damages is premature and wasteful. "The willfulness or good faith question [must be] answered first by the jury to determine the period of limitations and then, if there is a verdict for the employee, again by the [district court] to determine whether to award liquidated damages." *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) (citing *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008))

## CONCLUSION

For the above stated reasons, Plaintiff's Motion for Summary Judgment should be denied, except as to the two issues that have been admitted by the Defendants. As to the remainder of the issues (FLSA Coverage – both enterprise coverage and individual coverage; FLSA liability, and Willfulness), Defendants submit that Plaintiff has failed to establish any of them with indisputable evidence and only the trier of fact can decide the disputed material facts, and, so, these issues should be decided by the trier of fact.

## REQUEST FOR HEARING

Pursuant to L.R. 7.1(b), Defendants hereby request a hearing. A hearing on the Motion for Summary Judgment would provide an opportunity for the Parties to present fully their respective positions on the issues brought in Plaintiff's Motion and in Defendants' Response. Defendants anticipate that an hour should be sufficient for both Parties to present their argument and supportive documentation, should the Court require a hearing.

Respectfully submitted, this August 26, 2025.

>ADI AMIT, P.A.
>*Counsel for Defendants*
>101 Centre
>101 NE Third Ave., Suite 300
>Fort Lauderdale, Florida 33301
>Phone: (954) 533-5922
>E-mail: Adi@defenderofbusiness.com
>
>By: *s/Adi Amit*
>Adi Amit, Esquire
>Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2025, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>/s/*Adi Amit*
>Adi Amit
>Florida Bar No: 35257

## SERVICE LIST

*Misael Cardenas v. Performance Auto Wholesalers, LLC, et al*
Case No. 1:24-cv-23654-RAR

| | |
|---|---|
| Brian H. Pollock, Esquire<br>FAIRLAW FIRM<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, Florida 33146<br>brian@fairlawattorney.com<br>*Counsel for Plaintiff* | Adi Amit, Esquire<br>ADI AMIT, P.A.<br>101 Centre<br>101 N.E. Third Avenue,<br>Suite 300<br>Ft. Lauderdale, Florida 33301<br>Adi@DefenderOfBusiness.com<br>*Counsel for Defendants* |