UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-23654-RAR

MISAEL CARDENAS,

    Plaintiff,

v.

PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO,

    Defendants.

_____/

## DEFENDANTS' STATEMENT OF DISPUTED FACTS IN OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS SUPPORTING HIS MOTION FOR SUMMARY JUDGMENT

Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, by and through their undersigned counsel and pursuant to Local Rule 56.1, and Fed. R. Civ. P. 56, hereby file their Statement of Disputed Facts in Opposition to Plaintiff's Statement of Facts Supporting his Motion for Summary Judgment [*ECF #44-1*] as follows:

### Statement Concerning Page/Line Citations

All references and citations to ECF docket entries containing deposition transcripts reference the page and line of the actual transcript – *not* the pages of the docket entries, which may differ.

### Itemized Responses

1. Admitted.

2. This Paragraph does not contain a fact to which a response is necessary, but legal conclusions.

3. Admitted.

4. Denied. Performance Auto "sometimes" buys and sells cars from outside Florida. ***ECF #40***, 17:22 – 18:2; According to Plaintiff, vehicles he worked on were purchased at auction and he did not know their origin. *Plaintiff's Deposition*, ***ECF #56-1***, 28:2-20. See also, ***ECF #40***, 43:9-19

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied. ***ECF #39***, 11:14-22; 19:9-11; ***ECF #40***, 41:11 – 42:13

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted. However, Mateo Prado is also the Owner, Fernando Ivan Prado's son. ***ECF #40***, 40:14-17; ***ECF #41***, 5:19 – 6:1

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied that Plaintiff's work involved the repair of any vehicles. Plaintiff cleaned the vehicles and cleaned the office. *ECF #39*, 11:14-22; 17:22-24; 18:17-19; 19:9-11 Even in his own Amended Complaint, Plaintiff does not allege that repair of vehicles were part of his job. *ECF #28* at ¶23

22. Denied that Plaintiff's work involved the repair of any vehicles. Plaintiff cleaned the vehicles and cleaned the office. *ECF #39*, 11:14-22; 17:22-24; 18:17-19; 18:25 – 19:11 Even in his own Amended Complaint, Plaintiff does not allege that repair of vehicles were part of his job. *ECF #28* at ¶23

23. Denied. The citation stated in Plaintiff's Statement ("*ECF #40*, 17:22-24") does not reference the proposition included in this Paragraph. It merely states that Performance Auto purchased cars from out of state. Denied that Plaintiff did any mechanical work, much less on a regular and recurrent basis. *ECF #39*, 11:14-22; 17:22-24; 18:17-19; 18:25 – 19:11

24. Denied. Mr. Cardenas did not perform any mechanical work, much less on a regular and recurrent basis. *ECF #39*, 11:14-22; 17:22-24; 18:17-19; 18:25 – 19:11

25. Admitted.

26. Denied. The citation stated in Plaintiff's Statement ("*ECF #39*, 25:6; 18:4") does not reference the proposition included in this Paragraph. It merely states that Performance Auto could not deliver a car to a seller until Plaintiff had finished his work detailing it.

27. Denied. The citation stated in Plaintiff's Statement ("*ECF #39*, 25:6; 18:4") does not reference the proposition included in this Paragraph. It merely states that Performance Auto could not deliver a car to a seller until Plaintiff had finished his work detailing it.

28. Denied. The citation stated in Plaintiff's Statement (*ECF #40*, 18:7-12) does not reference the proposition included in this Paragraph. It merely states that the vehicles that would

come from out of state would have a transportation broker or a transportation company who would pick up the car, put in on a bed or inside of a truck or on a trailer and bring it to the shop. Performance Auto could not deliver a car to a seller until Plaintiff had finished his work detailing it. Only "sometimes" the vehicles purchased by Performance Auto came from out of state. *ECF #40*, 17:22 – 18:2 There is zero knowledge of where any vehicle is destined when Plaintiff works on it because the buyer is not known at that time. *ECF #40*, 43:9-25 Further, Plaintiff did not know where the vehicles came from and thought it was from auction. *Plaintiff's Deposition*, *ECF #56-1*, 28:2-20.

    29.    Admitted. However, only "sometimes" the vehicles purchased by Performance Auto came from out of state. *ECF #40*, 17:22 – 18:2 There is zero knowledge of where any vehicle is destined when Plaintiff works on it because the buyer is not known at that time. *ECF #40*, 43:9-25 Further, Plaintiff did not know where the vehicles came from and thought it was from auction. *Plaintiff's Deposition*, *ECF #56-1*, 28:2-20. Further, Defendants testified that often, cars were just dropped off by their owners. *ECF #40*, 17:6-11

    30.    Admitted.

    31.    Admitted that Plaintiff claims that he injured himself on June 21, 2024. Defendants deny that Plaintiff injured himself while on the job. *ECF #41*, 11:21 – 12:10

    32.    Admitted that Plaintiff was terminated on August 6, 2024. Admitted that August 6, 2024 occurred six weeks after Plaintiff's alleged accident on June 21, 2024.

    33.    Admitted.

    34.    Admitted.

    35.    Admitted.

    36.    Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied. When Plaintiff worked at Fernando Ivan Prado's house, it was not for the benefit of Performance Auto, but tasks unrelated to Performance Auto. *ECF #40*, 40:18 – 41:6

42. Admitted.

43. Admitted.

44. Admitted.

45. Denied. *Plaintiff's Deposition*, *ECF #56-1*, 42:18-22. See also, *ECF #40*, 33:1-12; 33:13 – 34:5

46. The compounded statement is Denied. *Plaintiff's Deposition*, *ECF #56-1*, 42:18-22. See also, *ECF #40*, 33:1-12; 33:13 – 34:5; Admitted; however that Defendants did not keep track of Plaintiff's breaks

47. Admitted.

48. Admitted.

49. Denied. Plaintiff would leave at 6:00 p.m. *ECF #40*, 32:17 – 33:12; *ECF #41*, 17:21 – 18:7. Mateo Prado would leave at 6:30 p.m. to 7:00 p.m. *ECF #41*, 19:14-16

50. This Paragraph does not contain a fact to which a response is necessary, but a recitation of Plaintiff's claim. Defendants deny that Plaintiff worked his estimated weekly hours or even full forty (40) hours per week. *ECF #40*, 32:17 – 33:12; *ECF #41*, 17:21 – 18:7

51. Admitted.

52. Admitted.

5

53. Admitted.

54. Admitted.

55. Admitted.

56. This Paragraph does not contain a fact to which a response is necessary, but a recitation of Plaintiff's claim.

57. This Paragraph does not contain a fact to which a response is necessary, but a legal conclusion.

Respectfully submitted, this 26th day of August, 2025.

> ADI AMIT, P.A.
> *Counsel for Defendants*
> 101 Centre
> 101 NE Third Ave., Suite 300
> Fort Lauderdale, Florida 33301
> Phone: (954) 533-5922
> E-mail: Adi@defenderofbusiness.com
>
> By: *s/Adi Amit*
> Adi Amit, Esquire
> Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2025, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> /s/*Adi Amit*
> Adi Amit
> Florida Bar No: 35257

## SERVICE LIST

*Misael Cardenas v. Performance Auto Wholesalers, LLC, et al*
Case No. 1:24-cv-23654-RAR

Brian H. Pollock, Esquire
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
brian@fairlawattorney.com
*Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 N.E. Third Avenue,
Suite 300
Ft. Lauderdale, Florida 33301
Adi@DefenderOfBusiness.com
*Counsel for Defendants*