UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,
v.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND MATEO PRADO,

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, Misael Cardenas Rico, and Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, through their respective counsel, pursuant to this Court's Order Setting Jury Trial [ECF No. 20] and Local Rule 16.1.E, file their Joint Pretrial Stipulation.

**1.** **STATEMENT OF THE CASE:**

*Plaintiff's Statement of the Case*

Defendant Fernando Prado, owns and, with his son, Defendant Mateo Prado, operates Defendant, Performance Auto Wholesalers, LLC ("Performance Auto"), a motor vehicle dealership licensed in the State of Florida. The Defendants buy, sell, and consign exotic and classic cars. Cars would routinely arrive from sellers or consignors or be shipped to buyers outside of Florida. Performance Auto was an "employer" under the FLSA because it had two employees, Mr. Cardenas Rico and Mato Prado, it grossed over $500,000 in annual income, and was engaged in interstate commerce. Mr. Cardenas Rico, worked for the Defendants from November 2013 until the morning of June 21, 2024. Mr. Cardenas Rico worked Monday through Saturday for the Defendants. His job involved bringing the packages that arrived into the shop, preparing the cars for sale by performing extensive interior and exterior cleanings, detailing them, performing

cosmetic repairs to them, and rejuvenating them – including with parts that arrived from outside of Florida. Mr. Cardenas Rico also routinely worked at Fernando Ivan Prado's home on Saturdays instead of working at the shop. The Defendants paid Mr. Cardenas Rico through a combination of checks that included paychecks for wages from which they deducted taxes and withholdings, combined with other payments to him by checks from which they took no deductions, and for which they issued him a 1099. Mr. Cardenas Rico was an employee of the Defendants who engaged in commerce and the production of goods for commerce. Mr. Cardenas Rico had a key and the alarm code, as he was usually the first to arrive at work and/or the last to leave. Mr. Cardenas Rico routinely worked more than 40 hours a week for the Defendants, which the Defendants cannot dispute with any documentary evidence because they did not make or maintain any records of the times that Mr. Cardenas started or stopped working. The Defendants knowingly or willfully violated the FLSA's overtime pay requirements.

*Defendants' Statement of the Case*

Plaintiff – the sole employee of Performance Auto Wholesalers LLC other than Mateo Prado– is claiming damages under the Fair Labor Standards Act for alleged unpaid overtime. Defendants deny that Plaintiff worked the amount of hours he claims to be owed money for and deny that Plaintiff was covered under the FLSA because Performance Auto did not have the requisite two or more employees and because Mr. Cardenas himself did not participate in the movement of things through interstate commerce on a regular and recurrent basis.

2. **BASIS FOR FEDERAL JURISDICTION:**

Federal jurisdiction in this matter is premised on federal question jurisdiction under 28 U.S.C. §1331, involving the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

3. **PLEADINGS RAISING THE ISSUES:**

    a.     Plaintiff's Amended Complaint For FLSA Overtime Wages [ECF No. 28]; and

    b.    Defendants' Answer And Affirmative Defenses To Plaintiff's Amended Complaint And Demand For Jury Trial [ECF No. 29].

**4.    <u>UNDISPOSED OF MOTIONS AND OTHER MATTERS REQUIRING ACTION BY THE COURT:</u>**

    a.    Plaintiff's Motion For Summary Judgment [ECF No. 44].

    b.    Plaintiff's In Limine [ECF No. 42].

**5.    <u>STATEMENT OF UNCONTESTED FACTS WHICH SHOULD REQUIRE NO PROOF AT TRIAL:</u>**

    a.    Performance Auto is a motor vehicle dealer licensed by the State of Florida.

    b.    Defendants purchased, brokered, sold, and resold vehicles manufactured and/or assembled outside of the State of Florida that moved through interstate commerce. [ECF Nos. 28 at ¶16, 29 at ¶16.]

    c.    Furthermore, Defendants regularly and recurrently obtain, solicit, exchange, and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the Internet, via email, and otherwise outside of the State of Florida. [ECF Nos. 28 at ¶17, 29 at ¶17.]

    d.    Defendants also engage in e-commerce through the internet on their website, https://www.performanceautows.com/, which they registered through Tucows Domains Inc. (a foreign corporation). [ECF Nos. 28 at ¶18, 29 at ¶18.]

    e.    Defendants' annual gross revenues exceeded $500,000.00 for the relevant time and/or $125,000.00 for each fiscal quarter in which Mr. Cardenas Rico worked. [ECF Nos. 28 at ¶19, 29 at ¶19.]

    f.    Fernando Ivan Prado was an owner of Performance Auto during each of the years at issue in this lawsuit. [ECF Nos. 28 at ¶6, 29 at ¶6.]

    g.    Mateo Prado was an employee of Performance Auto during each of the years at issue in this lawsuit. [ECF No. 41 at pp. 7 (p. 5 of depo): 10-18 and 8 (p. 6 of depo): 14-19]

    h.    Mateo Prado was not one of the principals or owners of Performance Auto during any of the years at issue in this lawsuit. [ECF No. 41 at p. 7 (p. 5 of depo): 10-18]

    i.    Mr. Cardenas Rico started working as an employee of the Defendants in November 2013. [ECF Nos. 28 at ¶21, 29 at ¶21]

    j.    Mr. Cardenas Rico ceased performing work as an employee of the Defendants after June 21, 2024.

    k.    The Defendants issued biweekly payments of $1,500.00 to Mr. Cardenas Rico, through a paycheck for wages in the gross amount of $1,050, along with another non-payroll check for $450.00. [ECF Nos. 28 at ¶24, 29 at ¶24.]

    l.    The Defendants also paid Mr. Cardenas another $500 per month through a non-payroll check.

    m.    The Defendants issued Mr. Cardenas Rico a W-2 each year for the payroll checks they issued him for wages.

    n.    The Defendants also issued Mr. Cardenas Rico a 1099 each year for the non-payroll checks they issued him.

    o.    The Defendants did not request or require Mr. Cardenas Rico to document the times that he started working on any day that he worked for the Defendants.

    p.    The Defendants did not request or require Mr. Cardenas Rico to document the times that he took breaks from working on any day that he worked for the Defendants.

    q.    The Defendants did not request or require Mr. Cardenas Rico to document the times that he finished working at the end of each day that he worked for the Defendants.

    r.    The Defendants did not make or maintain records identifying the times that Mr. Cardenas started or stopped working on any day that he worked for them.

6.    STATEMENT OF THE ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL:

    a.    Whether Mr. Cardenas Rico individually engaged in commerce to be entitled to individual coverage under the FLSA.[1]

    b.    Whether Mr. Cardenas regularly and recurrently performed work involving or related to the movement of things in interstate commerce.

    c.    Whether Performance Auto Wholesalers LLC had two or more employees working for it during the relevant time period.

    d.    Whether Mr. Cardenas Rico worked over 40 hours in one or more workweeks for the Defendants.

---

[1] The Defendants dispute the inclusion of the term" the production of goods for commerce" because it was not alleged in the Amended Complaint [ECF No. 28]. The Plaintiff contends that the factual issue to be decided by the jury is "Whether Mr. Cardenas Rico individually engaged in commerce or the production of goods for commerce to be entitled to individual coverage under the FLSA," having put the Defendants on notice of his intention to seek individual coverage under the FLSA. *See* 29 U.S.C.S. § 207(a)(1).

  e. Whether Mr. Cardenas is owed any overtime wages, as required under the FLSA, if any.

  f. Whether Defendants knew or reasonably should have known of the hours that Mr. Cardenas Rico is determined to have worked.

  g. The total amount of overtime wages owed to Mr. Cardenas Rico, if any.

  h. Whether the Defendants willfully or recklessly failed to pay any overtime wages owed to Mr. Cardenas Rico (and the applicable limitations period).

7. <u>STATEMENT OF THE ISSUES OF LAW ON WHICH THERE IS AGREEMENT</u>:

  a. That there will be no evidence, argument, or inferences trial on the following issues:

   i. attorneys' fees

   ii. liquidated damages.

   iii. documents not timely disclosed/produced in discovery.

   iv. Any claimed inability to pay a judgment, financial hardship, or to evoke sympathy as a small/family-owned business.

   v. Any child support obligations owed or supposedly owed by any party.

   vi. The immigration status of any party.

  b. Mr. Cardenas was an "employee" of the Defendants under the FLSA.

  c. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). [ECF Nos. 28 at ¶13, 29 at ¶13.]

  d. Defendants engaged in interstate commerce during the time relevant to this lawsuit.

  e. Defendants are jointly and severally liable for any overtime wages awarded to Mr. Cardenas Rico, if any.

  f. Defendants are jointly and severally liable for any liquidated damages awarded to Mr. Cardenas Rico, if any.

8. <u>ISSUES OF LAW REMAINING FOR DETERMINATION BY THE COURT</u>:

  a. The disputed issues identified in Plaintiff's Motion in Limine [ECF No.

  b. The issues identified in the Plaintiff's Motion for Summary Judgment [ECF No.

  c. If the Plaintiff prevails at trial, should the Court award him liquidated damages and, if so, in what amount?

9. <u>TRIAL EXHIBITS AND WITNESSES:</u>

  a. Joint Exhibit List is appended hereto as Exhibit "A"

  <u>For Plaintiff</u>.

  Plaintiff's Witness List is appended hereto as Exhibit "B"

  Plaintiff's Exhibit List is appended hereto as Exhibit "C"

  b. <u>For Defendants</u>.

  Defendants' Witness List is appended hereto as Exhibit "D."

  Defendants' Exhibit List is appended hereto as Exhibit "E."

10. <u>PRETRIAL STIPULATION</u>:

The parties stipulate that during the trial of the case, including during voir dire, there will be no evidence or argument regarding:

  a. Attorneys' fees

  b. Liquidated damages.

  c. Documents not timely disclosed/produced in discovery, unless permitted by the Court for impeachment or rebuttal and after considering the objection(s) by any party.

  d. Any claimed inability to pay a judgment, financial hardship, or to evoke sympathy as a small/family-owned business.

  e. Any child support obligations owed or supposedly owed by any party.

  f. The immigration status of any party.

11. <u>ESTIMATED TRIAL TIME</u>:

The parties estimate that this jury trial will take 2-3 days.

12. <u>EXPERT WITNESSES:</u>

Neither the Plaintiff nor the Defendants disclosed any expert witnesses.

13. <u>ATTORNEYS' FEES</u>:

    A.    *Plaintiff*.

Plaintiff anticipates to have incurred over $100,000 in attorney's fees and costs through trial and pre-trial motions.

    B.    *Defendants*.

Defendants deny that Plaintiff is entitled to any fees.

Dated this <u>26th</u> day of August 2025.

| | |
|---|---|
| <u>s/Brian H. Pollock, Esq.</u><br>Brian H. Pollock, Esq. (174742)<br>brian@fairlawattorney.com<br>FAIRLAW FIRM<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33156<br>Tel:    305.230.4884<br>*Counsel for Plaintiff* | <u>/s/ Adi Amit, Esq.</u><br>Adi Amit, Esq. (35257)<br>adi@defenderofbusiness.com<br>ADI AMIT, P.A.<br>101 Centre<br>101 N.E. Third Avenue, Suite 300<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 533-5922<br>*Counsel for Defendant* |