UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

     Plaintiff,

v.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND MATEO PRADO,

     Defendants.

_____/

## PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Plaintiff, Misael Cardenas Rico, and Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, pursuant to the Court's Trial Order [ECF No. 20], Local Rule 16.1 of the Southern District of Florida and Fed. R. Civ. P. 51, hereby submit their Joint Proposed Jury Instructions and Verdict Form(s), as follows:

**Instructions proposed only by the Plaintiff are underlined.**

*Instructions proposed only by the Defendants are italicized.*

Respectfully submitted this <u>26th</u> day of August 2025,

<u>s/Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33156
Tel:   305.230.4884
*Counsel for Plaintiff*

<u>s/ Adi Amit, Esq.</u>
Adi Amit, Esq. (35257)
adi@defenderofbusiness.com
ADI AMIT, P.A.
101 Centre
101 N.E. Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Telephone: (954) 533-5922
*Counsel for Defendants*

## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a

civil trial and your duty as jurors. These are preliminary instructions. I'll give you

more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the

law to the facts. It's my job to provide you with the law you must apply – and you

must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom.

Evidence comes in many forms. It can be testimony about what someone saw, heard,

or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass

outside and people walking into the courthouse carrying wet umbrellas. This may be

indirect evidence that it rained, even though the witness didn't personally see it rain.

Indirect evidence like this is also called "circumstantial evidence" – simply a chain

of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence, and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question, or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the

question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may consider:

· The witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· The witness's memory;

· The witness's manner while testifying;

· Any interest the witness has in the outcome of the case;

· Any bias or prejudice the witness may have;

· Any other evidence that contradicts the witness's testimony;

· The reasonableness of the witness's testimony in light of all the evidence; and

· Any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. **The Plaintiff, Misael Cardenas Rico, claims that a United States law known as the Fair Labor Standards Act, or FLSA, required the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, to pay him overtime wages when he worked more than 40 hours in a workweek. He claims that Performance Auto Wholesalers LLC employed two or more employees, that he was engaged in commerce or the production of goods for commerce, that he regularly worked more than 40 hours a week for the Defendants, that the Defendants did not make or maintain records identifying the times that he started or stopped working each day, and that they willfully failed to pay him the overtime wages he earned, despite the FLSA's requirements.**

*The Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado deny those claims and contend that [describe affirmative defenses].*

Burden of proof:

Misael Cardenas Rico has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Misael Cardenas Rico must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Misael Cardenas Rico and the evidence favoring the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado on opposite sides of balancing scales, Misael Cardenas Rico needs to make the scales tip to his side. If Misael Cardenas Rico fails to meet this burden, you must find in favor of the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado must prove for any affirmative defense. After considering

all the evidence, if you decide that the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the

jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Misael Cardenas Rico will present his witnesses and ask them questions. After Misael Cardenas Rico questions the witness, the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado may ask the witness questions – this is called "cross-examining" the witness. Then the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado will present their witnesses, and Misael Cardenas Rico may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

## 1.2 Burden of Proof – Clear and Convincing Evidence

Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. The court will tell you when to apply this standard.

## 1.3 Official English Translation/Interpretation

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know [language], you must accept the English [interpretation/translation] provided and disregard any different meaning.

## 1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me, and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

## 2.2 Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is

entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

## 2.4 Interim Statements

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, Mr. Pollock is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is Mr. Pollock's view of the evidence or of what he anticipates the evidence will be, but isn't itself evidence.

## 2.5 Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

## 2.6 Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called

"interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

## 3.1

## Introduction

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## 3.2.2

## The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### 3.3
### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. However, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### 3.4

### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.5.2

### Impeachment of Witnesses Because of
### Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1

### Responsibility for Proof – Plaintiff's Claim – Preponderance of the Evidence

In this case, it is the responsibility of the Plaintiff, Misael Cardenas Rico, to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's, Misael Cardenas Rico, claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff, Misael Cardenas Rico.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's, Misael Cardenas Rico's claim by a preponderance of the evidence, you should find for the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, as to that claim.

### 3.7.2 Responsibility for Proof – Affirmative Defense
### Preponderance of the Evidence

In this case, the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, assert the affirmative defense[s] that meals and breaks are not compensable, and their lack of willfulness. Even if Misael Cardenas Rico proves his claim by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove Mr. Cardenas Rico's claim, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

**4.14**

**Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.**

In this case, Misael Cardenas Rico claims that his employers, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, did not pay him the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, Misael Cardenas Rico must prove each of the following facts by a preponderance of the evidence:

First: Misael Cardenas Rico was an employee of Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, and was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to pay Misael Cardenas Rico the overtime pay required by law.

[In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.]

For the first element, Misael Cardenas Rico must prove by a preponderance of the evidence that he was an employee engaged in commerce or in the production of goods for commerce/employed by an enterprise engaged in commerce or in the

production of goods for commerce. The Defendants have stipulated and agreed that Misael Cardenas Rico was an employee of Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado.

The term "commerce" has a very broad meaning and includes any trade, transportation, transmission, or communication between any place within a state and any place outside that state. Misael Cardenas Rico was engaged in the "production of goods" if he was employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods. An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000. **The Defendants have stipulated and agreed that their business engaged in commerce or the production of commercial goods for commerce and had annual gross sales of at least $500,000.**

Overtime claim: The FLSA requires employers to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer(s) must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known

as time-and-a-half pay for overtime work. A "workweek" is a regularly occurring period of seven days or 168 hours—seven consecutive 24-hour periods. Each workweek stands alone. Even if Misael Cardenas Rico worked more than 40 hours in one workweek and less than 40 hours in another, the law does not allow averaging the hours over two or more workweeks. For example, if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for any overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the two weeks is 40. The phrases "hours worked" and "time worked" include all time spent on activities controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and the employer's business. Such time constitutes "time worked" or "hours worked" if the employer knew or should have known of the overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours Misael Cardenas Rico's weekly salary was intended to compensate. To calculate how much overtime pay was owed to Misael Cardenas Rico for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to pay Misael Cardenas Rico the required pay if they paid him less than that amount.

The amount of damages is the difference between the amount Misael Cardenas Rico should have been paid and the amount he was actually paid. Misael Cardenas Rico is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit, **September 23, 2024**, unless you find that the Defendants either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct, then Misael Cardenas Rico is entitled to recover lost wages from the date of your verdict back to no more than three years before he filed this lawsuit**, September 23, 2024**.

Inadequate Records: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, Misael Cardenas Rico claims that Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to keep and maintain adequate records of his hours and pay. Misael Cardenas Rico also claims that Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado's failure to keep and maintain adequate records has made it difficult for Misael Cardenas Rico to prove the exact amount of his claim. "

If you find that Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to keep adequate time and pay records for Misael Cardenas Rico and that Misael Cardenas Rico performed work for which he should have been paid,

Misael Cardenas Rico may recover a reasonable estimation of the amount of his damages. But to recover this amount, Misael Cardenas Rico must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

---

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information

should remain in the jury room and not be shared with anyone, including me, in your note or question.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. You must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### 2.8 Civil *Allen* Charge

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the Defendants. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one and ignore others.

You may now return to the jury room and continue your deliberations.

## WORK
### (Proposed by Plaintiff)

**Permitting an employee to engage in an activity is considered "work" under the FLSA. "Work" includes any time the employer suffers or permits the employee to work. If the employers know or have reason to believe the work is being performed, the time must be counted as hours worked—even if the work was not requested, occurred outside scheduled shifts, or happened away from the worksite or at home.**

**"The reason an employee continues to work beyond his shift is immaterial; if the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted. 29 C.F.R. § 785.11.**

**In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so."**

**"An employer is said to have constructive knowledge of its employee's overtime work when it has reason to believe that its employee is working beyond his shift. when an employer's actions squelch truthful reports of overtime worked… it cannot disclaim knowledge."**

**Authority:** 29 C.F.R. §§ 785.11–785.13; *Reich v. Dep't of Conservation and Nat. Res.,* 28 F.3d 1076, 1082 (11th Cir.1994); *Allen v. Bd. of Pub. Educ. for Bibb County,*

495 F.3d 1306, 1314 (11th Cir. 2007).

## ESTIMATED OVERTIME AND BURDEN SHIFTING
### (Proposed by Plaintiff)

**Because the Defendants did not keep accurate records, Misael Cardenas Rico needed only to provide evidence that he in fact performed work for which he was improperly compensated and . . . sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."**

**Employees like Misael Cardenas Rico seldom keep such records themselves of the dates and times they worked. Therefore, the law allows employees like Mr. Cardenas Rico to make their case with evidence other than precise, written documentation. Misael Cardenas Rico's lack of documentation of his overtime is not unusual and does not prevent you from finding in his favor.**

**Misael Cardenas Rico has carried out his burden if he proves that he has, in fact, performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. Mr. Cardenas Rico may meet his burden with his own testimony even if he lacks documentation and is unable to state with precision the number of uncompensated hours he worked.**

**The burden then shifts to the Defendants to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from Misael Cardenas Rico's**

**evidence. If the Defendants fail to carry this burden, you may award damages to Misael Cardenas Rico based on a just and reasonable inference.**

**Authority:** *Keefe v. Britt's Bow Wow Boutique, Inc.*, 2025 U.S. App. LEXIS 12621*26-30 (11th Cir. May 23, 2025); *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007); *Reich v. Dep't of Conservation and Nat. Res.,* 28 F.3d 1076 (11th Cir. 1994); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87, 66 S. Ct. 1187, 90 L. Ed. 1515 (1946) .

## **RIGHT TO OVERTIME PAY NON-WAIVABLE**
### (Proposed by Plaintiff)

**The rights and requirements of the FLSA are mandatory and cannot be waived, negotiated, or bargained away between employers and employees. The rights and requirements of the FLSA cannot be abridged or otherwise waived or modified by contract or otherwise and can only be compromised by an employee when supervised for fairness by either the United States Department of Labor or a Court. Put another way, an employee cannot contract away her rights to minimum wage or overtime under the FLSA.**

**Authority:** *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Barrentine v. Arkansas-Best Freight Sys.,* Inc., 450 U.S. 728 (U.S. 1981); *Baker et.al. v. Barnard Construction Co. et.al.,* 146 F.3d 1214 (10th Cir. 1998)

## **"WILLFUL VIOLATION" (DEFINED)**
### (Proposed by Plaintiff)

To establish that the Defendants willfully violated FLSA, Mr. Cardenas Rico must prove that the Defendants either knew that their conduct was prohibited by the FLSA or showed reckless disregard about whether it was. The Defendants willfully violated the FLSA if they should have inquired as to whether their actions violate the FLSA but failed to do so. The word 'willful' is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.'

The Defendants knowingly violated the FLSA if they disregarded the FLSA deliberately or intentionally, such as by ignoring advice from a responsible official ... that the conduct in question is not lawful.

The Defendants acted with reckless disregard for the FLSA if their conduct was more than "merely negligent," and is blameworthy if they should have inquired further into whether their conduct was in compliance with the FLSA and failed to make adequate further inquiry.

The three-year statute of limitations may apply even when the Defendants did not knowingly violate the FLSA; rather, it may apply when they simply disregarded the possibility that they might be violating the FLSA.

**Authority:** 5 C.F.R. § 551.104; 29 C.F.R. § 578.3(c)(2), Smith v. St. Joseph's/Candler Health Sys., 770 F. App'x 523, 526 (11th Cir. 2019); *Davila v. Menendez*, 717 F.3d 1179, 1184-5 (11th Cir. 2013); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008); *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1324 (11th Cir. 2007); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988),

## "ENGAGED IN COMMERCE" (DEFINED)
### (Proposed by Plaintiff)

**The law does not require that Misael Cardenas Rico personally crossed state lines or shipped goods out of state; it is enough if his work was closely related to interstate commerce or involved goods that had already traveled across state lines. Mr. Cardenas was "engaged in commerce" under the FLSA if he directly participated in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.**

**Mr. Cardenas Rico was "engaged in commerce" within the meaning of the FLSA if he performed work involving or related to the movement of persons or things (whether tangibles or intangibles and including information and intelligence) among the several States or between any State and any place outside thereof. Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce as well as workers who order, receive, pack, ship, or keep records of such goods; clerical and other workers who regularly use the**

**mails, telephone or telegraph for interstate communication; and employees who**

**regularly travel across State lines while working.**

**Authority:** _Thorne v. All Rest. Servs._, 448 F.3d 1264, 1266 (11th Cir. 2006); _Alonso v. Garcia_, 147 F. App'x 815 (11th Cir. 2005); 29 C.F.R. §§ 776.23(d)(2) and 776.24; 29 C.F.R. § 779.103

## "PRODUCTION" (DEFINED)
### (Proposed by Plaintiff)

**To understand the meaning of "production" of goods for commerce as used in the FLSA, it is necessary to refer to the definition of the term "produced." The term "produced" as used in the FLSA "means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this Act an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State."**

**Authority:** 29 C.F.R. §779.13

**"GOODS" (DEFINED)**
(Proposed by Plaintiff)

**The term *"goods"* under the FLSA means "goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof.**

**Authority:** 29 C.F.R. §779.14;

## COMMERCE DEFINED
### (Proposed by Plaintiff)

**As used in the FLSA, the term "*commerce*" includes interstate and foreign commerce. It means "trade, commerce, transportation, transmission or communication among the several States or between any State and any place outside thereof."**

**Authority:** 29 C.F.R. §779.12

---

## "ENGAGED IN COMMERCE" AND
## "PRODUCTION OF GOODS FOR COMMERCE" (DEFINED)
### (Proposed by Plaintiff)

**The FLSA does not specify the percentage, volume, or amount of activities of Mr. Cardenas Rico which constitutes "engaging in commerce" or in the "production of goods for commerce". However, an employee whose in-commerce or production activities are isolated, sporadic, or occasional and involve only insubstantial amounts of goods will not be considered "engaged in commerce or in the production of goods for commerce" by virtue of that fact alone. The law is settled that every employee whose activities in commerce or in the production of goods for commerce, even though small in amount are regular and recurring, is considered "engaged in commerce or in the production of goods for commerce".**

**There are many classes of employees customarily employed by retail or service establishments or enterprises whose individual activities ordinarily constitute engagement in commerce or in the production of goods for commerce within the meaning of the Act.**

**Employees who regularly and recurrently engage in the loading or unloading of goods moving in commerce, or who regularly and recurrently handle, pack or otherwise work on goods that are destined to out-of-State points are engaged in covered activities.**

**<u>Custodial and maintenance employees who perform maintenance and custodial work on the machinery, equipment, or premises where goods regularly are produced for commerce or from which goods are regularly shipped in interstate commerce are engaged in covered activities.</u>**

**Authority:** <u>29 C.F.R. §§779.109; 779.113; 116</u>

## COUNTING EMPLOYEES FOR ENTERPRISE COVERAGE
### (Proposed by Plaintiff)

In deciding whether the Defendants' business is covered by the FLSA as an "enterprise," you must consider the number of employees who are regularly employed. An employee counts toward enterprise coverage if they are employed on a regular and recurrent basis, not merely as a one-time or sporadic worker.

The law does not require that each employee be engaged in interstate commerce; rather, the enterprise as a whole is covered if it has two or more employees engaged in commerce or handling goods or materials that have moved in commerce.

An employer will be considered to be an "enterprise engaged in commerce" if it has one or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

**Although Fernando Ivan Prado is an owner of Performance Auto Wholesalers, LLC, you may also find him to be an "employee" of that business for purposes of satisfying the requirement that it employ two or more employees to qualify for enterprise coverage.  He could, therefore, be both an "employer" and "employee" under the FLSA.**

**Authority:** 29 U.S.C. § 203(s)(1)(A) and (s)(2); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220–24 (11th Cir. 2010; *Martin v. Bedell*, 955 F.2d 1029, 1033 (5th Cir. 1992); *Scalia v. SX Mgmt., LLC*, 2021 U.S. Dist. LEXIS 112784, at *18 (W.D. Pa. June 16, 2021); *Kehler v. Albert Anderson, Inc.*, 2017 U.S. Dist. LEXIS 58826, at *27 (D.N.J. Apr. 17, 2017) (*quoting Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 32 (1961)); *Hess v. Madera Honda Suzuki*, 2012 U.S. Dist. LEXIS 131584, at *18 (E.D. Cal. Sep. 14, 2012) and *Aguirre v. Safe Hurricane Shutters, Inc.*, 2011 U.S. Dist. LEXIS 125195, 2011 WL 5986817, at *1 (S.D. Fla. Oct. 29, 2011)("Thus, it appears from this language [29 U.S.C. §203] that if an owner or manager performs work, that person fits within the definition of an employee.")

## LIMITED APPLICATION OF "MOM AND POP" EXCEPTION
### (PROPOSED BY PLAINTIFF)

**Under the FLSA, family members who work at Performance Auto Wholesalers, LLC must be counted as employees (unless you find that the Defendants only employed as their regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner).**

**If you find that the Performance Auto Wholesalers, LLC had as it only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner, but that Mr. Cardenas Rico was engaged in commerce or the production of goods for commerce, he is still entitled to recover overtime wages for the hours you find he worked beyond 40 in one or more of the workweeks at issue in this case.**

**Authority:** 29 U.S.C. §203(s)(2); *Velez v. Sanchez*, 693 F.3d 308, 327 (2d Cir. 2012)

**MEAL AND BREAK TIMES MUST BE UNINTERRUPTED**
(PROPOSED BY PLAINTIFF)

Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. Mr. Cardenas Rico must be completely relieved from duty for the purposes of eating regular meals. Ordinarily, 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. Mr. Cardenas Rico is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

A meal period is bona fide only when the employee is completely relieved from duty for the purposes of eating regular meals.

**Authority:** 29 C.F.R. § 785.19(a); *Gelber v. Akal Sec., Inc.*, 14 F.4th 1279, 1287 (11th Cir. 2021) *Cooley v. HMR of Ala., Inc.*, 747 F. App'x 805, 807 (11th Cir. 2018)

## REST TIME AND MEALTIME
*(Proposed by Defendants)*

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time.

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

AUTHORITY:    29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## ENTERPRISE COVERAGE UNDER THE FLSA
*(Proposed by the Defendants)*

Enterprise coverage may be shown by demonstrating that a defendant enterprise "(i) has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person **and** (ii) has an annual gross volume of sales made or business done not less than $ 500,000."

**Citation**:    29 U.S.C. §29 U.S.C. § 203(s)(1)(A); *St. Elien v. All Cty. Envtl. Servs.*, No. 19-CIV-60630-RAR, 2020 U.S. Dist. LEXIS 58209, at *5-6 (S.D. Fla. Mar. 31, 2020)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>COUNTING EMPLOYEES FOR ENTERPRISE COVERAGE</u>
*(Proposed by Defendants)*

In deciding whether the Defendants' business is covered by the FLSA as an "enterprise," you must consider the number of employees who are regularly employed by the business.

To satisfy the commerce test, the employer must have two or more employees, not including the owner or a member of the owner's immediate family, "engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce."

**Authority:** 29 U.S.C. § 203(s)(1)(A)(i); *Chappel v. Boss Rain Forest Pet Resort, Inc.*, 2018 U.S. Dist. LEXIS 44517; 2018 WL 7365237 (S.D. Fla. March 15, 2018)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INDIVIDUAL COVERAGE UNDER THE FLSA
*(Proposed by the Defendants)*

In order to determine if individual coverage exists under the FLSA, you must focus your inquiry on the activities of the employee and not on the employer. For an employee to be "engaged in commerce" for purposes of establishing individual coverage under the FLSA, the employee must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel. Indirect or sporadic involvement in interstate commerce is insufficient to establish individual coverage under the FLSA. The employee bears the burden of proof to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce.

**Citation**:   *St. Elien v. All Cty. Envtl. Servs.*, No. 19-CIV-60630-RAR, 2020 U.S. Dist. LEXIS 58209, at *6 (S.D. Fla. Mar. 31, 2020); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012)

GIVEN:

GIVEN AS MODIFIED:

WITHDRAWN:
REFUSED:

## WILLFULNESS DEFINED
*(Proposed by Defendants)*

Under the FLSA, "willfulness" means that the Defendant either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA. In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." In law, mere negligence is insufficient to support a finding of willfulness.

**Source:**     *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (U.S. 1988); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1166 (11th Cir. 2008)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED: