UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

# REPLY SUPPORTING
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    The undisputed material facts require the Court to grant Mr. Cardenas Rico's request for entry of summary judgment in his favor and against the Defendants. The facts establish that the Defendants were required to comply with the FLSA by virtue of enterprise coverage, since the "family business" exemption does not apply, and because Mr. Cardenas Rico was entitled to individual coverage. The facts also establish that the Defendants violated the requirement to pay Mr. Cardenas Rico the overtime wages he earned while working more than 40 hours a week, and that the Defendants failed to offer evidence that could be reduced to an admissible format to contest his estimate of the hours worked. When coupled with the evidence regarding how the Defendants paid Mr. Cardenas Rico, maintained no records, and did not consult anyone about their pay practices, the Court should also apply the three-year limitations period and award liquidated damages accordingly.

## II. ARGUMENT

**A.     The Defendants Were Required To Pay Mr. Cardenas Rico The Overtime Wages Required By The FLSA.**

    1.     Performance Auto Wholesalers LLC was an "enterprise engaged in commerce" as defined by the FLSA.

The Defendants' stipulations leave no doubt that Performance Auto Wholesalers LLC ("PAW") was a company with two or more employees engaging in interstate commerce with gross sales exceeding $500,000, subjecting it to complying with the FLSA. The Defendants stipulated to PAW having sufficient gross annual revenues and engaging in interstate commerce. [ECF No. 58 at 5.b., 5.c., 5.d., 5.e.]. The Defendants further stipulated that PAW employed Mateo Prado and Mr. Cardenas Rico. *Id.*, at 5.g., 5.h., 5.i.

The Defendants oppose summary judgment on the issue of enterprise coverage by mistakenly relying on what is known as the "mom and pop" exception to enterprise coverage, for which they cite to *Chappel v. Boss Rain Forest Pet Resort, Inc.*, 2018 U.S. Dist. LEXIS 44517, at *11 (S.D. Fla. Mar. 15, 2018) for the following proposition:

> To satisfy the commerce test, the employer must have two or more employees, not including the owner or a member of the owner's immediate family, "engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce." 29 U.S.C. § 203(s)(1)(A)(i).

The "mom and pop" exception is not found at 29 U.S.C. § 203(s)(1)(A)(i), but in 29 U.S.C. §203(s)(2). The "mom and pop" exception to enterprise coverage does exclude family members from being counted as employees, but excludes from enterprise coverages businesses that only employ close family members - circumstances not present herein:

> Any establishment that has **as its only regular employees the owner thereof or the parent, spouse, child, or other member of the immediate family of such owner** shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise. The sales of such an establishment shall not be included for the purpose of determining the annual gross volume of sales of any enterprise for the purpose of this subsection. [*Emphasis added*.]

29 U.S.C. §203(s)(2). The "mom and pop" exception is limited to employers **whose <u>only</u> regular employees are immediate family members**.

> If defendant and/or his immediate family members were the only 'regular' employees of the business, the business is exempt from FLSA's coverage and plaintiffs cannot establish enterprise liability under the FLSA.

*Singh v. Golam Mowla*, 2022 U.S. Dist. LEXIS 179520, at *18 (E.D.N.Y. Sep. 30, 2022); *see also* 29 C.F.R. §779.234 (discussing "mom and pop" exception).

The "mom and pop" exception <u>does not apply</u> to the Defendants because their business regularly employed Mr. Cardenas Rico, who was not a close family member of Fernando Ivan Prado or Mateo Prado. [ECF No. 58 at 5.g., 5.h., 5.i.] Since the Defendants <u>did not employ only immediate family members</u>, the "mom and pop" exception does not apply – just as the just as the Fifth Circuit found it did not apply to an employer who had non-family members working for it in *Martin v. Bedell*, 955 F.2d 1029, 1033 (5th Cir. 1992) ("[T]he Act excludes sales figures for a 'mom and pop' establishment that regularly employs only immediate family members."); *see also Bachman v. Bachman*, 2020 U.S. Dist. LEXIS 141828, at *9 (D. Neb. Aug. 7, 2020) (enterprise coverage existed due to finding that nephews of owner who did not live in his household and precluded application of "mom and pop" exception).

Accordingly, the Court must find that the Defendants are subject to enterprise coverage and, as a result, were required to pay Mr. Cardenas Rico overtime wages for the overtime hours he worked.

    2.    <u>Mr. Cardenas Rico is entitled to individual FLSA coverage.</u>

Defendants focus solely on whether Mr. Cardenas Rico was "engaged in commerce" based on the allegation in ¶23 of the Amended Complaint, denying that he could establish individual coverage through the "production of goods for commerce" aspect due to his failure to allege the same. [ECF No. 57 at 5]. The Defendants' mistaken tactic of ignoring Mr. Cardenas Rico's analysis of both aspects of individual FLSA coverage resulted from their disregard for the "notice pleading" standard applicable to his claim. The "notice pleading standard" did not require Mr. Cardenas Rico to establish every basis upon which the Court could have jurisdiction – only that it has jurisdiction on one or more bases. *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 683 (11th Cir. 2001).

### B. Mr. Cardenas Rico Worked Overtime For The Defendants Without Receiving Overtime Pay.

The Defendants are responsible for paying Mr. Cardenas Rico for overtime work he performed, regardless of whether they asked him to work overtime or not.

> Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. He may be a pieceworker, he may desire to finish an assigned task or he may wish to correct errors, paste work tickets, prepare time reports or other records. **The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time**. [*Emphasis added*.]

29 C.F.R. § 785.11. The test for whether the work was compensable is not whether Defendants required the work to be performed, but whether Defendants knew or should have known that the work was being performed:

> It is not relevant that the employer did not ask the employee to do the work. The reason that the employee performed the work is also not relevant. "[I]f the employer knows or has reason to believe that the employee continues to work, the additional hours must be counted." *Reich v. Dep't of Conservation and Nat. Res.*, 28 F.3d 1076, 1082 (11th Cir.1994) (citing 29 C.F.R. § 785.11).
>
> In order to prevail on their claim in this case, Plaintiffs must prove that they were suffered or permitted to work without compensation. 29 U.S.C. § 201 *et seq*. Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the Board knew or *1315 should have known of the overtime work. *See Reich*, 28 F.3d at 1081–82; *see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time.").

*Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007). Thus, the initial issue is whether Defendants <u>knew or should have known</u> Mr. Cardenas Rico was working more than 40 hours in a workweek. They have provided the Court with no basis to find otherwise.

The Defendants argue that a material factual dispute exists regarding the hours Mr. Cardenas Rico worked, precluding the entry of summary judgment for him. [ECF No. 57 at 11]. The Defendants rely on speculative deposition testimony offered by Mateo Prado, not personal knowledge. [*Id.*, citing ECF No. 40 at 32-33: 17-12 and No. 41 at 17-28: 21-7]. The law precludes the Court from considering Mateo Prado's testimony as creating a material factual dispute because

his testimony about the hours Mr. Cardenas Rico worked or did not work is unsupported in fact facts and based on speculation.

> "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record," *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citations omitted). For instance, **mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion**. *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989). Moreover, statements in affidavits that are based, in part, upon information and belief cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment. *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002); *see also* Fed.R.Civ.P. 56(e). [*Emphasis added.*]

*Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005).

In his capacity as the Defendant's representative, Mateo Prado testified that Mr. Cardenas Rico never worked 40 hours a week during the three years before he filed this lawsuit. [ECF No. 40 at 34-35 (Depo p. 32-33): 17-12]. Mateo Prado based his testimony on the hours Mr. Cardenas Rico was <u>scheduled to work</u>, which Mateo Prado testified that Mr. Cardenas Rico worked 35 hours a week twice a month and 38 hours a week twice a month. *Id.*, at 35 (Depo 33): 1-12. This testimony is not based on personal knowledge. It is based on the mistaken assumption that because Mr. Cardenas Rico was <u>scheduled to work</u> certain hours and <u>could take one hour for lunch each day</u>, he worked only those hours and actually took one hour for lunch each day. *Id.*, at 35-36 (Depo 33-34): 13-5. Mateo Prado testified that his testimony was <u>not based on personal knowledge</u> but on "assuming he's taking his hour" because the Defendants "Didn't really keep track" of how long Mr. Cardenas Rico took for a lunch break (if he took one at all). [ECF No. 40 at 35-36 (Depo 33-34): 13-5].[1]

---

[1] The lack of records placed the burden on the Defendants, not Mr. Cardenas Rico. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

Thus, in situations where the employer's records cannot be trusted and the employee lacks documentation, the Supreme Court held "that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* The burden then becomes the employer's, and it must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687-88. "If the employer fails to produce such

> "[P]ersonal knowledge" is "[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." Personal Knowledge, Black's Law Dictionary 951 (9th ed. 2004).

*Batres-Garay v. United States AG*, 748 F. App'x 204, 209 (11th Cir. 2018). At best, Mateo Prado's testimony – and the Defendants' opposition to summary judgment – is based on speculation and conjecture.

> As the Seventh Circuit explained in this context, "unsupported speculation... does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."

*Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)). This type of testimony would not be admissible at trial and cannot be considered at this stage of the proceedings, since "On motions for summary judgment, a court may consider only that evidence which can be reduced to an admissible form." *Snover v. City of Starke, Fla.*, 398 F. App'x 445, 449 (11th Cir. 2010). As the Court observed in *Vega v. Invsco Grp., Ltd.*, "the nonmoving party cannot create a genuine issue of material fact through speculation, conjecture, or evidence [*870] that is 'merely colorable' or 'not significantly probative.'" 432 F. App'x 867, 869-70 (11th Cir. 2011).

The Defendants' speculative testimony cannot serve as a basis for the Court to find that the existence of evidence disputing the facts offered by Mr. Cardenas Rico, which were based upon his personal knowledge, and established that he worked approximately 44 hours a week for the Defendants:

> 20. When I would take breaks during the days I worked for the Defendants, which was rare, they would not last more than 10 to 15 minutes at a time.
>
> 21. I often would eat my lunch while I worked.
>
> ** ** **
>
> 28. I estimate that I regularly worked 44 hours a week, or 4 hours of overtime a week.

[ECF No. 442- at 2].

---

> evidence, the court may then award damages to the employee, even though the result be only approximate." *Id*. at 688.

*Allen*, 495 F.3d at 1316.

Speculative testimony is to be excluded from consideration at summary judgment. *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1254(11th Cir. 2007). The Defendants' reliance on speculative testimony that cannot be reduced to admissible evidence at trial cannot create a genuine issue of material fact sufficient to avoid the entry of summary judgment for Mr. Cardenas Rico. *See e.g.*, *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1318 (11th Cir. 2011) ("At the summary judgment stage, such 'evidence,' consisting of one speculative inference heaped upon another, was entirely insufficient.") (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir 2005)).

C. **The Defendants Willfully Violated The FLSA.**

The Defendants cannot avoid the imposition of liquidated damages based on the undisputed record evidence. Herein, the Defendants did not offer any facts from which the Court could determine that they attempted to track the hours Mr. Cardenas Rico worked, as required by the FLSA at 29 USCS § 211, or that they attempted to determine whether Mr. Cardenas Rico was entitled to overtime wages for working overtime. (*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 S. Ct. 1187, 1192 (1946)). The Defendants do not explain why they violated the requirement to pay Mr. Cardenas Rico as an employee and paid him, at least in part, as an independent contractor for some of the wages they paid to him. *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 449 (M.D. Fla 1988). Mr. Cardenas Rico could not be both an employee and an independent contractor while performing the same work at the same time for the Defendants. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1319 (11th Cir. 2013). Although the Defendants contend that Mr. Cardenas Rico did not work more than 40 hours in a workweek, their (mistaken) belief about the hours he worked does not operate to discharge them from their obligation to pay for overtime worked. *Kennedy v. Critical Intervention Servs.*, 199 F. Supp. 2d 1305, 1307-08 (M.D. Fla. 2002).

D. **The Defendants Cannot Avoid The Imposition Of Liquidated Damages.**

The Court can determine the issue of liquidated damages once Mr. Cardenas Rico establishes that the Defendants violated the FLSA.

> "A court may resolve the issue of liquidated damages at summary judgment once an FLSA violation has been established." *Tran v. Nomad Grp. LLC*, No. 8:20-cv-1945-CEH-SPF, 2022 U.S. Dist. LEXIS 184700, 2022 WL 4553301, at *7 (M.D. Fla. July 8, 2022), *report and recommendation adopted*, 2022 WL 22878424 (M.D. Fla. July 25, 2022) (citing *Meeks v. Pasco*

*Cty. Sheriff*, 688 F. App'x 714, 718 (11th Cir. 2017) (affirming award of liquidated damages at summary judgment)).

*Zappettini v. Ocean Club Sportswear, Inc.*, 2024 U.S. Dist. LEXIS 201017, at *8-9 (M.D. Fla. Nov. 5, 2024).

In *Bautista Hernandez v. Tadala's Nursery, Inc.*, the Court discussed the requirement that, "To establish the requisite subjective 'good faith,' an employer must show that it took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'" 34 F. Supp. 3d 1229, 1246 (S.D. Fla. 2014) (*quoting Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (internal citations omitted). Defendants offered <u>no evidence that they affirmatively tried to comply with the FLSA</u>. The facts of this case are akin to those considered in *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1168 (11th Cir. 2008), in which the Eleventh Circuit Court of Appeals affirmed the award of liquidated damages and the finding of willfulness because the defendants and those acting on their behalf "failed to supply [attorney] Kalish and the payroll company with all of the information needed to arrive at an informed opinion on the subject." Defendants, similarly, offered no evidence that they made a "good faith" attempt to comply with the FLSA. *See Arias v. Alpine Towing, Inc.*, 2011 WL 1233229, at *2 (S.D. Fla. Mar. 30, 2011) ('The defendants cite no evidence of an intention to ascertain the applicable law in their response and as such fail to satisfy their burden of demonstrating good faith. The Court finds that the defendants did not possess the requisite subjective good faith in this case.") Defendants offered no evidence that they undertook a "good faith" effort to try to comply with the FLSA, requiring the imposition of liquidated damages after a finding that Defendants violated the FLSA. *Molina v. Ace Homecare LLC*, 2017 WL 6049378, at *4 (M.D. Fla. Dec. 5, 2017) (Granting summary judgment to plaintiff because, "The Barlaans present no evidence to demonstrate that their violation of the FLSA was made in good faith.") Therefore, the imposition of liquidated damages is mandatory.

## CONCLUSION

For the foregoing reasons, Mr. Cardenas Rico respectfully requests that this Court grant his Motion for Summary Judgment in its entirety. That there are no genuine issues of material fact to be adjudicated at trial, such that Mr. Cardenas Rico is entitled to judgment as a matter of law. Accordingly, Mr. Cardenas Rico asks that the Court enter summary judgment in his favor and grant such other and further relief as the court deems just and proper.

Respectfully submitted this 15th day of September 2025.

                                                          *s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*