UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

 Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

 Defendants.
_____/

**REPLY SUPPORTING
PLAINTIFF'S MOTION IN LIMINE AND/OR TO EXCLUDE**

**(A)**   **No Evidence, Argument, Inference, Or Reference At Trial Regarding Mr. Cardenas Rico's Having Custody And/Or Responsibilities In Caring For His Daughter.**

 The Defendants oppose Mr. Cardenas Rico's request to exclude evidence, arguments, inferences, or references at trial regarding his having custody and/ or responsibilities to care for his daughter. They contend that the Court should allow the jury to consider evidence about Mr. Cardenas Rico's family responsibilities based on the testimony by Mateo Prado that Mr. Cardenas Rico was limited to working every other Saturday from 10:00 a.m. to 1:00 p.m. because of his parental responsibilities [ECF No. 40 (Depo p. 33: 1-12)]. Defendants did not cite to this testimony, preferring instead to refer to it in general terms [ECF No. 55 at 4]. Mr. Cardenas Rico testified that he has four children living with him in Florida. [ECF No. 56-1 at 39-42: 21-17]. Mr. Cardenas Rico testified that he "used to work every Saturday, and up until six months ago -- six months before, that's when he said that he was going to give me a Saturday off." [*Id.*]. Mr. Cardenas Rico

1

further testified that when he worked on Saturdays, his hours were from 10:00 a.m. to 1:00 or 1:30 p.m. [*Id.*, at 44-45: 16-1]. Thus, the *only* reason the Defendants could legitimately claim they would introduce the custody issue was to address the disputed issue of *when* Mr. Cardenas Rico started to receive every other Saturday off, and *why*. Permitting the Defendants to offer speculative evidence that is based on hearsay would only confuse the jury, be more prejudicial than probative, and result in an unnecessary sideshow.

Whether Mr. Cardenas Rico had weekend childcare responsibilities or shared custody is not a "fact of consequence" to his FLSA overtime claim. The FLSA, its interpretive guidance, and caselaw make it clear that overtime liability hinges on the hours actually worked over 40 hours in a workweek. *See* 229 U.S.C. §207(a)(1); 29 C.F.R. §778.315 (overtime is due for "all hours worked" in excess of the maximum hours standard); 29 C.F.R. §778.223 (hours worked include time the employee is required to be on duty, is "suffered or permitted" to work)..

Even assuming some marginal relevance, Federal Rule of Evidence 403 requires exclusion because the proffered "parenting" evidence invites a trial within a trial about the custody arrangements, parental obligations, and stereotypes that risks unfair prejudice, confusion, and distraction from the only question the jury must decide: did Mr. Cardenas Rico work more than 40 hours in one or more workweeks, with what frequency did he work Saturdays and when, what hours did he work, and did Defendants know or should they have known about his overtime work. The Eleventh Circuit has consistently affirmed the exclusion of collateral evidence that risks generating a "mini trial on collateral issues," particularly under the Federal Rule of Evidence 403. *See U.S. v. Burnette,* 65 F.4th 591, 608 (11th Cir. 2023). Where a party can prove the pertinent fact by a less prejudicial means – here, by admissible business records or testimony – courts may exclude needlessly prejudicial evidence under Rule 403. *See Old Chief v. U.S.*, 518 U.S. 172 (1997).

2

Permitting testimony that Mr. Cardenas Rico had to take care of his daughter invites speculative testimony or hearsay, both of which are inadmissible under Rules 602 and 802. If Defendants wish to contest whether specific Saturdays were worked, they can do so directly – without references to custody, parenting, or family obligations. The Court should therefore preclude any argument, evidence, or insinuation regarding Mr. Cardenas Rico's child custody, parental status, or family obligations.

**(B)** **<u>No Evidence, Argument, Inference, Or Reference At Trial That Mr. Cardenas Rico Performed Work for Mayor Cars On or After June 21, 2024.</u>**

Omitted from the Defendants' Response is the reason *why* they paid Mr. Cardenas Rico from June 21 to August 6, 2024. They didn't do it as an "overpayment" and did not claim as much in their Affirmative Defenses. [*See* ECF No. 29]. They paid Mr. Cardenas Rico after June 21, 2024, because he suffered a work-related injury on that date. [ECF No. 39 at 21-22: 12-1; ECF No. 40: 45-46: 15-2]. He sought medical care and treatment from Defendants. [ECF No. 40 at51: 5-8]. Defendants had no workers' compensation insurance. (Exhibits "A" and "B".) Defendants attempted to placate Mr. Cardenas Rico by continuing to pay him while he was recovering from his injuries, hoping he would not pursue a claim for workers' compensation benefits, as Defendants were uninsured for this claim. [ECF No. 41 at 34 (Depo p. 32)]. Excluding any evidence related to what occurred *after* Mr. Cardenas ceased performing work for the Defendants and outside the dates for which he seeks overtime is appropriate, as the evidence is irrelevant, not probative, and more prejudicial than probative.

Nonetheless, the Defendants claim that they should be able to introduce (their own testimonial) evidence that Mr. Cardenas Rico was working for Mayor Cars after June 21, 2024. Their proffered evidence on supposition and conjecture sparked by a drive-by: "I physically,

3

myself, personally, **<u>drove by there multiple times and saw his car parked outside</u>** when he was still employed by us." [ECF No. 40 at 46-47: 18-2]. On further inquiry, Defendants' corporate representative testified that he never observed Mr. Cardenas Rico work at or for Mayor Cars – instead speculating about his activities based on seeing Mr. Cardenas Rico's car at Mayor Cards during work hours *after* he ceased performing work for the Defendants. [*Id.* at 48: 3-7]. Equally as inadmissible are the hearsay statements attributable to others – such as Marcio Gonzales, who is not scheduled to testify, or unidentified persons. [*Id.*, at 46: 18-20: "I've been told by multiple people" and 48: 8-11].

Consequently, the Court properly excludes any reference to Mr. Cardenas Rico's activities after he ceased performing work for the Defendants.

**(C)**   **<u>No Evidence, Argument, Inference, Or Reference At Trial To Any Concurrent Employment/Independent Contractor Work Mr. Cardenas Rico Performed While Employed By Defendants.</u>**

Mr. Cardenas Rico moves to exclude any evidence, testimony, argument, or inference regarding alleged concurrent employment or independent contractor work performed by Mr. Cardenas Rico while employed by Defendant. Such evidence is inadmissible as it is irrelevant, unfairly prejudicial, and such evidence would only be used to cast Mr. Cardenas Rico in a negative light under Federal Rules of Evidence 401, 402, and 403.

Defendant's response confirms why evidence of Mr. Cardenas Rico's alleged concurrent employment or independent contractor work should be excluded as Mr. Cardenas Rico's. claims are limited to the hours he actually worked for Defendants. Mr. Cardenas Rico does not contend that Defendants should pay him for working with others. Courts consistently hold that an employee's outside employment or "moonlighting" is irrelevant to whether the employer failed to pay overtime for hours actually worked. *See Solis v. A+ Nursetemps, Inc.,* 2013 U.S. Dist. Lexis 49595

4

(M.D. Fla. Apr. 5, 2013) (availability for other work does not reduce the employer's liability for hours worked for the employer).

Even if marginally relevant, such evidence is substantially more prejudicial than probative under Rule 403. Introducing testimony or arguments about outside work risks confusing the jury, inviting improper speculation, and allowing Defendants to argue that Mr. Cardenas Rico's free time work somehow reduces his entitlement to overtime. Allowing Defendants to introduce such collateral evidence would create exactly the type of unfair prejudice and confusion that Rule 403 was designed to prevent.

**(D)** **No Evidence, Argument, Inference, Or Reference At Trial To Any Documents Defendants Did Not Timely Disclose/Produce In Discovery.**

Defendants' response only highlights the need for an order *in li mine*. Mr. Cardenas Rico does not seek to preclude legitimate impeachment material, which Rule 26 expressly exempts. Rather, Mr. Cardenas Rico seeks to prevent Defendants from introducing substantive documents that should have been disclosed during discovery but were not. Rule 26 imposes clear disclosure and supplementation obligations, and Rule 37 makes exclusion the default sanction when those obligations are ignored.

Federal Rule of Civil Procedure 26 requires parties to provide complete and timely discovery disclosures. The Eleventh Circuit has highlighted the importance of fairness in applying Rule 37(c)(1) in situations where disclosures (or discovery) were not timely provided. *See Young v. Lexington Ins. Co.*, 269 F.R.D. 692 (S.D. Fla. 2010); and *Cooley v. Great Southern Wood Preserving*, 138 Fed. Appx. 149, 158 (11th Cir. 2005) (affirming exclusion of untimely-disclosed exhibits under Rule 37(c)(1)).

5

Defendants' reliance on *Powers v. Target Corp.*, 2020 U.S. Dist. LEXIS 140511 (S.D. Fla. Aug. 6, 2020), is misplaced. *Powers* concerns impeachment-only evidence, which is outside the scope of Mr. Cardenas Rico's motion. Here, Defendants seek to smuggle substantive evidence into trial after the close of discovery –precisely what Rule 26 and Rule 37 forbid. Allowing such evidence would reward Defendants' noncompliance and irreparably prejudice Mr. Cardenas Rico by depriving him of the opportunity to test, rebut, or contextualize the documents in discovery.

The Court should not allow Defendants to hedge their position by leaving open the possibility of introducing undisclosed evidence at trial. An order *in li mine* is necessary to ensure compliance with the Federal Rules, to prevent prejudice, and to preserve the integrity of the trial process. Accordingly, Mr. Cardenas Rico respectfully requests that the Court enter an order barring Defendants from introducing, referencing, or alluding to any discovery that was not timely produced, other than for impeachment if otherwise admissible.

WHEREFORE, Plaintiff, Misael Cardenas Rico, requests that the Court enter an Order *in limine* for the stated reasons.

Respectfully submitted this 16th day of September 2025,

s/ Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*
