UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO
WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME
## *NUNC PRO TUNC* TO SERVE HIS MOTION IN LIMINE REPLY

Plaintiff, Misael Cardenas Rico, his counsel, hereby files his Motion for Enlargement of Time *Nunc Pro Tunc* to His Motion in Limine Reply pursuant to Fed. R. Civ. P. 6(b)(1)(B), and as grounds therefor, states:

### RELEVANT PROCEDURAL HISTORY

1. Plaintiff filed his Motion in Limine and or to Exclude on July 22, 2025. [ECF No. 42].

2. Defendants filed their Response to Plaintiff's Motion in Limine on August 26, 2025. [ECF No. 55].

3. On September 2, 2025, Plaintiff filed an Unopposed Motion for Extension of time to file his reply. [ECF No. 61].

4. The Court granted Plaintiff's Motion for Extension by order entered on September 2, 2025. [ECF No. 62].

5. Counsel Brian H. Pollock was responsible for serving the Reply supporting Plaintiff's Motion in Limine. However, Mr. Pollock was either in deposition (September 8-10 and 15-16), in Mediation out of the office (September 11, 2025), or out of the office for personal reasons (September 12, 2025), consuming much of his time.

6. Although the Reply was prepared, it had not been finalized or timely filed by the deadline of September 15, 2025, due to commitments in other matters.

7. Pursuant to Local Rule 7.1(a)(3), the undersigned certifies that he consulted with opposing counsel about his position on the requested one-day extension *nunc pro tunc*, but a response was not provided as to his position on the relief sought herein.

8. This Motion is submitted in good faith and not for the purpose of delay.

9. The granting of the instant Motion will not cause prejudice to any party, but denying the Motion will cause prejudice to the Plaintiff.

## ARGUMENT AND MEMORANDUM OF LAW

The Court may extend the time to perform any act which is required by a specified time after the time has expired. Fed.R.Civ.P. 6(b)(1)(B). To do so, the Court must find the movant failed to act because of "excusable neglect." *Id*. "'[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to neglect." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 394 (1993).

To find excusable neglect, the Court "is instructed to consider the following four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and the potential impact

on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith." *Rance v. Rock Solid Granit USA, Inc.*, WL 906643, at *1 (S.D. Fla. February 9, 2011). "Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)), citing *Pioneer Investments*. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Peeler v. KVH Industries, Inc.*, 13 F. Supp. 3d 1241, 1261 (M.D. Fla. 2014), citing to *Pioneer Investments,* at 392. "An attorney's error of law is not a sufficient basis to excuse failure to comply with a deadline, but an error of fact may be excusable." *Santillana v. Florida State Court System*, WL 1532337, at *1 (M.D. Fla. April 16, 2010), citing to *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998-99 (11th Cir. 1997).

Specifically in the context of discovery demands, courts have found it proper to preserve a party's right to assert untimely objections where the delay is slight, there is no prejudice to the other party and there is no pattern of misconduct. *See Burlington Ins. Co. v. Okie Dokie, Inc.,* 368 F.Supp.2d 83, 91 (D.D.C. 2005)(allowing plaintiff to object to discovery demands nine days after deadline where delay would not prejudice defendant and there was no pattern of misconduct); *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (plaintiff did not waive his right to object to discovery requests where five or nine day delay did not prejudice defendant and there was no pattern of misconduct).

### No Prejudice to Defendants

"In *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Cheney*, at 850, citing to *Pioneer Investments*. Granting the instant Motion will not prejudice Defendant, who already filed their objection. On the contrary, denying the Motion will necessarily prejudice Plaintiff who will be precluded from asserting Reply in support of its motion.

### No Potential Impact on Proceedings

Granting the instant Motion will have no potential impact on these proceedings. *See Rance*, at *1 (delay of "merely one month" is a "relatively short delay" with "no potential impact" on the proceedings); *Santillana*, at *2 (22 days "neglectful" but not bad faith); *BP Products North America, Inc. v. Super Stop No. 701, Inc.*, WL2852780, at *2 (S.D. Fla. September 1, 2009) (court found 21-day delay after calendaring error by counsel "quite short"). Herein, the delay is one day. As such, there will be no impact in delaying these proceedings if the instant Motion is granted.

### Reason for Delay

Undersigned counsel respectfully submits that this type of error is precisely the type of "excusable neglect" contemplated by Fed. R. Civ. P 6(b)(1)(B).

### Movant Acted in Good Faith

Plaintiff's failure to timely request an extension of time to make its Reply was completely unintentional and was not the result of any bad faith. *See Rance*, at *1 ("completely unintentional" failure to file was sufficient to fulfill the good faith requirement). Plaintiff did not deliberately disregard the Federal Rules; did not intend to delay the proceedings and did not seek an advantage by not seeking the requested extension. *See Cheney*, at 850. The reason for the delay was press of

other professional obligations and an unusually heavy workload due to the departure of an associate attorney.

WHEREFORE, Plaintiff, Misael Cardenas Rico, respectfully requests that the Court grant the instant Motion in its entirety, enlarge Plaintiff's time to serve his Reply *nunc pro tunc* to September 16, 2025, and grant Plaintiff such other and further relief as this Court deems just and proper.

## **LOCAL RULE 7.1 CERTIFICATION**

Counsel for the movant conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and represents that defense counsel did not respond with his position on the relief requested above.

Respectfully submitted September 16, 2025.

Katelyn Schickman, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
Katelyn Schickman, Esq.
Fla. Bar No 1064879
katie@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884
*Counsel for Plaintiff*
