UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO
WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND COLLATERAL ESTOPPEL

Plaintiff, Misael Cardenas Rico, through his undersigned counsel, and pursuant to Fed. R. Evid. 201, requests that this Court take judicial notice of the Final Compensation Order issued on September 30, 2025, in Misael Cardenas Rico v. Performance Auto Wholesale LLC, presently pending in the Florida Division of Administrative Hearings, Office of the Judges of Compensation Claims, Miami Division, bearing Case No. 24-024988ERA, and collaterally estop Defendant, Performance Ato Wholesalers LLC from relitigating the issued decided therein, and in support thereof states as follows:

### BACKGROUND

1.    Mr. Cardenas suffered a work-related injury on June 21, 2024, while working for the Defendants.

2. He later retained counsel and filed a Petition For Workers' Compensation Benefits against Performance Auto Wholesalers LLC with the Florida Division of Administrative Hearings, Office of the Judges of Compensation Claims, Miami Division, on October 15, 2025, which was assigned Case No. 24-024988ERA.

3. The Respondent therein, the corporate Defendant in this case, Performance Auto Wholesalers LLC, was represented by counsel at all times in Case No. 24-024988ERA.

4. Mr. Cardenas, again through counsel, filed another Petition for Benefits on January 24, 2025, in the same case.

5. A final hearing on Mr. Cardenas' workers' compensation case against Performance Auto Wholesalers LLC began on April 21, 2025, and then concluded on September 25, 2025, after which a Final Compensation Order was entered on September 30, 2025 ("Final Order"). (Exhibit "A".)

6. The Final Order is a matter of public record and, after an adversarial process, includes factual and legal determinations of disputed issues involving the parties to this litigation.

7. In particular, the Final Order contains factual findings that include the following:

   a. "His [Mr. Cardenas'] duties were to wash cars, charge batteries, and do general maintenance."

   b. "He [Mr. Cardenas] worked from 10:00 am to 6:00 pm weekdays, and Saturday from 10:00am to 1:00pm."

   c. "In addition to these regular hours, he [Mr. Cardenas] also fixed cars on the weekend."

    d. "On the day of the accident [June 21, 2024], he [Mr. Cardenas] arrived shortly before 10:00am."

    e. "There were more than two or more employees there [at Performance Auto Wholesalers LLC], and Claimant [Mr. Cardenas] was the third employee."

    f. "The Claimant [Mr. Cardenas] was a trusted employee for 12 years."

(Exhibit "A").

8. The Order also contains, amongst others, the following additional findings:

    a. "I find that Performance is the employer of the Claimant at the time of the accident."

    b. "I do not find Mateo's testimony credible."

    c. "He [Mateo Prado] has a clear bias, as his employer, Performance, did not have workers' compensation insurance."

(Exhibit "A").

9. Taking judicial notice of the Final Order will streamline these proceedings by allowing this Court to accept the factual and legal findings, thereby eliminating the need to re-litigate matters previously decided.

10. This Court can also apply the doctrine of collateral estoppel to avoid relitigating issues previously decided between Mr. Cardenas and Performance Auto Wholesalers LLC.

## ARGUMENT

11. Fed. R. Evid. 201(b)(2) provides that a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

12. The facts Plaintiff requests the court take judicial notice of the Final Order (Exhibit "A").

13. The facts and findings contained in the Final Order are not subject to reasonable dispute and are capable of accurate and ready determination by reference to it. (Exhibit "A").

14. The doctrine of collateral estoppel bars the relitigation of issues that were actually litigated and determined in a prior proceeding, where the parties had a full and fair opportunity to litigate the issues. Pantex Towing Corp. v. Glidewell, 763 F.2d 1242 (11th Cir. 1985).

15. Findings from an administrative body acting in a judicial capacity that resolve issues of fact properly before it, after providing the parties with an adequate opportunity to litigate the issues, are entitled to a preclusive effect as long as the proceedings satisfy the due process requirement. Quinn v. Monroe Cty., 330 F.3d 1320 (11th Cir. 2003). Herein, there is no doubt that the parties had notice of the workers' compensation proceeding, litigated it through counsel, and then attended both sessions of the final hearing with their counsel, as precursors to the entry of the Final Order.

16. The Final Order contains factual determinations and is reposited within the official records of the Florida Division of Administrative Hearings, and is not subject to reasonable dispute, and can be accurately and readily determined by reference to official sources whose accuracy cannot reasonably be questioned.

135 San Lorenzo Avenue, Suite 770, Miami, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

17. Taking judicial notice of the Final Order will prevent unnecessary relitigation of matters previously decided and will streamline these proceedings by collaterally estopping the parties from re-litigating decided issues. Quinn v. Monroe Cty., 330 F.3d 1320 (11th Cir. 2003).

WHEREFORE Plaintiff, Misael Cardenas, respectfully requests that this Court take judicial notice of the facts on the Final Compensation Order attached hereto as "Exhibit A" determine that Defendant, Performance Auto Wholesalers LLC, is collaterally estopped from re-litigating the issues decided therein, and grant such other and further relief as the Court deems just and proper.

## LOCAL RULE 7.1 CERTIFICATION

I HEREBY CERTIFY that the undersigned has conferred with counsel for the Defendants regarding the relief sought in this motion prior to its filing, and represents that counsel for the Defendants oppose the relief requested.

Respectfully submitted this 3rd day of October 2025.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
Counsel for Plaintiff
