UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-23654-RAR

MISAEL CARDENAS,

    Plaintiff,

v.

PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO,

    Defendants.
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND COLLATERAL ESTOPPEL

Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, by and through undersigned counsel, hereby file their Response to Plaintiff's Motion for Judicial Notice and for Collateral Estoppel [*ECF No. 67*] and, in support, state as follows:

### SUMMARY OF THE ARGUMENT

Plaintiff's Motion should be denied because neither the referenced order nor the extracted findings therein are appropriate for judicial notice (the order itself is not relevant to this wage and hour claim and is more prejudicial than probative and the findings are disputable and consist of credibility determination which is the jury's function). Further, the court should deny Plaintiff's request to apply the collateral estoppel doctrine because the subject matter of the workers' compensation case was not the same as the wage and hour case here and the specific findings were not necessary for that claim. Therefore, the findings made by the judge in the workers' compensation case are not proper for collateral estoppel.

**MEMORANDUM OF LAW**

As an initial matter, "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004) Thus, the Court should be hesitant to the grant Plaintiff's motion to the extent it is asking the Court to take away this function from the jury in this matter in favor of a judge's determination of facts in another matter (which was not subject to a jury trial).

**A. The Court Should Not Take Judicial Notice of The Final Compensation Order Issued in Plaintiff's Workers' Compensation Case or Its Content**

In his Motion, Plaintiff is requesting that the Court take judicial notice of the Final Compensation Order issued in Plaintiff's Workers' Compensation claim against PERFORMANCE AUTO WHOLESALERS, LLC. The Court should deny Plaintiff's request because the order itself is not relevant to any of the proceeding here and its content is, likewise, not proper for judicial notice.

"Federal Rule of Evidence 201 governs the judicial notice of adjudicative facts. Adjudicative facts are 'not subject to reasonable dispute' because they are 'generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Awodiya v. Ross Univ. Sch. of Med.*, No. 18-cv-60482-KMM, 2018 U.S. Dist. LEXIS 248853, 2018 WL 11472292, at *2 (S.D. Fla. June 22, 2018) (citing Fed. R. Evid. 201(b))

Under Federal Rule of Evidence 201(b), "[a] district court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the trial court's territorial jurisdiction' or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Patagonia, Inc. v. Worn Out, LLC*,

No. 22-cv-23858, 2023 U.S. Dist. LEXIS 75491, 2023 WL 3172530, at *6 (S.D. Fla. May 1, 2023) (citing *Grayson v. Warden, Comm'r, Ala. DOC*, 869 F.3d 1204, 1224-25 (11th Cir. 2017)) "Accordingly, the Eleventh Circuit has provided examples of the kinds of facts that courts may ordinarily judicially notice: '(1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political history: for instance, who was president in 1958.'" *Id*. at *6-7 (citing *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)) "While a court has wide discretion to take judicial notice of facts, the 'taking of judicial notice of facts is, as a matter of evidence law, a highly limited process.'" *Id*. (citing *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004)) "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Id*. (citing *Shahar*, 120 F.3d at 214)

> In order for a fact to be judicially noticed under Rule 201(b),
>
> indisputability is a prerequisite. Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. **If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous**. **Moreover, to deprive a party of the right to go to the jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury**.

*Id*. at *7-8 (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal citations omitted) (emphasis added) "Furthermore, as a court's authority to take judicial notice is limited to noticing adjudicative facts, '[a] court may thus refuse to take judicial notice of facts that are irrelevant to the proceeding.'" *Id*. (citing *Howe v. City of Enter.*, No. 15-cv-113-JA-SRW, 2018

U.S. Dist. LEXIS 158716, 2018 WL 8545947, at *8 (M.D. Ala. Sept. 17, 2018); *United States v. Falcon*, 957 F. Supp. 1572, 1584-85 (S.D. Fla. 1997))

"Although a court may take judicial notice of documents filed in other courts, the court may not do so for the truth of the matters asserted in the other litigation, and may only take judicial notice to establish the fact of such litigation and related filings. *Thomas v. Waste Pro USA, Inc.*, No. 8:17-cv-2254-T-36CPT, 2019 U.S. Dist. LEXIS 138055, 2019 WL 3835255, at *4 (M.D. Fla. Aug. 15, 2019) (citing *Zurich Am. Ins. Co. v. S.-Owners Ins. Co.*, 314 F. Supp. 3d 1284, 1300 (M.D. Fla. 2018)) "As such, 'a court may take judicial notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the other order represents or the subject matter of the litigation.'" *Id*. (citing *Zurich Am. Ins. Co.*, 314 F. Supp. 3d at 1300) "Likewise, the court may take judicial notice of the documents filed in a proceeding, but not the facts contained in the documents." *Id*. (citing *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 U.S. Dist. LEXIS 7066, 2008 WL 276030, at *3 n.2 (M.D. Fla. Jan. 31, 2008)).

Here, the first proposed judicial fact the Plaintiff is asking the Court to notice is the Final Compensation Order and some of its content. However, the issuance of the Final Compensation Order – and the existence of the Workers' Comp case – are irrelevant to Plaintiff's overtime case and are prejudicial to the Defendants. e.g., *Jaramillo v. Moaz, Inc.*, 20-20106-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 151129, 2020 WL 5752263, at *11 (S.D. Fla. Aug. 19, 2020) ("The circumstances surrounding Plaintiff's injury and termination are not relevant to whether Plaintiff is entitled to minimum wage and overtime pay under FLSA and so these claims would not involve similar evidence, witnesses or facts"); *Ramirez v. Casablanca Fish Mkt., Inc.*, No. 07-20237-CIV, 2008 U.S. Dist. LEXIS 16681, at *2-4 (S.D. Fla. Feb. 29, 2008) ("While the

4

evidence as to a purported employee/employer relationship may be relevant to both the FLSA and the negligence/workers' compensation claim, nothing else about the claims is sufficiently related for this Court to exercise supplemental jurisdiction. For example, Plaintiff claims to have been injured as a result of Defendants' failure to provide a safe place to work, and also alleges that Defendants did not have workers' compensation insurance as required by Florida law. Neither of these issues are relevant to whether or not Plaintiff was entitled to a minimum wage under federal law.")

Thus, the Court should deny the motion in so much as it asks the Court to take judicial notice of the order itself and/or the action. Further, such information would be inadmissible under Fed. R. Evid. 403 because it would be more prejudicial to the Defendants (the existence of the injury and/or claim) than probative as to whether or not the Plaintiff worked overtime hours for which he was not paid properly.

Next, Plaintiff's Motion appears to be asking the Court to take judicial notice of some of the findings included within the aforementioned order. However, these finding include purported facts that are in dispute in this litigation (such as, Plaintiff's job tasks, Plaintiff's work hours, that Plaintiff worked on the weekend, the amount of employees employed by the Defendant, and that Plaintiff was a trusted employee). Because these facts are in dispute in our litigation, they are not proper for judicial notice.

Not considering the issues raised above that should prevent the taking of judicial notice of the order itself, "A court may take judicial notice of filings in other courts only to establish the fact of the filing—not for the truth of its contents." *Good Gateway, LLC v. NRCT, LLC (In re Bay Circle Props., LLC)* 2022 Bankr. LEXIS 1902, Nos. 15-58440-WLH, 19-5284, 2022 Bankr. LEXIS 1902, at *4 (Bankr. N.D. Ga. July 11, 2022) (citing *Kaplan v. Regions Bank*, 2019 U.S.

Dist. LEXIS 164195, 2019 WL 4668175, at *12 (M.D. Fla. Sept. 25, 2019)) "Thus, 'a court may take judicial notice of the undisputed matters of public record, *i.e.*, the fact that hearings and prior proceedings took place, and what was said in those proceedings, but it may not take judicial notice of disputed facts stated in public records for their truth.'" *Id*. (citing *Callier v. Outokumpu Stainless USA, LLC*, 2022 U.S. Dist. LEXIS 52988, 2022 WL 885037, at *3 (S.D. Ala. Mar. 24, 2022)) "A court may take judicial notice of another court's order only for the limited purpose of recognizing the judicial act the order represents and not for the truth of the court's factual findings." *Id.* at *5 (citing *Grayson v. Warden*, 869 F.3d 1204, 1224-25 (11th Cir. 2017); *Argos USA LLC v. Young*, 2019 U.S. Dist. LEXIS 150755, 2019 WL 4125968, at *3 (N.D. Ga. June 28, 2019); *Kaplan*, 2019 U.S. Dist. LEXIS 164195, 2019 WL 4668175, at *12; *Staten Island Sav. Bank v. Scarpinito (In re Scarpinito)*, 196 B.R. 257, 267 (Bankr. E.D.N.Y. 1996); *In re Towne Servs. Sec. Litig.*, 184 F. Supp. 2d 1308, 1312 (N.D. Ga. 2001))

Here, it would be inappropriate for the Court to take judicial notice of the findings made by the administrative judge in the workers' compensation claim – findings that are contested in this matter. *Grayson*, 869 F.3d at 1224-25 ("If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of issue preclusion would be superfluous."); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (district court erred when it took judicial notice of the findings supporting an order in a separate case because the order did not "indisputably establish" said findings)

**B. The Court Should Deny Plaintiff's Request to Apply the Doctrine of Collateral Estoppel Because the Issues in the Workers' Compensation Case and the Issues Here Are not the Same**

Intertwining with his argument regarding judicial notice, Plaintiff's Motion is also attempting to invoke the doctrine of collateral estoppel to support his request that the Court deem

6

the findings of fact by the administrative judge in the workers' compensation claim as conclusive in this matter.

While Defendants agree with the general proposition advanced in Plaintiff's Motion – that findings from an administrative body acting in a judicial capacity can be subject to collateral estoppel, Plaintiff's motion stops short of actually analyzing the appropriateness of his request here.

As the Eleventh Circuit case cited by Plaintiff even states, "when an administrative body has acted in a judicial capacity and has issued a valid and final decision on disputed issues of fact properly before it, collateral estoppel will apply to preclude relitigation of fact issues **only if**: (1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision. *Pantex Towing Corp. v. Glidewell*, 763 F.2d 1241, 1245 (11th Cir. 1985) (citing *United States v. Utah Construction and Mining Co.*, 384 U.S. 394, 421-422 (1966); *Garner v. Giarrusso*, 571 F.2d 1330, 1335-36 (5th Cir. 1978)) (emphasis added)

Here, there was no identity of issues between the workers' compensation claim and this overtime case; consequently, the issues to be estopped were not actually litigated in the administrative proceedings, and, finally, the findings on the issues Plaintiff is asking estoppel for were not necessary to the workers' compensation claim.

Specifically, Plaintiff's schedule other than the day in which he claims his injury occurred, how many employees worked for the Defendant, or whether or not Plaintiff worked on weekends had absolutely zero relevance to, or bearing on, whether or not Plaintiff was injured on a particular

day, whether or not he had medical bills, and what amount the Defendant should compensate Plaintiff for his medical bills – all of which were the germane issue of his workers' compensation claim. Thus, while the administrative judge made the ancillary factual findings in his order, because these issues (particularly the issues of how any hours the Plaintiff worked, his schedule, and the number of employees Defendant had) were not necessary to the workers' compensation claim, the findings on these issues are not proper for collateral estoppel.

## CONCLUSION

For the above stated reasons, Plaintiff's Motion for Judicial Notice and Collateral Estoppel should be denied.

## REQUEST FOR HEARING

Pursuant to L.R. 7.1(b), Defendants hereby request a hearing. A hearing on the Motion for Judicial Notice and Collateral Estoppel would provide an opportunity for the Parties to present fully their respective positions on the issues brought in Plaintiff's Motion and in Defendants' Response, particularly as to the differences between this unpaid overtime case and the previous workers' compensation claim. Defendants anticipate that an thirty (30) minutes should be sufficient for both Parties to present their argument, should the Court require a hearing.

Respectfully submitted, this October 15, 2025.

ADI AMIT, P.A.
*Counsel for Defendants*
101 Centre
101 NE Third Ave., Suite 300
Fort Lauderdale, Florida 33301
Phone: (954) 533-5922
E-mail: Adi@defenderofbusiness.com

By: *s/Adi Amit*
    Adi Amit, Esquire
    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 15, 2025, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/*Adi Amit*
Adi Amit
Florida Bar No: 35257

## SERVICE LIST

*Misael Cardenas v. Performance Auto Wholesalers, LLC, et al*
Case No. 1:24-cv-23654-RAR

Brian H. Pollock, Esquire
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
brian@fairlawattorney.com
*Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 N.E. Third Avenue,
Suite 300
Ft. Lauderdale, Florida 33301
Adi@DefenderOfBusiness.com
*Counsel for Defendants*

9