UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

## **PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATIONS**

Plaintiff, Misael Cardenas Rico, through his undersigned counsel, pursuant to 28 U.S.C. §636(b)(1), Fed. R. Civ. P. 72(b)(3), Local Rule S.D. Fla. Mag. J. R. 4(a), and other applicable Rules and laws, objects to the Report and Recommendations (the "Report") [ECF No. 77] on his Motion for Summary Judgment [ECF No. 44], and requests the Court to conduct a *de novo* review, sustain his objections, and enter an Order in accordance therewith, based on the following:

### **I. SUMMARY OF OBJECTION(S)**

The Report's flawed factual and legal basis precludes the Court from adopting the conclusion that Mr. Cardenas did not establish enterprise coverage because of disputed evidence that Defendant, Performance Auto Wholesalers LLC ("PAW"), employed two or more employees. The Report improperly injected an issue not raised by the Defendants as the basis for finding a disputed issue of fact precluding the grant of summary judgment to Mr. Cardenas on the issue of enterprise coverage. This error was compounded by the Report's finding that Mateo Prado could not be both a statutory employer under the FLSA and an employee under the FLSA.

1

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of the portions of the Report to which Mr. Cardenas Rico specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the Court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990); *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). Legal conclusions also are reviewed *de novo*, while unobjected-to portions are reviewed for "clear error." *Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994); *Macort v. Prem. Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

## III. OBJECTION

**Objection:** **The Report Erroneously Concluded That Mr. Cardenas Was Not Entitled To Enterprise Coverage And Improperly Denied Summary Judgment In His Favor On This Issue.**

Once way Mr. Cardenas could establish his entitlement to overtime pay was through enterprise coverage. The Report cited *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011), to identify when "enterprise coverage exists." [ECF No. 71 at 15.] The Report should have found that Mr. Cardenas was entitled to enterprise coverage, given the Report's dispensation with the Defendants' only defense to enterprise coverage (by finding the "family business" exemption inapplicable). Instead, the Report determined that Mr. Cardenas was not entitled to enterprise coverage because "the undersigned concludes that a legitimate issue of material fact exists as to whether Mateo Prado was an employee or an employer at Performance Auto." [ECF No. 71 at 16]. The Report denied summary judgment on enterprise coverage to Mr. Cardenas, even though Defendants never contended that Mateo Prado could not be an "employee" and also an "employer". [*Compare* ECF Nos. 55 and 71]. Even if that had been the

case, the Report recommended denying Mr. Cardenas' application for summary judgment on the issue of enterprise coverage without citing any authority for the conclusion that FLSA does not preclude someone from simultaneously being considered both "employee" and "employer". [ECF No. 71]. Consequently, the Report reached an erroneous conclusion such that Mr. Cardenas's objection(s) must be sustained.

### A. Defendants only opposed enterprise coverage based on the "family business" exemption argument.

The Report erred by concluding that Mr. Cardenas was not entitled to enterprise coverage based on an issue the Defendants did not raise in their Response in Opposition [ECF Nos. 57, 71]. Although Defendants admitted that Mateo Prado was an employee of PAW, the Report determined that Mr. Cardenas did not establish enterprise coverage because Mateo Prado could be considered a managerial employee. [ECF No. 71 at 16: "The undersigned concludes that a legitimate issue of material fact exists as to whether Mateo Prado was an employee or an employer at Performance Auto."]

Defendants contested Mr. Cardenas' entitlement to enterprise coverage by relying on the "family business" exemption to FLSA coverage. [ECF No. 57 at 10]. Defendants argued that "the evidence is also clear that Performance Auto **did not** have two or more employees, not including the owner or a member of the owner's immediate family working for it." *Id.*, at 11; *emphasis in original*. Defendants did not contest a finding of enterprise coverage on any other basis. [ECF No. 57].

The Report addressed the "family business" exemption in footnote 1, wherein it disposed of that defense as follows:

> Plaintiff, in Reply, frames Defendants' argument as traveling under the distinct "family business" exemption to FLSA coverage, under 29 U.S.C. § 203(s)(2). (ECF No. 63 at 2). Defendants do indeed conflate the two FLSA provisions in the Response brief. (ECF No.

3

> 57 at 10–11) (citing *Chappell v. Boss Rain Forest Pet Resort, Inc.*, No. 16-62779-CIV, 2018 WL 7365237, at *11 (S.D. Fla. Mar. 15, 2018)). Yet, Plaintiff's Motion explicitly claims that "Performance Auto employed two employees . . . thereby satisfying the 'two or more employees' prong of the interstate commerce requirement.'" (ECF No. 44 at 8). The Parties thus agree that the "two or more employees" prong must be met. Satisfaction of the "two or more employees" requirement remains essential for purposes of establishing enterprise coverage and remains in dispute.

[ECF No. 77 at 16, fn. 1]. With the Report's finding the "family business" exemption inapplicable due to Mr. Cardenas working for PAW, its inquiry should have ended and resulted in a finding that Mr. Cardenas established enterprise coverage. That the Report did not make this finding is a basis for Mr. Cardena's objection.

### B.     The Report erred by injecting the irrelevant issue of whether Mateo Prado could be considered an employer without Defendants raising it first.

After acknowledging that Defendants admitted to having sufficient gross annual revenues, the Report erroneously concluded that Mr. Cardenas did not establish his entitlement to a finding of enterprise coverage because "a legitimate issue of material fact exists as to whether Mateo Prado was an employee or an employer at Performance Auto." [ECF No. 71 at 15]. In so ruling, the Report created a limitation on who could be considered an "employee" without a corresponding limitation in 29 U.S.C. §203(s)(1)(A) or elsewhere in the FLSA. The Report conflated the issue of whether Mateo Prado was exempt from overtime pay as an administrative/executive employee (29 U.S.C. §213(a)(1)) with counting him as an "employee" for purposes of enterprise coverage.

> i.     *Enterprise coverage requires two or more "employees".*

The FLSA's overtime pay requirement, found at 29 U.S.C. §207(a), requires non-exempt employees entitled to individual or enterprise coverage to receive time-and-a-half overtime for hours worked over 40 in a week. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). For enterprise coverage, Mr. Cardenas was required to establish that PAW:

> [H]as employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

*Id.* As set forth below, Mr. Cardenas established the requisite fact that PAW had two or more employees.

      ii.    <u>*Defendants admitted having two or more employees.*</u>

Mr. Cardenas was only required to establish through record evidence that Mateo Prado was an employee of PAW, because doing so would amass the requisite number of employees (2 or more) to obtain the prong of enterprise coverage at issue. Mr. Cardenas was one employee, and Mateo Prado was the other. The record evidence established that Mateo Prado was an "employee" of PAW, considering the facts he relied on for his Motion for Summary Judgment (and the Defendants' responses which follow):

> 12. Mateo Prado testified that he was, and remains, an employee of Performance Auto. (Depo. M. Prado I, p. 6: 11-22.)
> 13. Mateo Prado explained that as of February 26, 2025, Performance Auto had two employees: himself and his father. (Depo. M. Prado I, p. 6: 11-22.)
> 14. Mateo Prado received a W-2 from Performance Auto. (Depo. M. Prado II, p. 40: 3-7.)
> 15. Previously, Performance Auto employed Mr. Cardenas, who was its third employee. (*Id.*)
> 16. During the relevant time relevant to this lawsuit, the Defendants employed at least two employees: Mateo Prado and Mr. Cardenas. (*Id.*)

[ECF No. 44-1]. Defendants, in turn, responded as follows to the above-cited Facts:

> 12. Admitted.
> 13. Admitted.
> 14. Admitted.
> 15. Admitted.
> 16. Admitted. However, Mateo Prado is also the Owner, Fernando Ivan Prado's son.
>
> *ECF #40*, 40:14-17; *ECF #41*, 5:19 – 6:1

[ECF No. 57-1].

Defendants' admission of Facts ¶¶12-16 meant these facts were not in material dispute. Fed. R. Civ. P. 56; Local Rule 56.1. Defendants did not dispute that Mateo Prado was an employee of PAW (or that Fernando Ivan Prado was an employee of PAW).

The Report decided that Mr. Cardenas was not entitled to enterprise coverage under the mistaken belief that the "economic reality" test must be applied before finding Mateo Prado an employee of PAW. [ECF No. 71 at 16].

### iii. *The Report erroneously denied relief on an issue that Defendants never raised*

The Report improperly denied summary judgment to Mr. Cardenas on the issue of enterprise coverage by finding a material dispute of fact on an issue that Defendants never raised.. The Report improperly raised an argument against a finding of enterprise coverage for Defendants, despite well-settled law that parties must either raise arguments or lose them:

> In our adversarial system of adjudication, we follow the principle of party presentation. As this Court stated in *Greenlaw v. United States*, 554 U. S. 237, 128 S. Ct. 2559, 171 L. Ed. 2d 399 (2008), "in both civil and criminal cases, in the first instance and on appeal . . ., we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Id.*, at 243, 128 S. Ct. 2559, 171 L. Ed. 2d 399.
> 
> \*\*          \*\*          \*\*
> 
> In short: "[C]ourts are essentially passive instruments of government." *United States v. Samuels*, 808 F. 2d 1298, 1301 (CA8 1987) (Arnold, J., concurring in denial of reh'g en banc)). They "do not, or should not, sally forth each day looking for wrongs to right. [They] wait for cases to come to [them], and when [cases arise, courts] normally decide only questions presented by the parties." *Ibid*.

*United States v. Sineneng-Smith*, 590 U.S. 371, 376, 140 S. Ct. 1575, 1579 (2020); *see also* GJR Invs. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (court is not to "serve as de facto counsel for a party").

### iv. *Whether Mateo Prado was also an "employer" of Mr. Cardenas is irrelevant to the issue of enterprise coverage.*

The FLSA defines "employer" as "any person acting directly or indirectly in the interest of

an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. §203(d). It defines the term "employee" as "any individual employed by an employer." 29 U.S.C. §206(e)(1). The FLSA defines further "Enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person…." 29 U.S.C. §203(s)(1)(A)(i).

In discussing the 1961 amendments to the FLSA, the Eleventh Circuit Court of Appeals recognized that, as limited to the relevant issue herein, "if an employer had two or more workers engaged in commerce or the production of goods for commerce, FLSA coverage extended to all of the enterprise's employees." *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217, 1220 (11th Cir. 2010); *see also* 29 C.F.R. § 779.238 (enterprise coverage applies to a business that "regularly and recurrently has at least two or more employees engaged in such activities"). Congress's use of the term "employees" meant more than one employee, without limitation or qualification. *See* United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) ("We must presume that Congress said what it meant and meant what it said.") Rather than interpret the law based on the plain meaning of the FLSA, the Report added caveats to the term "employee" not supplied by Congress. *But see Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

Not surprisingly, the Court in *Polycarpe* did not limit the type or classification of employees who would "count" for enterprise coverage. *Id.*, at 122: ("So, if Defendants in the cases now before us had employees 'handling, selling, or otherwise working on… materials' (and Defendants met the statute's other requirements), Defendants would be subject to the FLSA.") Since *Polycarpe*, no

binding precedent has limited the type or classification of "employee" that would qualify a company for enterprise coverage. Thus, the Report is objectionable for including such a qualification by limiting the term "employee" to exclude statutory employers responsible for FLSA violations.

The FLSA contemplates different types of employees, but those differences relate to whether an employee could be (a) liable as an employer or (b) exempt from one or more of its requirements, not whether they count as "employees" for enterprise coverage.

> Statutory employers. Supervisory employees can be individually liable for FLSA violations as "employers," as the Court found in *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013). As an employee of PAW who supervised Mr. Cardenas, Mateo Prado was also Mr. Cardenas's employer.[1] *See e.g.*, *Scalia v. Lovett*, 2020 U.S. Dist. LEXIS 161806, at *7 (M.D. Fla. July 29, 2020).

> Exempt employees. The FLSA exempts certain employees from the requirements to receive at least a minimum wage and/or overtime pay. "The FLSA carves out employees 'employed in a bona fide executive, administrative, or professional capacity' from its minimum-wage and overtime protections." *Bumgardner v. Forensic Pathology Servs., P.C.*, 2026 U.S. App. LEXIS 4095, at *9 (11th Cir. Feb. 10, 2026); and 29 U.S.C. § 213(a). Nonetheless, the managers who sought overtime in *Morgan v. Fam. Dollar Stores*, 551 F.3d 1233, 1239 (11th Cir. 2008), remained "employees" regardless of whether they were entitled to overtime or exempt from overtime. Although employees could be subject to the

---

[1] Defendants admitted in their Answer to the Amended Complaint that they were Mr. Cardenas's "direct employers, joint employers and co-employers for purposes of the FLSA, as the term 'employer' is defined by 29 U.S.C. §203(d)." [ECF Nos. 27 at ¶13; 28 at ¶13]. Therefore, Mateo Prado would be liable to Mr. Cardenas upon a finding that Mr. Cardenas is entitled to recover overtime wages.

Motor Carrier Act, and therefor exempt from overtime, there is no indication that the exempt employees would be excluded from consideration for purposes of enterprise coverage. *See e.g.*, *Ehrlich v. Rich Prods. Corp.*, 767 F. App'x 845 (11th Cir. 2019).

### IV. CONCLUSION

In light of the foregoing, Plaintiff, Misael Cardenas Rico, respectfully requests that this Court, after conducting its *de novo* review pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), sustain his objections, decline to adopt the Report, and grant summary judgment in his favor on the issue of enterprise coverage.

Respectfully submitted this 25th day of February 2026.

                                        Brian H. Pollock, Esq.
                                      Brian H. Pollock, Esq. (174742)
                                      brian@fairlawattorney.com
                                      FAIRLAW FIRM
                                      135 San Lorenzo Ave
                                      Suite 770
                                      Coral Gables, FL 33146
                                      Tel:    305.230.4884
                                      *Counsel for Plaintiff*