UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-23654-RAR

**MISAEL CARDENAS**,

    Plaintiff,

v.

**PERFORMANCE AUTO WHOLESALERS LLC**, *et al.*,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Lauren F. Louis's Report and Recommendations ("Report"), [ECF No. 71], filed on February 18, 2026. The Report recommends that Plaintiff's Motion for Summary Judgment ("Motion"), [ECF No. 44], be granted as to the facts that Defendants do not dispute—and be otherwise denied. Plaintiff timely filed objections to the Report ("Objections"), [ECF No. 72], on February 25, 2026.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Louis's legal and factual findings to which Plaintiff objected. Upon careful review of Plaintiff's Objections and the record, the Court agrees with Magistrate Judge Louis's recommendations.

Plaintiff raises one objection to Magistrate Judge Louis's findings. Specifically, Plaintiff objects to the Report's recommended denial of summary judgment as to whether Plaintiff was entitled to overtime pay through enterprise coverage. Obj. at 1. The Report explains that Plaintiff is not entitled to enterprise coverage as a matter of law because "a legitimate issue of

material fact exists as to whether Mateo Prado was an employee or an employer at Performance Auto." Rep. at 16.

For enterprise coverage to exist, an enterprise must "ha[ve] *at least two employees* engaged in interstate commerce or the production of goods for interstate commerce, or who handle, sell, or otherwise work on goods or materials that had once moved or been produced for [] interstate commerce." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1317 (11th Cir. 2011) (emphasis added). If Mateo Prado is an employee, Performance Auto has at least two employees including Plaintiff—and enterprise coverage therefore exists. But if Mateo Prado is an employer, Plaintiff is Performance Auto's sole employee and enterprise coverage cannot exist. Because a genuine issue of material fact persists in the record over this issue, the Court is unable to grant summary judgment in Plaintiff's favor.

In his Objections, Plaintiff argues that Defendants admitted to having two or more employees. Obj. at 5. Plaintiff points to the Statement of Material Facts ("SOMF") he submitted with his Motion, [ECF No. 44-1], as well as the SOMF submitted by Defendants with their Response, [ECF No. 57-1]. Plaintiff includes excerpts of ¶¶ 12–16 from both SOMFs, which he contends establish that Mateo Prado was an employee of Performance Auto Works. Obj. at 5. But the record is not as clear as Plaintiff suggests.

Defendants did admit that "Mateo Prado testified that he was, and remains, an employee of Performance Auto." [ECF No. 44-1], ¶ 12; [ECF No. 57-1], ¶ 12. But then Plaintiff asserts— and Defendants admit—that Fernando Ivan Prado, Mateo's father and the owner of Performance Auto, is *also* an employee. *See* [ECF No. 44-1], ¶¶ 13, 15 ("Mateo Prado explained that as of February 26, 2025, Performance Auto had two employees: himself and his father . . . Previously, Performance Auto employed Mr. Cardenas, who was its third employee."). Based on these

excerpts alone, it is unclear how the parties are using the term "employee," especially because Fernando Ivan Prado, who is the owner of Performance Auto, is also characterized as one.

The rest of the record similarly fails to provide clarity on this issue. For instance, Plaintiff's Motion posits that "Defendants, Fernando Ivan Prado and Mateo Prado, concede to employing Mr. Cardenas and being his statutory 'employers' under the FLSA." Mot. at 9. Then, in their Response, Defendants agree that they were Plaintiff's employers under the FLSA, rendering this issue not in dispute. Resp. at 11. As such, Magistrate Judge Louis recommends that summary judgment be granted as to the undisputed fact of "Defendants' status as joint employers of Plaintiff." Rep. at 6. But just as the SOMFs characterize both Fernando Ivan Prado and Ivan Prado as "employees," both are also repeatedly characterized as "employers" here. Such terminological inconsistencies further obfuscate Mateo Prado's status.

Plaintiff's Objections acknowledge that Mateo Prado was a statutory employer under the FLSA but argue that "the Report is objectionable for including such a qualification by limiting the term 'employee' to exclude statutory employers responsible for FLSA violations." Obj. at 8. But this misconstrues Magistrate Judge Louis's Report, which does not deny summary judgment on this basis. Rather, the Report extensively analyzes Mateo Prado's duties *because* his status was unclear—ultimately concluding that they "paint an ambiguous and sparse picture of Mateo Prado's role." Rep. at 16.

Indeed, Mateo Prado's status as an employee or employer is not apparent from the descriptions of his job duties contained within the record. In her Report, Magistrate Judge Louis applies the "economic reality" test to determine whether Mateo Prado was an employee or employer. Rep. at 17. In essence, this inquiry turns on whether the individual was "involved in the day-to-day operation or [had] some direct responsibility for the supervision of the employee."

*Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In his Objections, Plaintiff takes issue with the fact that "[t]he Report decided that Mr. Cardenas was not entitled to enterprise coverage under the mistaken belief that the 'economic reality' test must be applied before finding Mateo Prado an employee of PAW." Obj. at 6. But Plaintiff fails to recognize the Report's thorough analysis of Plaintiff's SOMF and Mateo Prado's testimony, which together illustrate that "Mateo Prado's role and relationship with Plaintiff are unclear based on the materials advanced on summary judgment." Rep. at 17. Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections, [ECF No. 72], are **OVERRULED**.

2. The Report, [ECF No. 71], is **AFFIRMED AND ADOPTED**.

3. Plaintiff's Motion for Summary Judgment, [ECF No. 44], is **GRANTED in part** and **DENIED in part**.

**DONE AND ORDERED** in Miami, Florida, this 26th day of February, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**