UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

## MOTION FOR RECONSIDERATION AND/OR REHEARING OF ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATIONS

Plaintiff, Misael Cardenas Rico, through his undersigned counsel and pursuant to Fed. R. Civ. P. 54(b), 59(e), 60(a) and (b), Local Rule 7.1, and other applicable Rules and laws, requests that the Court reconsider its Order Affirming and Adopting Report and Recommendations [ECF No. 73], based on the following good cause:

### I. INTRODUCTION

Mr. Cardenas requests that the Court reconsider and/or rehear his objection to the part of the Report and Recommendation ("Report") that denied his motion for summary judgment on enterprise coverage. The only issue preventing summary judgment was the Court's finding that Mateo Prado's status "was unclear." [ECF No. 73 at 3]. Any question about Mateo Prado's status is resolved by the Joint Pretrial Stipulation, in which the parties stipulated to his status as an employee for all purposes at trial, eliminating the need to prove this fact in these proceedings. [ECF No. 58 at 4]. Since the Court did not consider that Mr. Cardenas would not need to prove or

present any additional evidence that Mateo Prado was an employee, due to the parties' stipulation, granting the relief requested would be appropriate.

## II. THE LAW

Rule 54(b) of the Federal Rules of Civil Procedure provides in pertinent part that, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

A Fed. R. Civ. P 59(e) motion for reconsideration is appropriate when the Court has misunderstood a party. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990). "Under Rule 59(e) the court may reconsider issues before it, and generally may examine the correctness of the judgment itself. However, while a Rule 59(e) motion is a proper procedure for bringing to the court's attention legal errors in the proceedings, relief is not appropriate if the issue was not properly raised during the proceedings." *U.S. ex rel. Bidani v. Lewis*, 97 C 6502, 2001 WL 747524, at *2 (N.D. Ill. 2001).

Under Fed. R. Civ. P. 60(a) on motion and just terms, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Rule 60(b)(1) and (6), in turn, permits the Court to reconsider its prior Order if based upon "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."

## III. BASIS FOR RECONSIDERATION

The Court denied summary judgment to Mr. Cardenas on enterprise coverage because it either misunderstood and/or misconstrued the Defendants' argument(s) about Mateo Prado or

considered unsettled a fact they unequivocally admitted. Either way, the erroneous refusal to grant summary judgment to Mr. Cardenas on enterprise coverage will require a trial to resolve an undisputed fact. Surely, the Court does not intend for this result.

The record in this case establishes that Defendants never disputed that Mateo Prado was an employee of PAW, regardless of whether the term "employee" is analyzed under the Florida Workers' Compensation Act, Chapter 440, Florida Statutes, or the FLSA. For this very reason, Mr. Cardenas did not elaborate on his role at PAW. *See* ECF No. 73 at 3.

Responding to Mr. Cardenas' MSJ on August 26, 2025, Defendants never disputed that Mateo Prado was an "employee" of PAW; rather, their defense was that FLSA does not count close family members for enterprise coverage. [ECF No. 57 at 11: "Plaintiff was **the only** employee other than the owner (FERNANDO IVAN PRADO) or his son (MATEO PRADO) working for it."] Defendants first admitted ¶¶12-16 of Mr. Cardenas' SOMF [ECF No. 44-1] when they filed their Statement of Disputed Facts. [ECF No. 57-1 at ¶¶12-16].

Later that same day, August 26, 2025, the parties filed their Joint Pretrial Stipulation. [ECF No. 58]. The Pretrial Stipulation is significant because "Parties are bound by their stipulations and a pretrial stipulation frames the issues for trial." *G.I.C. Corp. v. United States*, 121 F.3d 1447, 1450 (11th Cir. 1997). "Before agreeing to a stipulation, a litigant has a duty to satisfy himself concerning the matters which his opponent proposes for stipulation." *Ohio Nat'l Life Assurance Corp. v. Langkau*, 353 F. App'x 244, 253 (11th Cir. 2009) (quoting *Downs v. Am. Employers Ins. Co.*, 423 F.2d 1160, 1164 (5th Cir. 1970)).

In their Joint Pretrial Stipulation, **the parties stipulated the following facts were uncontested and <u>required no proof at trial</u>**:

> f.   Fernando Ivan Prado was an owner of Performance Auto during each of the years at issue in this lawsuit. [ECF Nos. 28 at ¶6, 29 at ¶6.]
>
> g.   Mateo Prado was an employee of Performance Auto during each of the years at issue in this lawsuit. [ECF No. 41 at pp. 7 (p. 5 of depo): 10-18 and 8 (p. 6 of depo): 14-19]
>
> h.   Mateo Prado was not one of the principals or owners of Performance Auto during any of the years at issue in this lawsuit. [ECF No. 41 at p. 7 (p. 5 of depo): 10-18]

[ECF No. 58 at 3]. The Eleventh Circuit Court of Appeals addressed the effect(s) of stipulated facts as follows:

> Litigants may always stipulate to facts that would otherwise be one party's burden to prove. And stipulations are binding in civil cases. *See Feazell v. Tropicana Prods., Inc.*, 819 F.2d 1036, 1040 (11th Cir. 1987) ("Matters stipulated to in a pretrial order are binding on the parties unless modified and normally cannot be objected to on appeal."). **Factual stipulations are formal concessions that "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof [\*1322] of the fact."** *Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez*, 561 U.S. 661, 677-78, 130 S. Ct. 2971, 177 L. Ed. 2d 838 (2010) (citation and internal quotation marks omitted). We explained in *United States v. Hardin* that once "a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact." 139 F.3d 813, 816 (11th Cir. 1998) (citation and internal quotation marks omitted). And the rule applies to civil cases resolved by bench trial too. When the judge is made aware of the stipulation of a fact in a bench trial, **the stipulation is conclusive evidence of the fact even if no other evidence of that fact is presented**. **The party with the burden of proof "is relieved of its burden to prove" the stipulated fact.** *Id.* (citation and internal quotation marks omitted). [*Emphasis added*].

*Spears v. Bay Inn & Suites Foley, LLC*, 105 F.4th 1315, 1321-22 (11th Cir. 2024). Thus, the parties' stipulation "is conclusive evidence" that Mateo Prado was an employee of PAW for purposes of enterprise coverage. *Id.* The parties' stipulation that Mateo Prado was an employee of PAW establishes his status as an employee for all purposes and prevents Defendants from presenting contrary evidence or disputing this fact. *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009) ("Indeed, facts judicially admitted are facts established not only beyond the need of

4

evidence to prove them, but beyond the power of evidence to controvert them.") (quoting *Hill v. Federal Trade Comm'n*, 124 F.2d 104, 106, 34 F.T.C. 1800 (5th Cir. 1941)). In sum, the Defendants' stipulation that Mateo Prado was an employee of PAW ends the Court's inquiry and precludes any requirement to further establish or elaborate on the basis for considering him an employee.

The Court's summary judgment ruling that Mr. Cardenas failed to show Mateo Prado was an employee of PAW (rather than an employer) cannot be reconciled with the parties' stipulation that "Mateo Prado was an employee of Performance Auto during each of the years at issue in this lawsuit." [*Compare* ECF Nos. 58 with 73]. Therefore, the Court should grant the relief requested. *See e.g.*, *Elardi v. Royal Caribbean Cruises*, 2021 U.S. Dist. LEXIS 254791, at *9 (S.D. Fla. Dec. 2, 2021) (granting relief from judgment, reconsidering summary judgment, and granting partial summary judgment to plaintiff based on the parties' joint pretrial stipulation).

Indeed, an individual can be both an "employer" liable for violations of the FLSA and an "employee" for purposes of enterprise coverage. *See Aguirre v. Safe Hurricane Shutters, Inc.*, 2011 U.S. Dist. LEXIS 125195, at *3 (S.D. Fla. Oct. 29, 2011) ("The term 'employ' is defined as 'to suffer or permit to work.' Thus, it appears from this language that if an owner or manager performs work, that person fits within the definition of employee.") Elsewhere, the text of the FLSA specifically contemplates that "any employee employed in a bona fide executive… capacity" is excluded from the receipt of minimum wage and overtime pay. 29 U.S.C. §213(a)(1). The exemption applicable to executive employees is further refined in 29 C.F.R. §541.101 to clarify that the exemption "includes ***any employee who owns*** at least a bona fide 20-percent equity interest in the enterprise in which the employee is employed, regardless of whether the business is a corporate or other type of organization, and who is actively engaged in its management." Accordingly, the

5

Coral Gables, Florida | Detroit, Michigan
FairLaw Firm

parties' stipulation that Mateo Prado was an employee of PAW eliminated the need for any further proof or analysis of his status.

Finding enterprise coverage exists will result in trial involving more limited issues, requiring the parties to offer less facts in evidence, and effectuate their stipulations.

## IV. CONCLUSION

In light of the foregoing, Plaintiff, Misael Cardenas Rico, respectfully requests that this Court reconsider its decision, grant rehearing, and issue summary judgment in his favor by determining that Mateo Prado was the other employee of PAW to subject it to enterprise coverage under the FLSA.

## **LOCAL RULE 7.1 CERTIFICATION**

I HEREBY CERTIFY that the undersigned conferred with counsel for the Defendants regarding the relief sought in this motion prior to its filing, and represents that counsel for the Defendants oppose the relief requested.

Respectfully submitted this 5th day of March 2026.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Ave
Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
*Counsel for Plaintiff*
