UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:24-cv-23654-RAR

MISAEL CARDENAS,

    Plaintiff,

v.

PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO,

    Defendants.
_____/

## **DEFENDANTS' MOTION IN LIMINE**

Defendants, PERFORMANCE AUTO WHOLESALERS, LLC, FERNANDO IVAN PRADO, and MATEO PRADO, by and through their undersigned counsel, pursuant to the Federal Rules of Evidence, and the Court's inherent authority to control the trials in front of it, file their Motion in Limine, supported below, to exclude any and all direct or indirect argument, references, evidence, or testimony at trial as to the following three issues:

(a) Any reference to Plaintiff's alleged injury on the job, images of the alleged injury, claim for workers' compensation, claim for unlawful retaliation under the workers' compensation statute in State Court, and any litigation or facts related to these claims.

(b) Any reference to Defendant, Fernando Ivan Prado's conviction of fraud from 2009.

1

**MEMORANDUM OF LAW**

1. **Standard for Motion in Limine**

Courts have the inherent ability "to manage the course of [their] trials," including the granting of motions in limine when appropriate." *Luce v. United States*, 469 U.S. 38, 41 (1984). The purpose of a motion in limine is "to give the trial judge notice of a movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect the fairness of a trial." *E.g., Fagundez v. Louisville Ladder, Inc.*, 2012 U.S. Dist. LEXIS 9349, at *2, 2012 WL 253214 (S.D. Fla. Jan. 26, 2012).

Rules 401 and 402 of the Federal Rules of Evidence govern the admissibility of relevant evidence. Federal Rule of Evidence 401 states evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Only relevant evidence is admissible at trial. *Fed. R. Evid. 402*; *Allen v. County of Montgomery, Ala.*, 788 F.2d 1485, 1488 (11th Cir. 1986).

Pursuant to Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Additionally, pursuant to Rule 403, the determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Fed. R. Evid. 403. *Huddleston v. United States*, 485 U.S. 681, 682 (1988). In determining whether the probative value of evidence is substantially outweighed by the tendency to confuse the issues or mislead the jury, a court must balance the probative value of the evidence against those countervailing factors to determine whether the evidence should be admitted. See *United States v. 0.161 Acres of Land*, 837 F.2d 1036, 1041 (11th Cir. 1988) ("Evidence is

prejudicial under Rule 403 where it appeals to an illegitimate basis for persuasion, and thereby goes beyond proving the fact or issue it is offered to prove.") (internal citations omitted); *Stallworth v. Ill. Cent. Gulf R.R.*, 690 F.2d 858 (11th Cir. 1982) (excluding evidence of prior bad acts because it was substantially outweighed by danger of unfair prejudice or of confusing jury); *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302 (11th Cir. 1989) (holding even if evidence may be admissible under one rule, it may nonetheless be excluded in whole or in part by Rule 403).

2. **References, questioning, or presenting evidence related to Plaintiff's alleged injury on the job, images of the alleged injury, claim for workers' compensation, claim for unlawful retaliation under the workers' compensation statute in State Court, and any litigation or facts related to these claims Should be Excluded as Irrelevant and More Prejudicial than Probative Under Rules 402 and 403**

Plaintiff's claims unpaid overtime wages under the FLSA. whether he suffered an injury, images of that injury, any claims for workers' compensation as a result of the alleged injury, and any claims for alleged retaliation under the Florida workers' compensation statute are not relevant to whether or not he worked more than forty hours in any week for which he was not properly paid. *Harapeti v. CBS TV Stations, Inc.,* 2022 U.S. Dist. LEXIS 79687, 2022 WL 1274107, *7-8 (S.D. Fla. Apr. 15, 2022) (citing *Wills v. Royston*, 2017 WL 9439104, at *1 (N.D. Ga. Nov. 16, 2017) (citing *Hamilton v. CSX Transp., Inc.*, 2006 U.S. Dist. LEXIS 48082, 2006 WL 1992369, at *6 (S.D. Ga. Jul. 14, 2006)); *Swintelski v. American Medical Systems, Inc.*, 2021 U.S. Dist. LEXIS 164301, at *14-15 (S.D. Fla. Aug. 9, 2021); *King v. Catholic Charities of Northwest Florida, Inc.*, 2018 U.S. Dist. LEXIS 135737, at *7-8 (N.D. Fla. Aug. 12, 2018); *Bobadilla v. UOI Grp., Inc.*, No. 0:23-cv-61666-LEIBOWITZ, 2025 U.S. Dist. LEXIS 264060, at *6-7 (S.D. Fla. Apr. 23, 2025); *Reyes v. Aqua Life Corp.*, No. 10-23548-Civ-COOKE/TUR, 2013 U.S. Dist. LEXIS 195818, at *4-5 (S.D. Fla. Dec. 2, 2013) ("Defendant seeks to preclude Mr. Benitez from testifying that Defendant mistreated him, that he suffered an injury as a result of his employment

with Defendant, and that Defendant never enquired as to his health when he was in hospital. These portions of Mr. Benitez's testimony are irrelevant to the case, and shall be excluded from Plaintiff's case in chief.")

In *Harapeti*, Plaintiff brought claims for unpaid overtime/minimum wages under the FLSA as well as unlawful retaliation under the FLSA. Defendants prevailed on summary judgment as to the retaliation claim. Noting that, "Plaintiff's Response fails to advance any grounds on which evidence of her retaliation claim would be relevant to prove her overtime claim," the Court agreed with the Defendants that, "[E]vidence or argument relating solely to Plaintiff's retaliation claim is irrelevant at this posture." *Id*. and excluded it from trial under Rule 403.

Underscoring Defendants' position here, and recognizing the irrelevance of all this material to the unpaid overtime issue here, on March 4, 2026, this Court entered an Order denying Plaintiff Motion for Judicial Notice (of the workers' compensation proceedings) [*ECF No. 77*]. In the Order the Court observed: "Further, the Court will not take judicial notice of the Final Compensation Order to establish the existence of a prior workers' compensation proceeding, as it is not relevant to the case at bar." *Id*. Simply-stated, Plaintiff's alleged injury on the job, images from the injury, his alleged reason for termination, his opinions about it, and any proceedings related to either his injury or his termination, are entirely irrelevant to the only question in this lawsuit: whether Plaintiff worked more than forty hours in any week without being properly compensated.

Therefore, pursuant to Fed. R. Evid. 402 and 403, the Court should enter an order forbidding the mentioning of, the introduction of evidence related to, or questioning these matters before the jury.

3. **References to Defendant, Ivan Fernando Prado's 2009 Conviction of Fraud**

In 2009, the Individual Defendant, Ivan Fernando Prado, plead guilty to fraud counts related to a real estate transaction in 11th Circuit Case No. F07-034458C. Given the lines of

4

questioning at his deposition, Defendants expect the Plaintiff to attempt to introduce Mr. Prado's 17-year-old conviction during trial. Such evidence should be excluded pursuant to Fed. R. Evid. 404(b)(1) and 609(b).

Fed R. Evid. 404(b) states the following:

**(b) Other Crimes, Wrongs, or Acts.**

**(1) *Prohibited Uses*.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Likewise, Fed. R. Evid. 609(b) states:

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

**(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Here, even though no written notice of the intent to use this evidence has been provided by Plaintiff, Defendants presume that Plaintiff will attempt to use this evidence, given his line of questioning at Mr. Prado's deposition and threats made at the settlement conference.

"Rule 609 permits a party to impeach a witness with respect to his or her felony or misdemeanor convictions so long as the convictions are not more than 10 years old." *Bejerano v. Flex Fla. Corp.*, No. 18-20049-Civ-TORRES, 2019 U.S. Dist. LEXIS 184067, at *9 (S.D. Fla. Oct. 24, 2019) "Factors to consider include the remoteness of the conviction, the nature of the past crime, and the need for using the prior conviction." *Id*. at *9. (citing *United States v. Cathey*, 591 F.2d 268, 276 (5th Cir. 1979)) Here, while there is no doubt that Mr. Prado's conviction involved dishonesty, it happened 17 years ago (for acts he did 19 years ago). Under such circumstances, the weight of the nature of his conviction diminishes in comparison with he prejudicial effect of

admitting such evidence in front of a jury. Therefore, it should not be admitted pursuant to Rules 609(b) and 403. e.g., *Whitlow v. Martin*, No. 04-3211, 2010 U.S. Dist. LEXIS 157887, at *7-8 (C.D. Ill. Oct. 8, 2010) ("There is impeachment value to the prior crime of forgery, a crime of dishonesty, but the age of the conviction (17 years old) lessens its weight. As Defendants allege, Mr. Carroll's testimony may certainly have some importance if it goes to the central issue in this case, and his credibility would therefore have importance. . . . Most significantly, and as previously mentioned, Mr. Carroll's conviction is 17 years old and is therefore far removed even from the 10-year limit set forth in Rule 609(b). There was also no evidence presented that Mr. Carroll has any other criminal felony convictions. Ultimately, the probative value of Mr. Carroll's 1993 felony conviction does not substantially outweigh its prejudicial effect, and so it is inadmissible under Rule 609(b)")

Because the prejudicial effect outweighs the probative value (even on impeachment) of the evidence of Mr. Prado's conviction from 2009, the Court should disallow Plaintiff from mentioning or cross-examining Mr. Prado with evidence of his conviction.

## **CONCLUSION**

For the reasons set forth above, Defendants ask that the Court grant this Motion and orders Plaintiff and his counsel to not mention, or introduce any evidence related to (1) Plaintiff's alleged injury on the job, images of the alleged injury, claim for workers' compensation, claim for unlawful retaliation under the workers' compensation statute in State Court, and any litigation or facts related to these claims, or (2) Any reference to Defendant, Fernando Ivan Prado's conviction of fraud from 2009.

## CERTIFICATE OF CONFERRAL PURSUANT TO L.R. 7.1(a)(3)

Undersigned Counsel hereby certifies that on March 10, 2026, and on March 11, 2026, he conferred with Plaintiff's counsel regarding the relief requested herein and that he was advised that Plaintiff opposes the relief sought.

Respectfully submitted, this 13th day of March, 2026.

>ADI AMIT, P.A.
>*Attorneys for Defendants*
>101 Centre
>101 NE Third Avenue, Suite 300
>Fort Lauderdale, Florida 33301
>Phone: (954) 533-5922
>E-mail: adi@defenderofbusiness.com
>
>By: *s/Adi Amit*
>    Adi Amit, Esquire
>    Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2026, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>s/*Adi Amit*
>Adi Amit, Esquire

## SERVICE LIST

*Misael Cardenas v. Performance Auto Wholesalers, LLC, et al*
Case No. 1:24-cv-23654-RAR

| | |
|---|---|
| Brian H. Pollock, Esquire<br>FAIRLAW FIRM<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, Florida 33146<br>brian@fairlawattorney.com<br>*Counsel for Plaintiff* | Adi Amit, Esquire<br>ADI AMIT, P.A.<br>101 Centre<br>101 N.E. Third Avenue,<br>Suite 300<br>Ft. Lauderdale, Florida 33301<br>Adi@DefenderOfBusiness.com<br>*Counsel for Defendants* |