UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

## **PLAINTIFF'S (RENEWED) MOTION IN LIMINE AND/OR TO EXCLUDE**

Plaintiff, Misael Cardenas Rico ("Mr. Cardenas"), requests that the Court enter an Order *in limine* and/or to exclude any evidence, argument, inference, or reference at trial on the issues identified below:

## **MOTIONS IN LIMINE**

The purpose of a motion *in limine* is to facilitate pre-trial rulings to streamline the trial proceedings:

> A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). "The purpose of a motion *in limine* is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury." *Singh v. Caribbean Airlines Ltd.*, No. 13-20639-CIV, 2014 U.S. Dist. LEXIS 118559, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28, 2014) (citation omitted).

*Losch v. Experian Info. Sols., Inc.*, 2022 U.S. Dist. LEXIS 230183, at *4 (M.D. Fla. May 17, 2022)

## **EVIDENTIARY STANDARDS**

Determining whether to exclude evidence involves analyzing whether it is relevant and admissible; otherwise, the irrelevant evidence must be excluded:

> "Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *Ctr. Hill Cts. Condo. Ass'n v. Rockhill Ins. Co.*, No. 19-cv-80111, 2020 WL 496065, at *2 (S.D. Fla. Jan. 30, 2020) (citing Fed. R. Evid. 401, 402). "The standard of probability under the rule is more probable than it would be without the evidence." Advisory Comm. Notes, Fed. R. Evid. 401 (cleaned up). "[I]rrelevant evidence is never admissible." *Mohammed v. GHX Global Healthcare Exchange Inc.*, No. 21-10108, 2022 WL 1615925, at *1 (11th Cir. May 23, 2022) (citing Fed. R. Evid. 402). "If the evidence has no bearing on the issue in civil cases, it [is] obviously irrelevant." *FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1531 (11th Cir. 2016) (cleaned up).
>
> "A district court may exclude relevant evidence under Rule 403 [of the Federal Rules of Evidence] if 'its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.'" *Doe v. Miami Gardens Square One, Inc.*, No. 23-cv-23497, 2025 WL 246253, at *2 (S.D. Fla. Jan. 20, 2025) (citing Fed. R. Evid. 403). Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). The major function of Rule 403 "is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]" *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (cleaned up).

*Bobadilla v. Uoi Grp., Inc.*, 2025 U.S. Dist. LEXIS 264060, at *2-3 (S.D. Fla. Apr. 23, 2025). Like irrelevant evidence, hearsay must also be excluded unless it fits within a recognized exception. *See generally*, *Zaben v. Air Prods. & Chems.*, 129 F.3d 1453, 1456 (11th Cir. 1997).

## STIPULATED ISSUES[1]

**(A)** **<u>Attorneys' Fees.</u>** There will be no evidence, arguments, references, or inferences at trial regarding attorneys' fees and costs.

---

[1] As memorialized in ¶7.a. of the Joint Pretrial Stipulation. [ECF No. 58 at 5].

**(B)** **<u>Liquidated Damages.</u>** There will be no evidence, arguments, references, or inferences that Mr. Cardenas could recover liquidated (double) damages if he were to prevail at trial and/or if the jury awarded him back wage damages.

**(C)** **<u>Surprise Documents.</u>** There will be no evidence, arguments, references, or inferences at trial involving documents not timely disclosed/produced in discovery.

**(D)** **<u>Child Support.</u>** The parties agreed that there will be no evidence, arguments, references, or inferences at trial regarding any child support or court-ordered financial obligations (actual or alleged) imposed on any party.

**(E)** **<u>Immigration Status.</u>** The parties agreed there will be no evidence, arguments, references, or inferences at trial regarding any party's immigration status or when any party became a U.S. citizen.

**(F)** **<u>Financial Hardship/Small Business.</u>** The parties agreed there will be no evidence, arguments, references, or inferences at trial that Defendants would have a hard time satisfying any judgment/damages, that they could not pay any judgment/damages awarded, or that they are a "small" or "family business".

**(G)** **<u>Bad Credit.</u>** The parties agreed there will be no evidence, arguments, references, or inferences at trial that Mr. Cardenas has or had "bad credit". (*See* Depo. M. Prado I at 22:14 - 23:14 as [ECF No. 41]).

## DISPUTED ISSUES

**(A)** **<u>Mr. Cardenas's Daughter and Purported Work Constraints</u>.**

1. Mr. Cardenas is concerned that Defendants may testify, argue, or infer that he was not, or could not, work the days and hours claimed (on Saturdays) because he "had," had custody

of, and/or had to care for his daughter. (*See* Depo. M. Prado II at depo p. 35:1-12 as [ECF No. 40 at 35]).[2]

2. Mr. Cardenas requests the Court to preclude Mateo Prado and Fernando Ivan Prado from testifying about any responsibilities they claim or believe Mr. Cardenas had regarding his daughter under Fed. R. Evid. 602 <u>because they lack personal knowledge</u> of Mr. Cardenas' custody arrangements or caretaking responsibilities (for his daughter).

    a. Neither Mateo Prado nor Fernando Ivan Prado personally observed Mr. Cardenas exercising custody or caretaking responsibilities for his daughter, and so any testimony they offered on this subject would not be based on their own perception. *But see* Fed. R. Evid. 701.

    b. Any testimony from Mateo Prado or Fernando Ivan Prado on this topic would not be based on personal observation but on speculation, conjecture, hearsay, or sources other than direct observation.

3. Mr. Cardenas requests the Court to preclude Mateo Prado and Fernando Ivan Prado from testifying about any responsibilities they claim or believe Mr. Cardenas had regarding his daughter because their testimony would constitute <u>inadmissible hearsay</u>.

    a. Federal Rules of Evidence 801 and 802 preclude a party from offering or serving as a conduit for inadmissible hearsay.

    b. Mr. Cardenas did not provide any indication or manifestation that he made or agreed with the statement that his work, availability to work, or when he worked

---

[2] Mr. Cardenas denied being unable to work because of having to take care of his daughter, testifying "…I used to work every Saturday, and up until six months ago -- six months before, that's when he said that he was going to give me a Saturday off." [ECF No. 56-1 at 42:7-17].

was at all impacted by his daughter or having to care for her, such that the statement cannot be attributed to him as a statement against interest. *See* Fed. R. Evid. 801(d)(2).

4. Consequently, Mr. Cardenas requests the Court to enter an Order precluding Mateo Prado or Fernando Ivan Prado from any testimony, argument, or inference about being unable to work because of any responsibilities he had for his daughter for the reasons set forth above.

**(B)   Mr. Cardenas's Work Or Work Activities After June 21, 2024.**

5. Mr. Cardenas alleged in the Complaint that he was not paid the overtime wages he earned through June 21, 2024. [ECF Nos. 1 at ¶20].

6. The parties agreed that Mr. Cardenas's overtime claim related to work performed (or that he claims to have performed) for them between September 23, 2021, and June 21, 2024. (to June 21, 2024); and 58 at 3.][3]

7. Thus, the trial of this case will address the parties' conduct **up to July 21, 2024**.

8. Based on deposition testimony that defense counsel elicited from Mateo Prado in this case (Depo. M. Prado II at depo p. 44:9 – 48:18 as [ECF No. 40 at 46-50], Mr. Cardenas is concerned that Defendants will attempt to introduce evidence or make arguments, references, or inferences at trial to events that occurred after June 21, 2024, such as Mr. Cardenas missing "over a month" of work for them while he was paid by Defendants working for a Mayor Cars.

(i) Events after June 21, 2024 as irrelevant, confusing, and more prejudicial than probative.

9. Mr. Cardenas requests that the Court preclude any evidence, argument, or

---

[3]   Mr. Cardenas filed the initial Complaint on September 23, 2024, allowing him to pursue a claim for overtime for the preceding three years if the violation was willful. *See* 29 U.S.C. §255.

inferences relating to work he (supposedly) performed after June 21, 2024, as irrelevant, confusing, and more prejudicial than probative.

10. As the Eleventh Circuit Court of Appeals summarized regarding relevant evidence in *United States v. Akwuba*:

> Only relevant evidence is admissible at trial. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

7 F.4th 1304, 1314 (11th Cir. 2021)

11. Evidence regarding any work Mr. Cardenas may have performed after June 21, 2024, including for Mayor Cars, is not relevant to the pending claim for overtime wages because Ms. Cardenas ceased actively working for the Defendants on June 21, 2024, when he suffered a work-related injury that morning. *See Watts v. Club Madonna, Inc.*, 2018 U.S. Dist. LEXIS 247766, at *9 (S.D. Fla. July 9, 2018) (granting motion in limine seeking to exclude "all evidence of [plaintiff's] post-employment actions or subsequent employment must be excluded as irrelevant.")

12. Furthermore, Evidence regarding Mr. Cardenas's working for Mayor Cars on or after June 21, 2024, is not relevant to the pending claim for overtime wages because Ms. Cardenas does not claim to have worked overtime on or after that week.

13. Mr. Cardenas is concerned that Defendants will attempt to introduce evidence that Mr. Cardenas began working for Mayor cars, which is not probative as to whether Plaintiff worked overtime for Defendant and whether those hours were lawfully compensated, to attack Plaintiff's character, credibility, and personal conduct which poses a significant risk of unfair prejudice by encouraging the jury do decide the case based on bias.

14. To the extent Defendants would seek to introduce this evidence to attack Mr. Cardenas's character, it would be inadmissible on this basis under Fed. R. Evid. 404 and 405, unless he first offers evidence of good character. *Ramirez v. OMBS Sec. Sys. LLC*, 2021 U.S. Dist. LEXIS 210761, at *20-21 (S.D. Fla. Aug. 20, 2021) ("Accordingly, the Court GRANTS Plaintiff's Motion to the extent it seeks an order in limine seeking to exclude evidence regarding Plaintiff's previous or subsequent employment history and post-employment actions to attack Plaintiff's character.")

15. Even if such evidence had minimal relevance, it should be excluded under Fed. R. Evid. 403 because any reference or evidence about work Mr. Cardenas performed after June 21, 2024, for Mayor Cars or otherwise would be irrelevant, more prejudicial than probative, tend to confuse the jury, and be based on inadmissible hearsay.

16. Pursuant to Fed. R. Evid. 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

(ii) <u>When Mr. Cardenas was at Mayor Cars, and what he did/why he was there.[4]</u>

17. Defendants cannot offer any admissible evidence to support their theory that Mr. Cardenas was working at Mayor Cars after June 21, 2024, but instead rely on speculation and conjecture, which should be prohibited.

18. Mateo Prado testified in deposition that he drove by Mayor Cars four or five times after June 21, 2024, and saw Mr. Cardenas's parked in front of Mayor Cars. (Depo. M. Prado I at

---

[4] If the Court were to preclude Defendants from addressing matters occurring after June 21, 2024, this issue would become moot.

44:6 – 45:2 as [ECF No. 40 at 46-47]).

19. Mateo Prado went on to concede that he did not know how long Mr. Cardena's car had been at Mayor Cars on any occasion, further testifying that he saw Mr. Cardena's car there "randomly at different hours in a day." *Id.*, at 46: 3-7.

20. Mateo Prado also testified that he did not know what Mr. Cardenas was doing at Mayor Cars – whether working or visiting with a friend. *Id.*, at 46: 8-11: "No."

21. While Mateo Prado could testify based on firsthand knowledge that he saw Mr. Cardenas's care at Mayor Cars four or five times, as above, he should be precluded from offering conjecture or speculating that Mr. Cardenas was at Mayor Cars on other days, or what Mr. Cardenas was doing while he/his car was at Mayor Cars on those four or five days. *See* Fed. R. Evid. 601.

(iii) <u>Hearsay is not a proper basis for claiming Mr. Cardenas worked at Mayor Cars.</u>

22. Defendants may also try to introduce evidence, argue, or infer to the jury that Mr. Cardenas was working for Mayor Cars after June 21, 2024, based on conversations purportedly held with Marcio Goncalves and others who will not testify at trial, thereby relegating these conversations to textbook hearsay.

23. Mateo Prado testified that he was "told by multiple people" that Mr. Cardenas was working for Mayor Cars after June 21, 2024, but did not elaborate on conversations he had with anyone besides Marcio Gonzalez. (Depo. M. Prado II at 44:18 – 45:2 as [ECF No. 40 at 46-47]).

24. Mateo Prado testified that he spoke with Marcio Goncalves, the owner of Mayor Cars, about Mr. Cardenas. (Depo. M. Prado I at 33:22 – 35:6 as [ECF No. 41 at 35-37]).

25.     Mateo Prado attributed Marcio Gonzalez as saying that Mr. Cardenas was at Mayor Cars because "he was doing work on his cars." . (Depo. M. Prado II at 46:8 – 11 as [ECF No. 40 at 48]).

26.     As above, Defendants may seek to introduce statements or conversations had by others, despite the prohibition against allowing hearsay at trial. *See* Fed. R. Evid. 803.

27.     Neither party disclosed Marcio Goncalves or anyone else on behalf of Mayor Cars as testifying at the trial of this case in their Witness Lists [ECF Nos. 58-2, 58-4], such that the Defendants should not be allowed to introduce inadmissible hearsay to establish when Mr. Cardenas was at Mayor Cars or what he was doing there after June 21, 2024. Fed. R. Civ. Evid. 801, 802, 803.

28.     Likewise, Defendants should not be able to testify at trial about conclusions (i.e., offering speculation or conjecture) about when Mr. Cardenas was at Mayor Cars or what they claim (or understand) he was doing at Mayor Cars based on hearsay.

**(C)     Wages Defendants Paid Mr. Cardenas After June 21, 2024.**

29.     Defendants first indicated that they may seek to introduce evidence, argue, or draw inferences that Mr. Cardenas was overpaid based on their paying him for one additional month after he suffered his work-related injuries on June 21, 2024, in their Response to Plaintiff's Motion in Limine. [ECF No. 55 at 5].

Defendants never pled and so waived the affirmative defenses of overpayment/setoff.

30.     The Court should preclude Defendants from raising any issue related to overpayment because they waived any defense(s) related to setoff or overpayment by not pleading any such affirmative defense. [*But see* ECF No. 9 at 3-5]. *Nicopior v. Moshi Moshi Palm Grove, Ltd. Liab. Co.*, 375 F. Supp. 3d 1278, 1284 (S.D. Fla. 2019) (discussing "set-off as an affirmative defense," its

limited application to FLSA claims, and striking the defense because "the only purpose that the affirmative defenses can serve is to reduce Plaintiffs' recovery below the statutory minimum.")

No evidence of an overpayment.

31. Defendants did not provide an "overpayment" of wages to Mr. Cardenas, as they claimed that he was "still employed and being paid by [Defendants]" after June 21, 2024. (Depo. M. Prado II at 48:13-18 as [ECF No. 40 at 50]).

32. Fernando Ivan Prado testified that Defendants continued to pay Mr. Cardenas after June 21, 2024, because they customarily paid him when he was sick or missed work – not because they overpaid him. (Depo. F. Prado at 19:17 – 20:1 as [ECF No. 39 at 21-22]).

33. There is no testimony or evidence that Defendants overpaid Mr. Cardenas, mistakenly paid him, or were unaware that he was not working for them after June 21, 2024; rather, the testimony was *that Defendants knew* Mr. Cardenas "missed all of the work for those six weeks" after he suffered his injury on June 21, 2024. (Depo. M. Prado II at 45:15-23 as [ECF No. 40 at 47]).

34. Consequently, Defendants cannot legitimately argue (and cannot provide any supporting authority) to advance a defense that their payment of wages after June 21, 2024, had any conditions attached or was an overpayment.

35. Therefore, in light of the foregoing, any testimony, evidence, argument, or inference about the wages paid to Mr. Cardenas after June 22, 2024, like his work after June 21, 2024, would be irrelevant, more prejudicial than probative, and tend to confuse the jury.

Collateral estoppel.

36. Defendants are collaterally estopped from claiming any "overpayment" or "setoff" in this case due to the findings made in the workers' compensation proceedings.

37. "[F]ederal courts considering whether to give preclusive effect to state court judgments must apply the State's law of collateral estoppel. *Vazquez v. Metro. Dade Cty.*, 968 F.2d 1101, 1106 (11th Cir. 1992). "In Florida, the doctrine of collateral estoppel bars relitigation of the same issues between the same parties in connection with a different cause of action." *Topps v. State*, 865 So. 2d 1253, 1255 (Fla. 2004).

38. As applied herein, the Administrative Law Judge in the workers' compensation case Mr. Cardenas brought against PAW found that Mr. Cardenas was incapacitated for six weeks, entitling him to six weeks of wages under the workers' compensation scheme, but awarded Mr. Cardenas only two weeks of wages (at the workers' compensation rate) after crediting the Defendants for the month of wages they paid Mr. Cardenas. [ECF No. 67-1].

39. Thus, the Defendants cannot properly receive a credit against wages owed in the workers' compensation matter for the month of wages they paid Mr. Cardenas and then receive a double/further credit in this case by considering that month of wages as an "overpayment".

40. Mr. Cardenas is prejudiced by Defendants' improper attempt to inject into this case the issue of "setoff" or "overpayment" after the close of discovery, when they failed to plead it as an affirmative defense.

41. Had Defendants pled this defense (timely) instead of raising it in response to the motion in limine, Mr. Cardenas could have pursued additional discovery necessary to more fully develop this issue, including by seeking to address Defendants' refusal to allow discovery related to the workers' compensation claim, payments thereon, and the termination of Mr. Cardenas's employment in discovery in this case. But, because there was no pending issue related to Defendants' continuation of Mr. Cardenas's salary after June 21, 2024, Mr. Cardenas did not bring to the Court's attention the instruction not to permit inquiry at the deposition of Mateo Prado

regarding what occurred as between Mr. Cardenas and the Defendants from June 21, 2024, through the Defendants' termination of Mr. Cardenas's employment. [ECF No. 40 at 49-50].

**(D)** **Speculative Testimony And Presumptions Offered By Defendants**

42. Mr. Cardenas requests that the Court preclude Defendants from testifying, introducing evidence, arguing, or drawing inferences not based on personal knowledge on the topics/issues further identified below:

(i) When Mr. Cardenas started working, took breaks, or stopped working each day.

### *Start times/arrival*

43. Defendants have no records of when Mr. Cardenas started working, took breaks, or stopped working each day.

44. Fernando Ivan Prado lacks personal knowledge of when Mr. Cardenas started working, testifying that Mr. Cardenas arrived before him: "Before me, yes." (Depo. F. Prado at 17:12 – 22 as [ECF No. 39 at 18]).

45. Fernando Ivan Prado lacks personal knowledge of Mr. Cardenas's work routine upon arrival as well, testifying "I didn't know his routine exactly because I would arrive afterwards." (Depo. F. Prado at 18:14 – 17 as [ECF No. 39 at 19]).

### *Breaks*

46. When asked about Mr. Cardenas taking lunch breaks, Mateo Prado testified that Mr. Cardenas could take an hour for lunch but did not "know when it was he was taking this hour or not…" that he was "…assuming he's taking his hour…" but "Didn't really keep track…" (Depo. M. Prado II at 33:13 – 34:5 as [ECF No. 40 at 46-47]).

47.

**(E)** **Mr. Cardenas Was Planning To Sue Defendants.**

48. Mr. Cardenas requests the Court to preclude Defendants from testifying, introducing evidence, arguing, or drawing inferences that he was planning to sue or bring a claim against the Defendants before June 21, 2024.

49. There is no admissible evidence that Mr. Cardenas planned to sue the Defendants or bring any type of claim against them before being injured at work on June 21, 2024.

50. Mateo Prado testified that Pamela, Mr. Cardenas's roommate/girlfriend, told his Fernando Ivan Prado that Mr. Cardenas was planning to the Defendants before he suffered his workplace accident on June 21, 2024. (Depo. M. Prado I at 12: 2 - 16:22 as [ECF No. 41 at 14-16]).

51. Even if this testimony were to be given by Fernando Ivan Prado at trial, it would still constitute inadmissible (double) hearsay.

   a. The first layer of hearsay would be the statement from Mr. Cardenas to Pamela.

   b. The second layer of hearsay would be from Pamela to Fernando Ivan Prado.

52. Courts exclude double hearsay as inadmissible. *Williams v. Consol. City of Jacksonville*, 2006 U.S. Dist. LEXIS 8257, at *34 (M.D. Fla. Feb. 8, 2006) ("The City's motion in limine to exclude this testimony is granted; the testimony is inadmissible double hearsay.") (citing *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1359 n.1 (11th Cir. 1999)).

53. But if offered by Mateo Prado, it would add a third layer of hearsay.

54. Under any scenario, any statement attributable to Mr. Cardenas about any plans to sue, file a lawsuit, or bring claims against Defendants would be inadmissible hearsay unless Mr. Cardenas made the statement to one of the Defendants (which is not the case here).

55. Allowing the Defendants to inject the issue that Mr. Cardenas planned to sue or bring a claim against Defendants before June 21, 2024, would also improperly inject an irrelevant

issue into this case that would likely confuse the jury and unfairly prejudice Mr. Cardenas, further supporting the Court's exclusion of this evidence or argument at trial.

**(F)** **Any Concurrent Work Mr. Cardenas Performed While Employed By Defendants Through June 21, 2024.**

56. Mr. Cardenas is concerned that Defendant will attempt to introduce evidence, arguments, or infer at trial that Mr. Cardenas performed work for others up to June 21, 2024.

57. For evidence to be admissible at trial, it must be relevant. See Fed. R. Evid. 401, 402.

58. Mr. Cardenas only claims he performed work for Defendants at their dealership or at Fernando Ivan Prado's home from Monday to Friday, 10:00 a.m. to 6:00/6:30 p.m., and on Saturdays from 10:00 a.m. to one or 1:30 p.m. (Depo. Cardenas at 31:1-3; and 43:16 - 44:1 as [ECF No. 56-1 at 32, 44-45]).

59. Evidence of any concurrent employment or independent contractor work Mr. Cardenas performed outside of the hours at issue would be irrelevant and not tend to prove or disprove, but would result in unnecessarily extending the trial with evidence solely intended to confuse the jury with this sideshow.

60. What Mr. Cardenas was doing outside of the days/hours he claimed to have worked would not address any issue in dispute in this case nor tend to prove or disprove any fact in dispute.

    a. No claim for on-call time. *Compare Buzzell v. Fla. Keys Ambulance Serv.*, 2023 U.S. Dist. LEXIS 13875, at *5 (S.D. Fla. Jan. 25, 2023) (after-hours activities relevant to claim for on-call time);

      b. No dispute that Defendants employed Mr. Cardenas. *Compare Su v. Medi-Wheels of the Palm Beaches, Inc.*, 2024 U.S. Dist. LEXIS 55980, at *15 (S.D. Fla. Mar. 28, 2024) (after-hours activities relevant to determination of employment status) (citing *Solis v. A+ Nursetemps, Inc.*, 2013 U.S. Dist. LEXIS 49595, 2013 WL 1395863, at *7 (M.D. Fla. Apr. 5, 2013).

61. Defendants cannot, however, tie what Mr. Cardenas did outside the days and hours claimed to any issue in this case, thereby rendering those activities irrelevant.

62. Pursuant to Fed. R. Evid. 403, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

63. Evidence of concurrent employment or independent contractor work is more prejudicial than probative and likely to confuse jury as they are separate from the overtime claims at issue, especially considering that our legal system embraces people being industrious through such concepts (although inapplicable herein) as mitigation of damage and gig workers (as independent contractors).

64. Plus, courts have held that earnings from a moonlighting job are not deductible from a back pay award where the claimant could have held both positions. In such circumstances, the outside job is not considered a substitute for the lost work:

> "If the claimant can hold both the moonlighting job and the position the claimant was denied, then the earnings from the moonlighting job are not interim earnings and they are not deducted from the back pay award. *Lilly v. City of Beckley*, 615 F. Supp. 137 (S.D.W. Va. 1985))."

*Champion Int'l Corp. v. Wideman*, 733 So. 2d 559, 563 (Fla. 1st DCA 1999)

65. Mr. Cardenas is concerned that the jury would be prejudiced upon receipt of information regarding concurrent employment and independent contractor work and that it could influence the jury's decision about how much to award to Mr. Cardenas.

WHEREFORE, Plaintiff, Misael Cardenas Rico, requests that the Court enter an Order *in limine* in accordance with the foregoing motion.

## RULE 7.1 CERTIFICATION

Counsel for the movants conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, by exchanging numerous emails. The parties ***agreed*** to the issues identified above and ***disagreed on the remaining issues*** contained in the foregoing Motion.

Dated this 13th day of March 2026.

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq. (174742)
        brian@fairlawattorney.com
        **FAIRLAW FIRM**
        135 San Lorenzo Avenue
        Suite 770
        Coral Gables, FL 33146
        Tel:   305.230.4884
        *Counsel for Plaintiff*