UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-23654-RUIZ/LOUIS

MISAEL CARDENAS RICO,

    Plaintiff,

vs.

PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND
MATEO PRADO,

    Defendants.
_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE

Plaintiff, Misael Cardenas Rico ("Mr. Cardenas"), responds to the Motion in Limine filed by the Defendants and requests that the Court deny it based on the following good cause:

**A.** **Fernando Ivan Prado's Prior Convictions.**

This case will be one in which the jury's decision is based largely on their evaluation of the parties' testimony. Defendants did not make or maintain records of when Mr. Cardenas started or stopped working each day. Other than the pay records about which there is no dispute (through June 21, 2024), the only other "document" will be the running one Defendants claim to have kept identifying the days Mr. Cardenas was not at work. Consequently, the jury's decision is likely to hinge on the parties' credibility on significant issues impacting this case.

Defendants seek to exclude evidence that Fernando Ivan Prado was convicted of multiple crimes involving dishonesty/false statement. [ECF No. 82]. However, their position is not supported by the facts, the procedural history of this case, or the law.

Initially, Fernando Ivan Prado denied having been convicted of any crime in response to Interrogatory No. 2. (Exhibit "A"). Then, when questioned in his deposition about whether he had been convicted of any crimes involving false statements or dishonesty, Fernando Ivan Prado claimed to be unaware of the nature of his convictions. (Exhibit "B"). Either circumstance – the denial and failure to admit his prior conviction – would be sufficient for the Court to allow the evidence in, as he was dishonest about his prior convictions for dishonesty, compelling admission. Moreover, given the importance the jury is likely to place on the parties' credibility, it would be important for the jury to consider testimonial and other evidence that Fernando Ivan Prado was adjudicated guilty of several crimes involving dishonesty and/or false statements. (Exhibit "C"). Given the nature of the crimes of which Fernando Ivan Prado was convicted, Rule 609(a)(2) requires admissibility. But, the inquiry does not end there because

Mr. Cardenas started working for the Defendants in 2013, just ***four years*** after Fernando Ivan Prado was convicted of fraud, and a year after his probation ended.

Evidence of Fernando Ivan Prado's criminal convictions related to mortgage fraud is relevant because it not only demonstrates his disregard for the law but also shows his disregard for the accuracy of official documents. Applied to this case, such evidence pertains to the accuracy of the dates when the Defendants claim Mr. Cardenas did not work and the document they assert to have created reflecting those dates.

Court have found it appropriate to allow the jury to hear evidence of relevant, prior criminal convictions, despite remoteness in time, when the facts of the case are dependent on the parties' respective credibility.

> In this case, Plaintiff Hamilton's truthfulness and credibility are directly at issue. Notably, Mr. Lanier cannot testify on his own behalf, and, therefore, Plaintiff Hamilton is the only party available to testify as to what happened between her and Mr. Lanier. Although more

> than ten years has elapsed from the date of Plaintiff Hamilton's release from confinement, the Court finds her conviction for making false statements is likely to be highly probative of her truthfulness. *See Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1320 n.14 (11th Cir. 2019) ("The district court properly permitted the defendants significant cross-examination regarding [the witness's] perjury convictions, as allowed by Federal Rule of Evidence 609(b) where the witness was convicted and released from confinement more than 10 years earlier."). In addition, Plaintiff Hamilton's conviction for conspiracy to commit armed robbery is necessary to give context to her conviction for making false statements. Plaintiff Hamilton made false statements about her involvement in the conspiracy. The Court notes, however, that the scope of Plaintiff Hamilton's conspiracy conviction may be limited at trial.
>
> Finally, Plaintiff Hamilton's prior convictions have little similarity to her current claims pursuant to the Fair Housing Act. This distinction lowers "the risk of the jury using the evidence for something other than impeachment." *Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 902 (7th Cir. 2019). It is the Court's opinion, therefore, that Plaintiff Hamilton's prior convictions are admissible because their probative value substantially outweighs their prejudicial effect.

*Hamilton v. Lanier*, 464 F. Supp. 3d 1379, 1382 (S.D. Ga. 2020). For the issues in this case, the jury should be able to consider evidence that Fernando Ivan Prado denied being charged with – let alone convicted of – multiple crimes of dishonesty/false statement in his Answers to Interrogatories and then claiming to be unaware of the nature of those charges in his deposition, as above.

B. **Other Lawsuits or Claims Involving Mr. Cardenas.**

Mr. Cardenas does not intend to offer as direct evidence that he brought any other case or claim against the Defendants, or the results of any other case or claim. In fact, Mr. Cardenas agrees that the Court should preclude all parties from offering any evidence or argument regarding what occurred between them on or after June 21, 2024, which was the day Mr. Cardenas suffered his work-related injuries.[1] Mr. Cardenas maintains that the relevant facts are those relating to the events occurring through June 21, 2024.

---

[1] Mr. Cardenas requested that the Court exclude evidence that the Defendants continued to pay him after that date or the effects of those payments. [ECF No. 83].

Mr. Cardenas's disagreement is with the Defendants' attempt to preclude him from using any testimony obtained from Mato Prado or Fernando Ivan Prado in the workers' compensation case ***for impeachment purposes***. Stated differently, Mr. Cardenas does not agree to be precluded from impeaching either of the individual Defendants with their prior testimony, if and when appropriate, given in the workers' compensation case.

To be clear, Mr. Cardenas does not intend to offer direct evidence of any collateral proceedings, but he cannot agree to refrain from identifying the circumstances under which any prior, conflicting testimony was given or to not use such prior testimony if it conflicts with their trial testimony in this case.

Dated this 16th day of March 2026.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*
