## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-CV-23654-RAR

**MISAEL CARDENAS RICO**,

Plaintiff,

v.

**PERFORMANCE AUTO WHOLESALERS LLC,
FERNANDO PRADO, AND MATEO PRADO,**

Defendants.

_____/

### <u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## **The Duty to Follow Instructions – Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Consideration of Direct and Circumstantial Evidence;
<u>Argument of Counsel; Comments by the Court</u>**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. However, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## **Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of
Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## **Responsibility for Proof – Plaintiff's Claim – Preponderance of the Evidence**

In this case, it is the responsibility of the Plaintiff, Misael Cardenas Rico, to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's, Misael Cardenas Rico, claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff, Misael Cardenas Rico.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's, Misael Cardenas Rico's claim by a preponderance of the evidence, you should find for the Defendants, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, as to that claim.

**<u>Fair Labor Standards Act – 29 U.S.C. §§ 201 *et seq.*</u>**

In this case, Misael Cardenas Rico claims that his employers, Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, did not pay him the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim against Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, Misael Cardenas Rico must prove each of the following facts by a preponderance of the evidence:

*First*: Misael Cardenas Rico was an employee of Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado, and was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce—to which the Defendants stipulate; and

*Second*: Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to pay Misael Cardenas Rico the overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

*Overtime Claim*: The FLSA requires employers to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one

workweek, the employers must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work. A "workweek" is a regularly occurring period of seven days or 168 hours—seven consecutive 24-hour periods. Each workweek stands alone. Even if Misael Cardenas Rico worked more than 40 hours in one workweek and less than 40 hours in another, the law does not allow averaging the hours over two or more workweeks. For example, if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for any overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the two weeks is 40. The phrases "hours worked" and "time worked" include all time spent on activities controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and the employer's business. Such time constitutes "time worked" or "hours worked" if the employer knew or should have known of the overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours Misael Cardenas Rico's weekly salary was intended to compensate. To calculate how much overtime pay was owed to Misael Cardenas Rico for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime

rate. Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to pay Misael Cardenas Rico the required pay if they paid him less than that amount.

The amount of damages is the difference between the amount Misael Cardenas Rico should have been paid and the amount he was actually paid. Misael Cardenas Rico is entitled to recover lost wages from the date of your verdict back to no more than two years before he filed this lawsuit, which was on September 23, 2024, unless you find that the Defendants either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct, then Misael Cardenas Rico is entitled to recover lost wages from the date of your verdict back to no more than three years before he filed this lawsuit, which was on September 23, 2024.

*Inadequate Records*: The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, Misael Cardenas Rico claims that Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to keep and maintain adequate records of his hours and pay. Misael Cardenas Rico also claims that Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado's failure to keep and maintain adequate records has made it difficult for Misael Cardenas Rico to prove the exact amount of his claim.

Page **9** of **15**

If you find that Performance Auto Wholesalers LLC, Fernando Prado, and Mateo Prado failed to keep adequate time and pay records for Misael Cardenas Rico and that Misael Cardenas Rico performed work for which he should have been paid, Misael Cardenas Rico may recover a reasonable estimation of the amount of his damages. But to recover this amount, Misael Cardenas Rico must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

## **Work**

Permitting an employee to engage in an activity is considered "work" under the FLSA. If the employers know or have reason to believe the work is being performed, the time must be counted as hours worked—even if the work was not requested, occurred outside scheduled shifts, or happened away from the worksite or at home.

## Rest Time and Meal Time

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked.

Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks.  These are rest periods.  The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating

## **<u>Willfulness</u>**

To establish that the Defendants willfully violated the FLSA, Mr. Cardenas Rico must prove that the Defendants either knew that their conduct was prohibited by the FLSA or showed reckless disregard about whether it was. The Defendants willfully violated the FLSA if they should have inquired as to whether their actions violated the FLSA but failed to do so.  The word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional."  The Defendants' conduct must be more than merely negligent.  Reckless disregard of the requirements of the FLSA means, among other situations, that the employer should have inquired further into whether its conduct was in compliance with the FLSA.

### **Election of Foreperson; Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.  I will explain it to you at this time.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**<u>Duty to Deliberate</u>**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. You must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.